Robert R. Pohls (California Bar #131021)
**POHLS & ASSOCIATES**
12657 Alcosta Boulevard, Suite 150
San Ramon, California  94583
Telephone:  (925) 973-0300
Facsimile:  (925) 973-0330

Attorney for Defendant **State Farm
Mutual Automobile Insurance Company**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN SUKIN,<br><br>          Plaintiff,<br><br>     vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM INSURANCE COMPANIES, THE COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE and DOES 1-50, inclusive,<br><br>          Defendants. | Case No. C07-2829-JCS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>DATE:          July 9, 2007<br>TIME:          10:00 a.m.<br>COURTROOM: A (Mag. Judge Spero) |

### I.     INTRODUCTION.

Defendant State Farm Mutual Automobile Insurance Company (also erroneously sued herein as defendant State Farm Insurance Companies and hereinafter referred to as "State Farm") seeks an order dismissing all of plaintiff's claims against it because they are barred by the applicable statutes of limitation.

Plaintiff's complaint also contains judicial admissions which conclusively establish that his breach of contract claim involves no justiciable controversy.  In addition, plaintiff's intentional infliction of emotional distress claim is based upon alleged conduct was privileged and, for that reason, is untenable.

1   Although it does not directly affect the merits of this motion, plaintiff's claim against the

2   Commissioner of the California Department of Insurance similarly is untimely and untenable.

3   State Farm therefore respectfully requests that plaintiff's complaint be dismissed in its entirety

4   and with prejudice.

5

6   ## II.    STANDARD FOR MOTION TO DISMISS.

7       Pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, a motion to dismiss

8   may be filed when the complaint "fail[s] to state a claim upon which relief can be granted."  A

9   motion to dismiss under *Federal Rule of Civil Procedure* 12(b)(6) "tests the legal sufficiency of

10  a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Under Rule 12(b)(6), "unless it

11  appears beyond a doubt that plaintiff can prove no set of facts in support of [his or] her claim

12  which would entitle [him or] her to relief, " a motion to dismiss must be denied.  *Lewis v.*

13  *Telephone Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996) (citation omitted); *see*

14  *also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

15      A statute of limitation defense may be raised on a motion to dismiss or a motion for

16  summary judgment.  *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).  "If the

17  running of the statute is apparent on the face of the complaint, the defense may be raised by

18  a motion to dismiss."  *Id.*

19      It is apparent on the face of plaintiff's complaint that all of plaintiff's claims against State

20  Farm are barred by the applicable statutes of limitation.  It also is apparent on the face of the

21  complaint that no justiciable controversy exists in connection with plaintiff's breach of contract

22  claim, and that plaintiff's intentional infliction of emotional distress claim is untenable.

23  Accordingly, State Farm's motion to dismiss should be granted.

24

25  ## III.    ALL OF PLAINTIFF'S CLAIMS AGAINST STATE FARM ARE
26  BARRED BY THE APPLICABLE STATUTES OF LIMITATION.

27      Each and every one of plaintiff's purported claims against State Farm is barred by the

28  applicable statutes of limitation.  Each of those claims therefore must be dismissed.

**A.  Plaintiff's Breach of Contract Claim is
Barred by the Four-Year Statute of Limitation.**

California *Code of Civil Procedure* Section 337 requires that all actions upon contracts founded upon an instrument in writing be filed within four years from the date of breach.  Cal. *Code Civ. Proc.* §337.  The Ninth Circuit recently applied that four-year limitation to actions on written contracts to recover disability benefits.  *Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program*, 222 F.3d 643, 648 (9th Cir. 2000).

Plaintiff alleges in his complaint that State Farm breached the contract on March 18, 2003 when it denied his claim for disability benefits.   *Complaint*, ¶¶13 and 34.  Those allegations constitute judicial admissions which conclusively establish the date on which the alleged breach occurred and, in turn, the date on which the period of limitation began to run. *Love v. Fire Insurance Exchange*, 221 Cal.App.3d 1136, 1143 (Ca. App. 4 Dist. 1990) ["[T]he statute of limitations commences when a party knows or should know the facts essential to his claim."]*;* See also, *Badell v. Celtic Life Insurance Company*, 159 F.Supp.2d 1186, 1192 (N.D. Cal. 2001) ["[A] statute of limitations begins to run after the cause of action has accrued.  'The cause of action ordinarily *accrues* when, under the substantive law, the wrongful act is done *and the obligation or liability arises*, i.e., when a suit may be brought.'"].  Plaintiff did not file this complaint, however, until April 20, 2007 -- more than four years after that alleged breach. Plaintiff's breach of contract claim therefore is time-barred and must be dismissed.  *Id.*; *Jablon, supra.*, 614 F.2d at 682-683.

**B.  Plaintiff's Bad Faith Claim is Barred by
the Applicable Statutes of Limitation.**

California courts have recognized that actions based on the implied covenant of good faith and fair dealing constitute a hybrid-type claim that sounds in both contract and tort. *Fraizer v. Metropolitan Life Insurance Company*, 169 Cal.App.3d 90, 100 (Cal.App. 2 Dist., 1985); *see also McDowell v. Union Mutual Life Insurance Co.*, 404 F.Supp. 136, 145-147 (C.D. Cal. 1975).  To the extent plaintiff seeks contract damages in connection with that claim,

1   the four-year period of limitations prescribed by California *Code of Civil Procedure* Section

2   337 applies.  *Id.* at 102.  To the extent plaintiff seeks tort damages in connection with that

3   claim, though, a two-year period of limitation applies.  Cal. *Code of Civ. Proc.* §339(1); *Badell,*

4   *supra*, 159 F.Supp.2d at 1191; *see also, Heighley v. J.C. Penny Life Insurance Co. and J.C.*

5   *Penny Co., Inc.*, 257 F.Supp.2d 1241, 1257 (C.D. Cal. 2003) [The statute of limitations for bad

6   faith actions against insurance companies is two years."], citing *Love, supra*, 221 Cal.App.3d

7   at 1144 ["[T]o the extent that plaintiffs seek tort remedies on their claim for breach of the

8   covenant of good faith and fair dealing, the claim is governed by the two-year statute of

9   limitations under section 339."].

10         As explained above, plaintiff alleges that State Farm denied his claim on March 18,

11  2003.  *Complaint*, ¶¶13 and 34.  Plaintiff did not file this complaint until April 20, 2007.  To the

12  extent that plaintiff seeks tort damages, then, his claims are barred by the two-year period of

13  limitation.  *Id.*; Cal. *Code of Civ. Proc.* §339(1).  To the extent that plaintiff seeks contract

14  damages, his claims still are barred by the four-year period of limitation since his complaint

15  was filed more than 4 years after the alleged breach.  Cal. *Code of Civ. Proc.* §337; *Love,*

16  *supra*, 221 Cal.App.3d at 1144.  Plaintiff's bad faith claim therefore is time-barred regardless

17  of which period of limitations applies.

### C. Plaintiff's Intentional Misrepresentation Claim is
### Barred by the Three-Year Statute of Limitation.

20         California *Code of Civil Procedure* bars any claim for fraud that is filed more than three

21  years after the date on which the plaintiff discovered the alleged misrepresentation.  Cal.

22  *Code of Civ. Proc.* §338(d).  That period of limitations begins to run as soon as the plaintiff

23  has actual or constructive knowledge of the facts that constitute the alleged fraud.  *Jablon,*

24  *supra,* 614 F.2d at 682.  *Id.; see also General Bedding Corporation v. Echevarria*, 947 F.2d

25  1395, 1397 (9th Cir. 1991); *Kline v. Turner*, 87 Cal.App.4th 1369, 1374 (Cal. App. 4 Dist.,

26  2001) ["The courts interpret discovery in this context to mean not when the plaintiff became

27  aware of the specific wrong alleged, but when the plaintiff suspected or should have

28  ///

suspected that an injury was caused by wrongdoing.  The statute of limitations begins to run when the plaintiff has information which would put a reasonable person on inquiry."].

The express allegations in the complaint establish that plaintiff discovered State Farm's alleged misrepresentation not later than March 18, 2003.  *See, e.g., Complaint*, ¶¶13 and 34. Those allegations constitute "judicial admissions" which conclusively establish the fact alleged and "have the effect of withdrawing [it] from issue and dispensing wholly with the need for proof of the fact."  *American Title Insurance Company v. Lacelaw Corporation*, 861 F.2d 224, 226 (9th Cir. 1988) (citation omitted).  The express allegations in plaintiff's complaint therefore conclusively establish that plaintiff's claim for intentional misrepresentation is barred by the applicable statute of limitation.  *Jablon, supra,* 614 F.2d at 682; *see also Kline, supra*, 87 Cal.App.4th at 1373 [Action for fraud must be commenced within three years.].

### D.  Plaintiff's Intentional Infliction of Emotional Distress Claim is Barred by the Two-Year Statute of Limitation.

California *Code of Civil Procedure* bars any claim for emotional distress that is filed more than two years after the date in which the injury occurs.  Cal. *Code of Civ. Proc.* §335.1. Again, plaintiff alleges emotional distress damages in his complaint in connection with State Farm's denial of his claim for benefits on March 18, 2003.  *See, e.g., Complaint,* ¶¶13 and 34. Because this lawsuit was filed more than two years after that date, plaintiff's claim for intentional infliction of emotional distress is barred by the statute of limitations.  *Love, supra*, 221 Cal.App.3d at 1143-1144.

### IV. PLAINTIFF'S BREACH OF CONTRACT CLAIM FAILS BECAUSE THERE IS NO JUSTICIABLE CONTROVERSY.

In August 2000, State Farm issued to plaintiff a disability income insurance policy identified as Policy No. HOA476329-05 (the "Policy").  *Complaint*, ¶6, *Ex. A.*  In his complaint, plaintiff alleges that State Farm breached the terms of that Policy by failing to pay him benefits.  *Complaint,* ¶15.  However, plaintiff also concedes in his complaint that State Farm

1  already has paid him those same benefits.  *Id.*  Plaintiff's allegations therefore constitute

2  "judicial admissions" which conclusively establish the fact alleged and "have the effect of

3  withdrawing [it] from issue and dispensing wholly with the need for proof of the fact."

4  *American Title Insurance Company v. Lacelaw Corporation*, 861 F.2d 224, 226 (9th Cir. 1988)

5  (citation omitted).  In other words, the express allegations in plaintiff's complaint conclusively

6  establish that plaintiff's breach of contract claim involves no justiciable controversy and

7  should, for that reason, be dismissed.  *See Blair v. Shanahan*, 38 F.3d 1514, 1518 (9th Cir.

8  1994) ["Article III of the Constitution requires that there be a live case or controversy at the

9  time that a federal court decides the case."]; *see also*, *International Video Corporation v.*

10  *Ampex Corporation*, 484 F.2d 634, 636 (9th Cir. 1973).

11

12                    **V.    THE CONDUCT ON WHICH PLAINTIFF PURPORTS TO BASE**
                             **THE EMOTIONAL DISTRESS CLAIM WAS PRIVILEGED.**
13

14          The allegations in plaintiff's fourth claim for relief charge State Farm with nothing more

15  than asserting in a permissible way its legal rights under the Policy and communicating in

16  good faith its position with respect to plaintiff's claim for benefits.  Like all insurers, though,

17  State Farm was "privileged, in pursuing its own economic interests, to assert in a permissible

18  way its legal rights and to communicate its position in good faith to its insured even though it

19  is substantially certain that in doing so emotional distress will be caused."  *Fletcher v. Western*

20  *Nat'l Life Ins. Co.*, 10 Cal.App.3d 376, 396 (1970).  Because plaintiff therefore purports to

21  base his fourth claim for relief on privileged conduct, that claim for relief must be dismissed.

22  *Id.* at 395; See also, *State Rubbish Collectors Ass'n. v. Siliznoff*, 38 Cal.2d 330, 336-339

23  (1952) [action for intentional infliction exists only when defendant's conduct was not

24  privileged].

25  ///

26  ///

27  ///

28  ///

## VI.   PLAINTIFF'S CLAIM AGAINST THE CALIFORNIA INSURANCE COMMISSIONER IS UNTIMELY AND UNTENABLE.

In his fifth purported claim for relief, plaintiff seeks a writ of mandate directing the Commissioner of the California Department of Insurance to revoke or rescind his approval of the policy form on which State Farm issued the Policy to plaintiff.  *Complaint,* Section VI.  As explained in State Farm's removal papers, that claim is a sham.  Indeed, plaintiff has fraudulently joined the Commissioner of the California Department of Insurance in order to defeat diversity.

Ultimately, plaintiff's claims against the Commissioner do not affect the merits of his purported claims against State Farm.  To assist the Court, State Farm nevertheless provides the following comments about why plaintiff's claims against the Commissioner are both untimely and untenable:

### A.   Plaintiff's Claim Against the Commissioner is Untimely.

In connection with his fifth purported claim for relief, plaintiff seeks a writ mandating that the Commissioner revoke and/or rescind his approval of the Policy pursuant to California *Code of Civil Procedure* Section 1094.5.  As shown below, though, the period in which to bring that action has passed, regardless of when the applicable period of limitation began to run.

### 1.   Plaintiff's Petition for Writ of Mandamus is Untimely Because It Was Filed More than Twelve Years After the Commissioner Approved of the Policy.

In connection with his fifth purported claim for relief, plaintiff seeks a writ mandating that the Commissioner revoke and/or rescind his approval of the Policy.  *Complaint*, ¶75.  Under California *Insurance Code* Section 10291.5(h), a petition for that relief must be filed "before the effective date of the action taken by the Commissioner."  Cal. *Ins. Code* Section 10291.5(h).  In this case, the Commissioner approved the Policy on January 17, 1995.  See, Notice of Removal, Ex. 3.  Pursuant to California *Insurance Code* Section 10291.5(h), that approval became effective not more than 20 days later.  Plaintiff, however, did not file this Action until April 20, 2007 -- more than 12 years after the Commissioner's approval of the

Policy became effective.  Plaintiff's fifth purported claim for relief therefore is barred as untimely.

> **2. Plaintiff's Petition for Writ of Mandamus is Untimely Because It Was Filed <u>More than 90 Days After the Commissioner's Approval of the Policy.</u>**

Review of any action taken by the Commissioner of the California Department of Insurance must be in accordance with California's *Code of Civil Procedure*.  Cal. *Ins. Code* §10291.5(h).  In turn, California *Code of Civil Procedure* provides that a petition for a writ of mandamus must be filed not later than ninety days following the date on which the Commissioner's approval of the Policy become final.  Cal. *Code of Civ. Proc.* §1094.6.  As noted above, the Commissioner approved of the subject policy on January 17, 1995, and that approval became effective not later than February 16, 1995.  Because plaintiff filed his complaint more than 12 years later, his fifth purported claim for relief is barred as untimely.

> **3. Plaintiff's Petition for Writ of Mandamus is Untimely Because <u>It Was Filed Outside of the Three-Year Period of Limitation.</u>**

California *Code of Civil Procedure* provides a three year limitation period for "an action upon a liability created by statute."  Cal. *Code of Civ. Pro.* §338(a).  As shown below, plaintiff's fifth purported claim for relief is time barred regardless of when that three year period began to run:

> **a. Plaintiff's Petition for Writ of Mandamus is Barred Because it was Filed <u>More than Three Years After the Commissioner Approved of the Policy.</u>**

A period of limitations begins to run when a cause of action accrues.  *Dillion v. Board of Pension Com'rs of City of Los Angeles*, 18 Cal.2d 427, 430 (Cal. 1941).  A cause of action accrues when a suit may be maintained thereon.  *Id.*  In this case, a cause of action accrued (if at all) not later than the date on which the Commissioner approved the Policy since that is when plaintiff could have maintained a suit thereon.  Cal. *Ins. Code* §10291.5(h); Cal. *Code of Civ. Proc.* §1094.6.  Because the Commissioner approved the Policy more than three years before plaintiff filed this lawsuit, plaintiff's fifth purported claim for relief is time barred.

**b.  Plaintiff's Petition for Writ of Mandamus is Barred Because It Was Filed More than Three Years After State Farm Denied Plaintiff's Claim for Benefits.**

If the period of limitations began to run on the date State Farm first denied plaintiff's claim for benefits under the Policy, plaintiff's fifth purported claim for relief still is time barred. Specifically, State Farm first denied plaintiff's claim for benefits under the Policy on March 18, 2003, more than four years before plaintiff filed this Action. *Complaint*, ¶¶13 and 34. Plaintiff's fifth purported claim for relief against the Commissioner therefore is time barred.

**B.     Plaintiff's Claim Against the Commissioner is Untenable.**

Plaintiff's fifth purported claim for relief does not involve "mandatory" statutory duties but, instead, involves discretionary actions by the Commissioner of the California Department of Insurance.  However, "[m]andamus will not lie to control an exercise of discretion, *i.e.*, to compel an official to exercise discretion in a particular manner." *Common Cause v. Board of Supervisors*, 49 Cal.3d 432, 442 (Cal. 1989); *Women Organized for Employment v. Stein, etc., et al.* 114 Cal.App.3d 133, 140 (Cal. App. 1 Dist., 1980).  In other words, plaintiff has no right to seek an order mandating the Commissioner of the California Department of Insurance to exercise his discretion under the statutory framework of the Insurance Code in a particular manner.  In addition to being untimely, then, plaintiff's fifth purported claim for relief is untenable.  For both reasons, it should be dismissed.

## VII.    CONCLUSION.

The express allegations in plaintiff's complaint establish that each of plaintiff's claims is barred by the applicable statutes of limitation.  Plaintiff's judicial admissions also establish that his breach of contract claim involves no justiciable controversy.  Plaintiff's intentional infliction of emotional distress claim also is untenable because it is based on alleged conduct that was privileged.

///

///

///

///

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
Case No. C07-2829-JCS**                                              **Page 9**

1    For those reasons, none of plaintiff's claims can survive this motion, and none of the

2  defects in plaintiff's complaint can be cured by amendment.  State Farm therefore respectfully

3  requests that the Court grant its motion to dismiss in its entirety and with prejudice.

4

5    Respectfully submitted,

6    **POHLS & ASSOCIATES**

7

8    _____

9    Robert R. Pohls
     Attorney for Defendant **State Farm Mutual**
10   **Automobile Insurance Company**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

***Alan Sukin v. State Farm Mutual Automobile Insurance Company, et al.***
***U.S. District Court, Northern District of California, Case No. C07-2829-JCS***


     I, Robert R. Pohls, declare that I am over the age of eighteen years, and not a party to this action or proceeding. My business address is 12657 Alcosta Boulevard, Suite 150, San Ramon, CA 94583. On May 31, 2007, I caused the following document(s) to be served:


### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS


◉    in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.


        Ray Bourhis, Esq.
        Lawrence Mann, Esq.
        ***Bourhis & Mann***
        1050 Battery Street
        San Francisco, California 94111

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 31, 2007, at San Francisco, California.


_____
Robert R. Pohls

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
Case No. C07-2829-JCS

Page 11