1  Ray Bourhis, Esq. SBN 53196
2  Lawrence Mann, Esq. SBN 83698
   Bennett M. Cohen, Esq. SBN 90865
3  **BOURHIS & MANN**
   1050 Battery Street
4  San Francisco, CA 94111
   Tel: (415) 392-4660; Fax: (415) 421-0259
5
6  Attorneys for Plaintiff ALAN SUKIN
7
8              IN THE UNITED STATES DISTRICT COURT
9          FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11 ALAN SUKIN,                          ) Case No.:  C 072829 VRW **(E-FILING)**
                                        )
12        Plaintiff,                    ) PLAINTIFF'S MOTION REMANDING
                                        ) THE ACTION BACK TO STATE COURT
13     v.                               )
                                        ) [Filed concurrently with Plaintiff' Notice of
14                                      ) Motion; Declarations In Support Thereof;
15 STATE FARM AUTOMOBILE INSURANCE      ) and [Proposed] Order]
   COMPANY, THE COMMISSIONER OF THE     )
16 CALIFORNIA DEPARTMENT OF             )
   INSURANCE; and DOES 1 through 20, inclusive ) DATE:  Thursday, August 16, 2007
17                                      ) TIME:  2:00 P.M.
18        Defendants.                   ) DEPT:  Courtroom 6, 17TH Floor
                                        )
19                                      ) TRIAL DATE:  Not Yet Set
                                        )
20                                      )
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

| | | Page(s) |
|---|---|---|
| I. | INTRODUCTION ............................................................ | 1 |
| II. | PROCEDURAL POSTURE AND NATURE OF CASE................................ | 1 |
| III. | LEGAL ARGUMENT............................................................ | 2 |
| | A. THE JOINDER IS ON DEFENDANT INSURER TO SHOW FRAUDULENT JOINDER ........................................................ | 2 |
| | B. PRECEDENT WITHIN THE NORTHERN DISTRICT UNEQUIVOCALLY SUPPORTS REMAND ........................................ | 3 |
| | C. PLAINTIFF MEETS ALL REQUIREMENTS FOR WRIT OF RELIEF AGAINST THE COMMISSIONER ........................................ | 5 |
| |    1) California Case Law Establishes That Mandamus Is Appropriate ................................................................ | 5 |
| |    2) The Commissioner Has A Duty To Perform ................................. | 5 |
| |    3) Plaintiff's Petition For Mandamus Seeks To Compel The Exercise Of The Commissioner's Discretion And Does Not Seek To Compel The Performance Of A Specific Act.................. | 6 |
| | D. PLAINTIFF'S MANDAMUS CAUSE OF ACTION AGAINST THE COMMISSIONER IS NOT TIME-BARRED....................................... | 7 |
| |    1) Not Until Defendant Insurer Denied Plaintiff's Claim Was There An Actual "Case Or Controversy" Involving The Issue Of Commissioner's Abuse Of Discretion And/Or His Failure To Discharge A Mandatory Duty ........................................ | 7 |
| |    2) California Insurance Code Section 10291.5(h) Is Not A Mandatory Statute Of Limitations ...................................... | 9 |
| |    3) Plaintiff's Petition For Mandamus Seeks To Compel The Exercise Of The Commissioner's Discretion And Does Not Seek To Compel The Performance Of A Specific Act.................. | 10 |
| |    4) C.C.P. Section 338 Does Not Apply To Challenging The Commissioner's Approval of Policy Language.............................. | 11 |
| |    5) Even If C.C.P. Section 338 Does Apply, It Does Not Bar This Action.................................................................. | 11 |
| |    6) California Insurance Code Section 10291.5(h) Should Be Liberally Construed To Effectuate Its Purposes And Intentions Or Avoiding Ambiguous And Misleading Policy Provisions As Well as Permitting Judicial Review ................................ | 12 |
| |    7) Defendant Insurer's Contention That Removal Is Proper As The Statute Of Limitations Applicable To Any Cause Of Action Asserted Against It Has Run Is Irrelevant To The Issues Of The Propriety Of Removal And The Merits Of Plaintiff's Motion To Remand........................................................ | 12 |

CASE NO.: C-07-2829 VRW (E-FILING)
**PLAINTIFF'S MOTION REMANDING ACTION BACK TO STATE COURT**

# TABLE OF CONTENTS

Page(s)

E.   DEFENDANT INSURER HAS FAILED TO PROVE THAT THE AMOUNT IN CONTROVERSY IS WITHIN THE COURT'S JURISDICTION ......................................................................    13

F.   DEFENDANT INSURER HAS FAILED TO ESTABLISH ITS CITIZENSHIP AS A FOREIGN CORPORATION BY ADMISSIBLE EVIDENCE.........................................................    14

G.   DEFENDANT INSURER'S NOTICE OF REMOVAL IS PROCEDURALLY DEFECTIVE.........................................................    14

IV.   REQUEST FOR COSTS AND FEES ................................................................    14

V.   CONCLUSION.................................................................................................    15

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

B., Inc. v. Miller Brewing Co., 633 F. 2d 545 (5th Cir. 1981) ....................................... 2

Ballard v. Anderson, (1971) 4 Cal.3d 863, 885).......................................... 6

Brazina v. Paul Revere Life Ins. Co., 271 F.Supp.2d 1163 (N.D. Cal. 2003).....1,3,4,5,6,7,9,10

Boyer v. Snap-On Tools, 913 F. 2d 108 (3rd Cir. 1990) ...................................... 2

Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)............................................ 2

Dodson v. Spiliada Maritime Corp., 951 F.2d 42, 43 ((5th Cir. 1992)......................... 3,13

Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) ................................................. 2

Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ................................ 2,13,14

Green v Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) ...................... 3

Jernigan v. Ashland Oil Co., 989 F. 2d 812, (5th Cir. 1993)............................ 2

Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994)............................. 2

McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) ...................... 2

Morris v. Bridgestone/Firestone, Inc., 985 F.2d 238 ............................................. 14

Parrina v. FHP, Inc, 146 F. 3d 699 (9th Circ. 1998)........................................ 14

Peterson v. American Life & Health Ins. Co.. 48 F.3d 404, 410 (9th Cir.), cert.
    denied, 516 U.S. 942, 133 L. Ed 2d 301, 116 S. Ct. 377 (1995) ................. 4,5

Salveson v. Western States Bankcard Ass'n., 525 F. Supp. 566 525 (N.D. Cal.
    1981) ...................................................................... 2

Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403 (9th Cir. 1996) ................... 13

Societe De Conditionnement En Aluminium, 655 F.2d 938 (9th Cir. 1980) ................ 7,8

Steel Company v. Citizens For A Better Environment, 523 U.S. 83 (1998)................ 7

Whitmore v. Arkansas, 495 U.S. 149, 155 (1990)......................................... 7

Valdez v. Wal-Mart Stores, Inc. 199 F.3d (5th Cir. 2000) ........................................ 14

**STATE CASES**

Allen v. Gardner, (1954) 126 Cal.App.2d 335 ............................................. 11

iii

**TABLE OF AUTHORITIES**                                    **Page(s)**

Bunnett v. Regents of Univ. of Cal. (1995) 335 Cal.App.4th 843 848...................... 5

Blumhorst v. Jewish Family Services of Los Angeles (2005) 126 Cal.App.4th 993 ... 8

Bunnett v. Regents of Univ. of Cal. (1995) 335 Cal.App.4th 843 848...................... 5

Common Cause of Cal. V. Bd. Of Supervisors, (1989) 49 Cal.3d 432 ...................... 8

Davies v. Krasna, (1975) 14 Cal.3d 502...................................................... 11

Dillon v. Board of Pension Commissioners of the City of L.A.,

(1941) 18 Cal.2d 427 ............................................................................. 11

Econ. Empowerment Found v. Quackenbush, (1998) 65 Cal.App.4th 1397................ 9

Feeley v. Southern Pacific Transportation Co., (1991) 234 Cal.App.3d 949 .............. 13

Hollman v. Warren, (1948) 32 Cal.2d 351, 355 ......................................... 6

Knoff v. City & County of San Francisco, (1969) 1 Cal.App. 3d 184, 197)............... 6

Ragan v. City of Hawthorne, (1989) 212 Cal.App. 3d 1361 ......................... 11

Schmier v. Supreme Court, (2000) 78 Cal.App.4th 703............................... 8

Sklar v. Franchise Tax Board, (1986) 185 Cal. App.3d 616, 622 ...................... 6

Torres v. City of Yorba Linda, (1993) 13 Cal.App.4th 1035 ..................... 8

Van Ness v. Blue Cross of Cal., (2001) Cal.App.4th 364 ......................... 4,5

Walker v. Pacific Indem. Co., 183 Cal. App. 2d 513, 517 ......................... 11

///

///

///

///

///

///

///

///

iv

## TABLE OF AUTHORITIES

Page(s)

1

### STATUTES

California Insurance Code
§10291.5 ...........................................................................................10,12
§10291.5(a)(1) ...................................................................... 6
§12921.5(b)(1)................................................................. 4,6
§10291.5(h) .......................................................................... 4,6,9
§10291.5(i) ........................................................................... 13

Code of Civil Procedure
§1094.6.............................................................................. 10,11
§1094.6(a) ......................................................................... 11
§1094.6(b) ......................................................................... 11

28 United States Code
§1447 (c ) ........................................................................ 1,14

### OTHER

Fair Claims Settlement Practices Regulations,
10 Cal. Admin Code §2695.1 .................................................…….. 2

## I. __INTRODUCTION__

Plaintiff Alan Sukin ("Plaintiff") respectfully moves for remand of this case to state court pursuant to Title 28 of the United States Code, section 1447(c).

Plaintiff at all relevant times was a resident of the State of California. (COMPLAINT ¶1). (Please see the Complaint attached to the Declaration of Bennett M. Cohen as Exhibit A.) State Farm Mutual Automobile Insurance Company and State Farm Insurance Companies are sued as corporations "authorized to transact and transacting the business of insurance in the State of California. COMPLAINT ¶2.    (The aforesaid State Farm companies are hereafter referred to collectively as "Defendant Insurer.") Defendant THE COMMISIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE ("Commissioner") is an elected official charged with leading the Department of Insurance (hereafter "DOI"), a governmental agency unit of the State of California with offices in San Francisco. COMPLAINT ¶ 3, 60. (*Plaintiff respectfully requests that the Court take judicial notice of the Complaint.*)

This case is identical in all material aspects to *Brazina v. Paul Revere Life Ins. Co, et al*, 271 F.Supp.2d 1163 (N.D. Cal. 2003), an insurance bad faith case arising <u>solely</u> under California law in which the Commissioner of the DOI was named as a defendant and the same causes of action for injunctive relief were asserted.  In *Brazina,* after considering most of the same arguments now advanced by Defendant Insurer in its Notice of Remand, the District Court *expressly held that the Commissioner was a proper party, joinder was proper and remand was required.*

As the Honorable Marilyn Hall Patel found in *Brazina,* remand is proper here as the action against the Commissioner is proper and timely -- and diversity jurisdiction is therefore absent.

## II.    __PROCEDURAL POSTURE AND NATURE OF CASE__

This case was filed in Superior Court in and for the County of San Francisco on April 20, 2007. The Defendant Insurer was served with the Complaint on April 16, 2007. The Commissioner was served on May 1, 2007 and was granted an open extension to answer.  Defendant Insurer removed the action on May 31, 2007. (See Declaration of Bennett M. Cohen, Paragraph 2).

In his complaint – a complaint which raises no federal question -- Plaintiff alleges that Defendant Insurer wrongfully denied disability benefits owing to him under his policy when he

1

1    became disabled from his occupation as a Network Architect/Project Manager. COMPLAINT ¶¶ 6,

2    17.  Plaintiff further alleges that he has been injured by the Commissioner's failure: (1) to enforce

3    the mandatory minimum requirements of the California Insurance Code ("Insurance Code"); (2) to

4    execute his required duties with respect to Insurance Code §§790.03(h) and 10291.5; and (3) to

5    execute his required duties with respect to the Fair Claims Settlement Practices Regulations (10 Cal.

6    Admin Code §2695.1 *et seq.*).  COMPLAINT ¶¶ 60-75.

7                                    **III. LEGAL ARGUMENT**

8        **A.  THE BURDEN IS ON DEFENDANT INSURER TO SHOW FRAUDULENT
         JOINDER**
9

10           The United States District Court is a court of limited jurisdiction. *Kokkonen v. Guardian*

11   *Life Ins. Co.,* 511 U.S. 375 (1994); *Finley v. U.S.*, 490 U.S. 545  (1989).  Federal courts may only

12   adjudicate cases in which there is diversity of citizenship, a federal question, or in which the U.S. is

13   a party. *Kokkonen*, 511 U.S. at 375.  The burden of establishing that a federal court has subject

14   matter jurisdiction over a civil action rests upon the party asserting jurisdiction. *Id.* at 377. A cause

15   of action may be removed only if the federal court would have had subject matter jurisdiction over

16   the action had it originally been filed there. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

17           In keeping with this principle of federal courts being of limited jurisdiction, the removal

18   statute is strictly construed against removal with all doubt being resolved in favor of remand.

19   *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th

20   Cir. 1992. Absent a federal question, a party who removes a case to federal court must prove the

21   existence of diversity in cases where the plaintiff moves for remand. *Duncan v. Stuetzle, supra,* 76

22   F.3d 1480, 1485; *Salveson v. Western States Bankcard Ass'n, supra,* 525 F. Supp. 566; *B., Inc. v.*

23   *Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981).  A removing defendant also must successfully

24   allege and prove that the nondiverse party's joinder is "sham" or "fraudulent." *Jernigan v. Ashland*

25   *Oil Co.,* 989 F.2d 812, 815-816 (5th Cir. 1993); *Boyer v. Snap-On Tools,* 913 F.2d 108 (3rd Cir.

26   1990).

27           The test for fraudulent joinder is whether "the plaintiff fails to state a cause of action against

28   a resident defendant, and the failure is *obvious* according to the settled rules of the state. . ."

                                          2

1  *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9ᵗʰCir. 1987) (citing *Moore's Federal*

2  *Practice* (1986) ¶ O.161[2]). (Emphasis Added.) "The burden of proving a fraudulent joinder is a

3  heavy one. The removing party must prove that there is *absolutely no possibility* that the Plaintiff

4  will be able to establish a cause of action against the in-state Defendant in state court, or that there

5  has been outright fraud in the Plaintiff's pleadings of jurisdictional facts." *Green v. Amerada Hess*

6  *Corp.*, 707 F.2d 201, 205 (5th Cir. 1983) (emphasis added).

7  Whether joinder of the in-state defendant is a "sham" *must be capable of summary*

8  *determination*. "District courts must not 'pre-try' substantive factual issues in order to answer the

9  threshold question of whether the joinder of an in-state defendant is fraudulent. . . . The only issue

10  the court should address is its own jurisdiction." *Green, supra*, 707 F.2d at 204. In making this

11  determination, "all disputed questions of fact and all ambiguities in the controlling state law must be

12  decided in favor of the non-removing party." *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 42, 43

13  (5th Cir.1992) (holding that even a "tenuous proposition" under state law is sufficient since its

14  "modicum of sturdiness" passed possibility of recovery test).

15  Defendant Insurer cannot meet this heavy burden.

16  **B.     PRECEDENT WITHIN THE NORTHERN DISTRICT UNEQUIVICALLY**
17  **SUPPORTS REMAND**

18  *Brazina v. Paul Revere Life Ins. Co, et al*, supra, the only published opinion found in the 9ᵗʰ

19  Circuit which adjudicated most of the *precise* issues now before this Court, as stated, held that the

20  Commissioner was a proper party and ordered remand.

21  In *Brazina*, an orthopedic surgeon insured under a Paul Revere Insurance Company disability

22  policy suffered a herniated lumbar disc and brought a claim for "total disability" benefits. After the

23  disability insurer declined to pay "total disability" benefits and agreed only to pay lesser benefits

24  under the "residual disability" provision of the policy, the insured brought suit against his insurer;

25  the insured, as in the instant case, also named as a defendant the Commissioner of the DOI --

26  asserting claims for a writ of mandamus and declaratory relief, contending, *inter alia*, that the

27  Commissioner should not have approved the pertinent policy language because it was ambiguous

28  and misleading. The insurer removed the case and the insured moved the District Court for remand.

1     In ordering remand, the *Brazina* Court stated:

2     **This court finds that Brazina's petition for a writ of mandamus to challenge the**
3     **DOI Commissioner's approval of the insurance policy language under section**
      **10291.5 of the California Insurance Code is a viable cause of action.** Section
4     10291.5 gives the Commissioner the duty and power to approve disability insurance
      policies.  Subparagraph (b)(1) provides that "the commissioner shall not approve any
5     disability policy for insurance or delivery in this state ...if the commissioner finds that it
      contains any provision ... which is unintelligible, uncertain, ambiguous, or abstruse, or
6     likely to mislead a person to whom the policy is offered, delivered or issued." Cal. Ins.
7     Code § 10291.5(b)(1). **The Commissioner's decision is subject to judicial review in**
      **accordance with the California Code of Civil Procedure. Cal. Ins. § 10291.5(h).** At
8     *Brazina* at 167. (Emphasis added.)

9
      The *Brazina* Court found ample support in both a 9th Circuit case and California case law.
10
      More specifically, the *Brazina* Court followed *Van Ness v. Blue Cross of Cal.* (2001) 87 Cal.App.4[th]
11
      364, and *Peterson v. American Life & Health Insurance Company et al*, 48 F.3d 404, 410 (9th Cir.
12
      1995), cert. denied, 516 U.S. 942 (1995) wherein the 9th Circuit Court of Appeals denied mandamus
13
      as the policy at issue was a group policy but nevertheless stated that a petition for mandamus
14
      alleging that the Commissioner had abused his discretion in approving an insurance policy
15
      provision *was a valid cause of action.*  As the *Brazina* Court stated:
16
17    **The Ninth Circuit, relying on section 1094.5 of the California Code of Civil**
      **Procedure and Bixby v. Pierno, 4 Cal. 3d 130, 137, 93 Cal.Rptr. 234, 481, P.2d 242**
18    **(Cal. 1971), has stated that an insured may petition for a writ of mandamus**
      **requiring the Commissioner to revoke approval of a policy if the insured believes**
19    **the Commissioner abused his discretion in approving the policy under section**
      **10291.5.** n4 Peterson v. American Life & Health Ins. Co. 48 F.3d 404, 410 (9th Cir.),
20    cert. denied, 516 U.S. 942, 133 L. Ed 2d 301, 116 S. Ct. 377 (1995). A recent California
21    case indicates that state courts would also accept a cause of action as expressed in
      Peterson for approval of a policy that violated section 10291.5. Van Ness v. Blue Cross
22    of Cal., 87 Cal. App.4[th] 364, 371-72, 104 Cal.Rptr. 2d 511 (Cal.Ct. App. 2001).. It is
      not entirely clear which type of writ the Van Ness court envisioned, but the language
23    used by the court is not restrictive. **Thus, among courts that have addressed the**
      **matter, there is a general willingness to allow a writ when an insured wishes to**
24    **challenge a Commissioner's approval of a policy under section 10291.5.** *Brazina* **at**
      **1167-1168.** (Emphasis added.)
25
26    The *Brazina* Court found that the insured - - whose case is indistinguishable from the case
27    herein -- had met all of the criteria for bringing such a writ.  More specifically, as discussed in
28    greater detail below, the Court found that the writ was appropriate as: (i) the insured had no plain,

4

1  speedy, and adequate alternative remedy (ii) the Commissioner has a duty to perform, and (iii) the

2  insured has a clear and beneficial right to performance. The *Brazina* Court then held that joinder

3  was <u>not</u> fraudulent and ordered remand.

4  **C.    PLAINTIFF MEETS ALL REQUIREMENTS FOR WRIT RELIEF AGAINST THE COMMISSIONER**

5

6  **1.  California Case Law Establishes That Mandamus Is Appropriate.**

7  The "proper method of obtaining judicial review of most public agency decisions is by

8  instituting a proceeding for a writ of mandate." *Bunnett v. Regents of Univ. of Cal.* (1995) 35

9  Cal.App.4[th] 843, 848.    Thus, "if an insured believes the commissioner has abused his or her

10  discretion in approving a policy in violation of Ins. Code §10291.5, the insured may petition for a

11  writ of mandamus requiring the commission to revoke the approval." *Van Ness v. Blue Cross of*

12  *Cal.* (2001) 87 Cal.App.4[th] 364, 371-72.

13  As set forth above, both the 9th Circuit Court of Appeals and the U.S. District Court has

14  expressly recognized the right to bring an action for a writ of mandamus to compel the

15  Commissioner to perform a mandatory duty or challenge an abuse of discretion.  *Peterson v.*

16  *American Life & Health Insurance Company et al*, supra at 410, *Brazina v. Paul Revere Life Ins.*

17  *Co, et al*, supra at 1167.

18  Thus, *Van Ness, Peterson*, and *Brazina* <u>all</u> establish that Plaintiff herein has a clear right to seek

19  mandamus.

20  **2.  The Commissioner Has A Duty To Perform**.

21  Notwithstanding Defendant Insurer's apparent claim that the Commissioner owes no duty to

22  perform to Plaintiff, *Brazina* expressly found that the Commissioner owed such a duty, stating:

23  It is also possible for Brazina to meet the second and third requirements. **There is most likely a duty to perform by the Commissioner**.    Section 12921 of California
24  Insurance Code provides that the Commissioner "shall perform all duties imposed upon him or her by the provisions of this code and other laws ... and shall enforce the
25  execution of those provisions and laws." The Commissioner has a mandatory duty not to approve a policy that is found to be ambiguous or misleading. Cal. Ins. Code §
26  10291.5(b)(1).. Brazina alleges that the policy is ambiguous, and he was led to believe
27  that he had a benefit that was later denied by the insurer. If the policy is indeed ambiguous and misleading, then the Commissioner had a duty not to approve it.
28

**Moreover, Brazina likely has a clear and beneficial right to performance. Subparagraph (h) of section 10291.5 allows for judicial review of "any action taken by the commissioner under this section" and the "proceedings on review shall be in accordance with the [California] Code of Civil Procedure." Cal. Ins. Code § 10291.5(h). Both Peterson and Van Ness state that if an insured wishes to contest the language of an insurance policy, he may petition for a writ to require the Commissioner to withdraw approval of a policy.** *Brazina* at 1169. (Emphasis added.)

As the *Brazina* Court so clearly found, the California Insurance Code itself demonstrates why Defendants are mistaken. First, Defendant's argument flies in the face of Ins. Code §12926, *supra*. See Complaint, ¶65. It also flies in the face of Ins. Code §10291.5(a)(1), which requires the Commissioner to "prevent, in respect to disability insurance, fraud, unfair trade practices and insurance economically unsound to the insured." Complaint, ¶61. Furthermore, as emphasized in *Brazina*, under Ins. Code §10291.5(b)(1), the "Commissioner is prohibited by law from approving any disability policy which is uncertain, ambiguous or likely to mislead a person to whom the policy is offered, delivered or issued." *Id.*

As Plaintiff alleges in ¶72 of the Complaint, "The acts and omissions of the DOI have contributed to Defendants' ability to perpetuate the unlawful, fraudulent and or other wrong acts alleged herein." As in *Brazina*, the Plaintiff has a clear and beneficial right to performance.

### 3. Plaintiff's Petition For Mandamus Seeks To Compel The Exercise of the Commissioner's Discretion and Does Not Seek To Compel The Performance of A Specific Act.

While it is true that mandamus may not be available to compel the exercise of discretion possessed by the Commissioner in a particular manner or to reach a particular result, mandamus "does lie to command the exercise of discretion -- to compel some action on the subject involved." *Sklar v. Franchise Tax Board* (1986) 185 Cal.App.3d 616, 622, (citing and quoting *Ballard v. Anderson* (1971) 4 Cal.3d 873, 885) (emphasis added); *Hollman v. Warren* (1948) 32 Cal.2d 351, 355: accord *Knoff v. City & County of San Francisco* (1969) 1 Cal.App.3d 184,197). No case cited by Defendant Insurer negates this holding.

///

1    How the Commissioner exercises his discretion is for the Commissioner to decide. The

2  distinction which Defendant Insurer obscures is that between using mandamus to compel the

3  exercise of discretion *in a particular* manner -- which Plaintiff does not seek and agrees is not

4  available -- and simply compelling the exercise of discretion -- which Plaintiff legitimately seeks.

### D. DEFENDANT INSURER CANNOT MEET ITS BURDEN TO SHOW THAT PLAINTIFF'S MANDAMUS AND DECLARATORY RELIEF CAUSES OF ACTION AGAINST THE COMMISSIONER ARE TIME-BARRED

8    Defendant Insurer's various arguments that Plaintiff should have sued the Commissioner at

9  various times in the past prior to any injury and prior to even purchasing the subject policy all suffer

10  from an overriding flaw -- namely, they assume that Plaintiff would have had standing to sue and

11  that such an action, if filed, would have constituted a "case or controversy" which the courts were

12  empowered to adjudicate.

### 1. Not Until Defendant Insurer Denied Plaintiff's Claim Was There An Actual "Case Or Controversy" Involving The Issue Of Commissioner's Abuse Of Discretion And/or His Failure To Discharge A Mandatory Duty

16    Federal courts are empowered only to hear actual cases or controversies, not to render advisory

17  opinions. See *Societe De Conditionnement En Aluminium, v. Hunter Engineering Co., Inc.*, 655

18  F.2d 938, 944-945 (9th Cir. 1980); See also *Steel Company v. Citizens For A Better Environment*

19  (1998) 523 U.S. 83;  The doctrine of standing is closely related to the requirement that a matter

20  present a "case" or "controversy. *Id.* at 100-101. *Whitmore v. Arkansas* (1990) 495 U.S. 149, 155.

21  As the U.S. Supreme Court stated:

22    The "irreducible constitutional minimum of standing" contains three requirements.
     (Citation omitted.)  First and foremost, there must be alleged (and ultimately proven) an
23    "injury in fact" -- a harm suffered by the plaintiff that is "concrete" and "actual or
     imminent, not 'conjectural' or 'hypothetical.'" Citations omitted.)  Second, there must be
24    causation -- a fairly traceable connection between the plaintiff's injury and the
     complained-of conduct of the defendant.  (Citations omitted.)  And third, there must be
25    redressability -- a likelihood that the requested relief will redress the alleged injury.
     (Citations omitted.)  This triad of injury in fact, causation, and redressability n5
26    comprises the core of Article III's case-or-controversy ]requirement, and the party
     invoking federal jurisdiction bears the burden of establishing its existence. *Steel
27    Company v. Citizens For a Better Environment, supra,* at 102-103.

28

1    As to an action for declaratory relief in federal court, the "case-and-controversy" requirement is

2    satisfied where "the facts alleged, under all the circumstances, show that there is a substantial

3    controversy, between parties having adverse legal interests, of sufficient immediacy and reality to

4    warrant" relief. *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, supra at 273. See also *Societe De*

5    *Conditionnement  En Aluminium v. Hunter Engineering Co., Inc.*, *supra.*

6        In state court as in federal court, a plaintiff must satisfy the "standing" requirement according to

7    which the plaintiff must have suffered an injury or be about to suffer an injury to be entitled to sue.

8    *Schmier v. Supreme Court*, (2000) 78 Cal. App. 4th 703, 708.  *Blumhorst v. Jewish Family Services*

9    *of Los Angeles* (2005) 126 Cal. App. 4th 993

10       In *Blumhorst v. Jewish Family Services of Los Angeles, supra*, wherein a man sued a shelter for

11   battered women claiming sex discrimination, the court held that the plaintiff lacked standing where

12   he failed to allege that he was a victim of domestic violence.  As the court stated:

13       The issue of whether a party has standing focuses on the plaintiff, not the issues he or
         she seeks to have determined." (*Torres v. City of Yorba Linda* (1993) 13 **Cal.App.**4th
14       1035, 1040 [17 Cal. Rptr. 2d 400].)  "**A person who invokes the judicial process**
         **lacks standing if he, or those whom he properly represents, 'does not have a real**
15       **interest in the ultimate adjudication because [he] has neither suffered nor is about**
         **to suffer any injury of sufficient magnitude reasonably to assure that all of the**
16       **relevant  facts  and  issues  will  be  adequately  presented**.   (Emphasis  Added.)
         *Blumhorst v. Jewish Family Services of Los Angeles*, supra at 1002.
17

18       *Common Cause of Cal. v. Bd. of Supervisors*, (1989) 49 Cal. 3d 432, wherein the court held

19   that a taxpayer had standing to seek a writ of mandate to challenge the county's failure to deputize

20   its workers as voting registrars,  articulated a significant exception to this general rule governing

21   standing in that it affirmed a citizen's right to challenge a public official's performance or non-

22   performance of his official duty without that citizen demonstrating that he has been personally

23   harmed.  It is not at all clear, however, that *Common Cause of Cal. v. Bd. of Supervisors, supra,*

24   would entitle a person who is <u>not</u> insured under a disability policy in California to challenge the

25   Commissioner's approval of permissible policy provisions.  In this case, unlike *Common Cause of*

26   *Cal. V. Bd. Of Supervisors, supra,* wherein the voting controversy affected the public as a whole,

27   the only persons potentially affected by the impermissible policy provisions are those who are

28

1   actual policyholders.

2       In all of the cases cited herein where a writ of mandate was sought, the party seeking the

3   writ of mandate was insured under the particular type of policy containing the provision at issue. No

4   case can be found wherein it has been held that a person who is not a policyholder has standing to

5   challenge the Commissioner's approval or non-approval of particular policy provisions.

6       As set forth above, Defendant Insurer's arguments that Plaintiff should have sought a writ of

7   mandate as to the Commissioner's conduct even before he purchased the policy and before he even

8   knew he suffered any loss due to the Commissioner's approval of an ambiguous or impermissible

9   policy provision are undermined by the well settled rules regarding standing and the requirement of

10  a case or controversy which the courts are empowered to adjudicate.

11      Other reasons exist why Defendant Insurer's arguments that that Plaintiff's action as to the

12  Commissioner is untimely are without merit.

13      **2.  California Insurance Code Section 10291.5(h) is not a mandatory statute of**
        **limitations**

14

15      California Insurance Code Section 10291.5(h), on which Defendant Insurer relies in arguing

16  that the statute of limitations has passed, provides in pertinent part:

17      Except as provided in subdivision (k), any action taken by the commissioner under this
        section is subject to review by the courts of this state and proceedings on review shall
18      be in accordance with the Code of Civil Procedure.

19

20      Notwithstanding any other provision of law to the contrary, petition for any such review
        **may** be filed at any time before the effective date of the action taken by the
21      commissioner... (Emphasis Added.)

22

23      In *Brazina v. Paul Revere Life Ins. Co, et al*, supra, the court carefully examined the same

24  argument made by Defendant Insurer and soundly rejected it -- finding that the language of the state

25  was "permissive" and not mandatory and that there was no need to challenge the Commissioner's

26  actions prior to the effective date of the Commissioner's action.   In relying on the language of this

27  code section as well as *Econ. Empowerment Found. v. Quackenbush*, (1998) 65 Cal. App. 4th

28  1397, wherein the California court found identical language in a different insurance code section to

9

be permissive and not mandatory, the Brazina Court stated:

> … [S]ection 10291.5 provides that a petition *may* be filed before the effective date. In fact, it seems likely that a California court would interpret the language to allow this action to proceed. A recent appellate decision determined that almost identical statutory language in another section of the Insurance Code simply provides an alternative means of review… Noting that California courts are ordinarily unable to review an action that is not final, the court found that the "permissive" language of the provision created "an opportunity for review" of such actions. 65 Cal. App. 4th at 1402. The provision did not, however, bar plaintiffs from petitioning for a writ of mandamus thereafter. (Emphasis in original.) *Brazina* at 1170-1171.

Accordingly, under the language of this code section itself as well as California case law, this insurance code section does not impose a requirement that the Commissioner's approval be challenged by a writ of mandate before it is formally approved.

### 3. CCP Section 1094.6 Does Not Bar Plaintiff's Causes Of Action As To The Commissioner As Defendant Insurer Does Not Allege And Cannot Possibly Establish That Plaintiff Received Notice Of The Commissioner's Approval Of The Pertinent Policy Provisions

CCP Section 1094.6(a) pertains solely to judicial review of the acts of a "local agency." The California Department of Insurance is not a "local agency." Accordingly, this entire Code section is irrelevant. Section 1094.6(b), moreover, provides in pertinent part as follows:

> b) Any such petition shall be filed not later than the 90th day following the date on which the decision becomes final… **If there is a provision for a written decision or written findings, the decision is final for purposes of this section upon the date it is mailed by first-class mail, postage prepaid, including a copy of the affidavit or certificate of mailing, to the party seeking the writ**. (Emphasis Added.)

In this case, as Defendant Insurer alleges in its Notice of Removal, paragraph 7(a), the pertinent policy language was approved by the Commissioner on February 6, 1995, more than five years before the Plaintiff became insured on August 18, 2000. Accordingly, if Defendant Insurer's argument is correct, Plaintiff would have had to challenge this Commissioner's approval five years before he even became insured.

Defendant Insurer, as significantly, does not allege in its Notice of Removal -- nor can it possibly prove -- that Plaintiff was even sent and ever received the Commissioner's "written decision" approving the pertinent policy language. As Plaintiff states in his Declaration, he never

10

1    received any notice or copy of any written decision from the Commissioner regarding the approval

2    of policy language for disability policies or for anything else. (See Declaration of Alan Sukin,

3    paragraph 2.)    Accordingly, as Plaintiff was never mailed the Commissioner's approval of the

4    pertinent policy provisions, CCP Section 1094.6 does not bar Plaintiff's causes of action against the

5    Commissioner.

6    **4. C.C.P. Section 338 Does Not Apply to Challenging The Commissioner's
         Approval Of Policy Language**

7

8    Defendant Insurer cites no published decision holding that a policyholder must contest the

9    Commissioner's approval of a policy within three years of first becoming covered under that policy.

10   **5. Even if C.C.P. Section 338 Does Apply, It Does Not Bar This Action**

11   Damage is an essential element of a cause of action and a cause of action does not accrue

12   until the aggrieved party suffers damage. *Davies v. Krasna* (1975) 14 Cal. 3d 502, 516, *Walker v.*

13   *Pacific Indem. Co.,* 183 Cal. App. 2d 513, 517. The mere possibility or even probability of damage

14   does not trigger the statute of limitations; rather, it is the *fact* of damage that triggers the statute of

15   limitations. *Id., Allen v. Gardner* (1954) 126 Cal. App. 2d 335. 340.

16   In *Ragan v. City of Hawthorne* (1989) 212 Cal. App.3d 1361, the plaintiff petitioned for a writ

17   of mandate in connection with a city's denial of pension benefits to one of its former employees.

18   The court held that the three-year statute under §338 began to run *at the time the benefits were*

19   *denied* and upheld the action. *Id.* at 1363. Similarly, in *Dillon v. Board of Pension Commisioners*

20   *of the City of L.A.* (1941) 18 Cal. 2d 427, 430, the court held that a widow's cause of action for

21   pension benefits did not accrue until her husband's death.

22   Defendant Insurer's alternative argument that a person must challenge any and all

23   ambiguous or misleading policy provisions in his disability policy within the first three years of the

24   Commissioner's approval -- even where he is not a policyholder or is not disabled and not entitled

25   to benefits -- would lead to absurdity and chaos and would violate public policy. First, it would

26   require the courts to issue advisory opinions where, in fact, no damage to any insured could yet be

27   demonstrated and, therefore, there was no case or controversy. Second, Defendant Insurer's

28

Case No.: C 072829 VRW (E-FILING)
PLAINTIFF'S MOTION REMANDING THE ACTION BACK TO STATE COURT

position would require an insured, usually a layperson with no training in insurance law or contract interpretation, to scrutinize each and every policy provision ever approved by the Commissioner – obscure or not -- for ambiguities.  Ambiguities in any policy, however, may not be evident at the time of approval or even at the time of purchase and may not become evident until the insurer has denied benefits based on an incorrect interpretation of a seemingly complex policy provision.

By Defendant Insurer's logic, every insured should contest his policy prospectively—before any injury-in-fact exists and, in fact, before he even purchases a policy, or is considering purchasing a policy.

In this case, Plaintiff's causes of action arose only when Defendant Insurer denied benefits for "total disability" and he was no longer legally incapacitated; as such, Plaintiff had no cause of action, no knowledge of any cause of action and no wrong or damage to redress until benefits were actually denied and he had sufficient capacity to appreciate the denial.  Under the above-cited authorities and the public policy considerations discussed, Plaintiff's cause of action for a writ, similarly, did not arise until his claim was denied and the period of tolling due to mental incapacity expired.

> **6. California Insurance Code § 10291.5 Should Be Liberally Construed To Effectuate Its Purposes And Intentions Or Avoiding Ambiguous And Misleading Policy Provisions As Well As Permitting Judicial Review**

California Insurance Code § 10291.5 states in pertinent part:

**(a)** The purpose of this section is to achieve both of the following:
**(1)** Prevent, in respect to disability insurance, fraud, unfair trade practices, and insurance economically unsound to the insured.
**(2)** Assure that the language of all insurance policies can be readily understood and interpreted.
**(b)** The commissioner shall not approve any disability policy for insurance or delivery in this state in any of the following circumstances:
**(1)** If the commissioner finds that it contains any provision, or has any label, description of its contents, title, heading, backing, or other indication of its provisions which is unintelligible, uncertain, ambiguous, or abstruse, or likely to mislead a person to whom the policy is offered, delivered or issued.

Section 10291.5(h) expressly authorizes judicial review of the Commissioner's actions.

Case No.: C 072829 VRW (E-FILING)
PLAINTIFF'S MOTION REMANDING THE ACTION BACK TO STATE COURT

1    California Insurance Code § 10291.5(i) the provides:

2    **(i)** This section shall be **liberally construed to effectuate the purpose and intentions**
     **herein stated**; (Emphasis Added.)

3

4    Section 10291.5(i), accordingly, provides that the courts should construe this section as to

5    effectuate the goal of insuring that policy language is not ambiguous or misleading.  Therefore,

6    arguments that the statute of limitations should be as restrictive as possible are contrary to the

7    policy enunciated in the California Insurance Code itself.

8        **7.  Defendant Insurer's Contention That Removal Is Proper As The Statute Of**
     **Limitations Applicable To Any Cause Of Action Asserted Against It Has Run Is**
9        **Irrelevant To The Issues Of The Propriety Of Removal And The Merits Of**
     **Plaintiff's Motion To Remand**
10

11   Defendant Insurer's contention that the statute of limitations has run as to any cause of action

12   which can be asserted against it is irrelevant as a triable issue of fact clearly exists as to the statute

13   of limitations.

14   Under CCP Section 352, a plaintiff's mental incapacity tolls the statute of limitations.  See

15   *Feeley v. Southern Pacific Transportation Co.,* (1991) 234 Cal. App. 3d 949.

16   In paragraph 16 of the Complaint, Plaintiff has pled that, due to his mental incapacity, the filing

17   of the complaint was delayed.

18   Under the law cited above, "all disputed questions of fact and all ambiguities in the controlling

19   state law must be decided in favor of the non-removing party."  *Dodson v. Spiliada Maritime Corp.,*

20   supra at 43.  Accordingly, under the above cited cases, the issue of the timeliness of Plaintiff's

21   action and whether the mental incapacity tolls the statute of limitations must be resolved at this

22   juncture in Plaintiff's favor.

23       **E.  DEFENDANT INSURER HAS FAILED TO PROVE THAT THE AMOUNT**
     **IN CONTROVERSY IS WITHIN THIS COURT'S JURISDICTION**
24

25   The removing party bears the burden of proving that the amount of damages sought by the

26   Plaintiff is within the court's jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

27   This showing must be made by a preponderance of the evidence. *Sanchez v. Monumental Life Ins.*

28   *Co.,* 102 F.3d 398, 403 (9th Cir. 1996).

---

13

This burden is satisfied if the complaint alleges damages in excess of the jurisdictional requirement. *Gaus, supra,* at 566. Here, Plaintiff makes no such allegations. Defendants fail to meet their burden of proving that damages exceed $75,000. Remand is therefore appropriate.

### F. DEFENDANT INSURER HAS FAILED TO ESTABLISH ITS CITIZENSHIP AS A FOREIGN CORPORATION BY ADMISSIBLE EVIDENCE

Defendant Insurer fails to offer any admissible evidence to establish that it is a citizen of a state different than Plaintiff's.

Plaintiff objects to Defendant Insurer's mere allegation regarding its citizenship and asks that this Court find that Defendant Insurer has failed to meet its evidentiary burden to establish citizenship.

### G. DEFENDANT INSURER'S NOTICE OF REMOVAL IS PROCEDURALLY DEFECTIVE

In addition to all of the above, the Notice of Removal is procedurally defective. In order for it to be proper, all defendants must join in a notice of removal. See *Parrina v. FHP, Inc.* 146 F.3d 699, 703 (9th Cir. 1998). In the instant case, the Commissioner is not a party to the removal. Therefore the removal is procedurally defective and remand is proper on this basis alone.

### IV. REQUEST FOR COSTS AND ATTORNEY'S FEES

In the event that the Court orders remand, Plaintiff respectfully requests that the Court award costs and attorney's fees. See 28 U.S.C. Section 1447(c); *Morris v. Bridgestone/Firestone, Inc.* 985 F.2d 238, 240 (6th Cir. 1993), *Valdez v. Wal-Mart Stores, Inc.*, 199 F.3d 290 (5th Cir. 2000).

As shown herein, there is a lack of both subject matter and diversity jurisdiction and the Notice of Removal is procedurally defective. Under the above-referenced authorities, any of the aforesaid deficiencies warrants an award of costs and fees.

///

///

///

14

1

## V.  CONCLUSION.

2          For the reasons shown, Plaintiff respectfully requests that this Court order remand.

3    In the alternative, Plaintiff requests that if this Court finds that the pleadings are in some manner

4    insufficient, he be allowed to amend and thereafter request remand.

5    Dated:  July 2, 2007                    BOURHIS & MANN

6

7                                            By: _____

8                                                 Ray Bourhis, Esq.
                                                  Lawrence Mann, Esq.
9                                                 Bennett M. Cohen, Esq.
                                             Attorneys for Plaintiff ALAN SUKIN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.:  C 072829 VRW (E-FILING)

PLAINTIFF'S MOTION REMANDING THE ACTION BACK TO STATE COURT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

*Alan Sukin v. State Farm Mutual Automobile Insurance Company, et al.*

*U.S. District Court, Northern District of California, Case No. C07-2829 VRW*

I am a resident of the State of California, over the age of eighteen years and not a party to this action. My business address is 1050 Battery Street, San Francisco, California 94111. On July 2, 2007, I will serve the following documents:

PLAINTIFF ALAN SUKIN'S MOTION REMANDING THE ACTION BACK TO STATE COURT

in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid. I am employed in the county where the mailing described below occurred, and am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I placed a true copy of the specified document(s) in a sealed envelope(s) with postage thereon fully prepaid. The envelope(s) will be deposited with the United States Postal Service on this day in the ordinary course of business in San Francisco, California.

| **FOR DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY:** | COMMISSIONER FOR THE CALIFORNIA DEPARTMENT OF INSURANCE |
|---|---|
| Robert R. Pohls, Esq., SBN 131021 | Julian Standen, Esq. |
| POHLS & ASSOCIATES | Deputy Attorney General |
| 12657 Alcosta Blvd., Ste. 150 | 455 Golden Gate Avenue,, Ste. 1100 |
| San Ramon, CA 94583 | San Francisco, CA 94102 |
| Trel: (9825) 973-0300 | phone: (415) 703-5535 |
| Ffax: (925) 973-0330 | email: julian.standen@doj.ca.gov |
| rpohls@califehealth.com | |

**(X) (FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at San Francisco, California, on July 2, 2007.

*Mary M.*

Mary M. Martin

16