Robert R. Pohls (California Bar #131021)
**POHLS & ASSOCIATES**
12657 Alcosta Boulevard, Suite 150
San Ramon, California  94583
Telephone:  (925) 973-0300
Facsimile:  (925) 973-0330

Attorney for Defendant **State Farm
Mutual Automobile Insurance Company**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN SUKIN, | Case No. C07-2829-VRW |
| Plaintiff, | **DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |
| vs. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM INSURANCE COMPANIES, THE COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE and DOES 1-50, inclusive, | DATE:            September 13, 2007<br>TIME:            2:00 p.m.<br>COURTROOM:   6 (Hon. Vaughn R. Walker) |
| Defendants. | |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................... Page i

I.     INTRODUCTION .............................................................. 1

II.    THIS MOTION MUST BE DENIED UNLESS PLAINTIFF
       HAS A VIABLE CLAIM AGAINST THE COMMISSIONER. ............... 1

III.   PLAINTIFF'S RELIANCE ON THIS COURT'S DECISION
       IN *BRAZINA* IS MISPLACED. ........................................... 2

IV.    AS A MATTER OF LAW, PLAINTIFF'S CLAIM AGAINST
       THE COMMISSIONER IS TIME-BARRED. ............................. 3

       A.  California *C.C.P.* Section 1094.6 Required that Any Petition for
       Administrative Mandamus be Filed Not Later Than May 7, 1995. ... 3

       B.  California *C.C.P.* Section 338 Required that Any Petition for
       Ordinary Mandamus be Filed Not Later than February 6, 1998. ..... 5

             1.  Plaintiff Cannot Toll the Period of Limitations by
             Claiming Delayed Discovery. ..................................... 6

             2.  If the Commissioner Damaged Plaintiff, That Damage Occurred
             No Later Than the Date on Which Plaintiff Received the Policy. .. 7

V.     PLAINTIFF'S ALLEGED MENTAL INCAPACITY HAS NO EFFECT ON
       THE TIMELINESS OF HIS CLAIM AGAINST THE COMMISSIONER. ... 8

       A.  Plaintiff's Allegations About a Mental Incapacity are Insufficient,
       Unsupported and Demonstrably False. ............................. 9

       B.  The Statute of Limitations Expired Before Plaintiff Allegedly
       Had a Mental Incapacity. ........................................... 10

       C.  Plaintiff Cannot Toll the Statute of Limitations Because His Cause of
       Action Accrued Before He Allegedly Had a Mental Incapacity. ...... 11

       D.  Plaintiff Cannot Toll the Statute of Limitations for His Alleged Mental
       Incapacity Because He Was Represented by an Attorney. ........... 11

VI.    HAVING MADE A SETTLEMENT DEMAND FOR $3.5 MILLION,
       PLAINTIFF CANNOT LEGITIMATELY DISPUTE THAT THE AMOUNT IN
       CONTROVERSY EXCEEDS $75,000. .................................. 13

VII.   STATE FARM IS AN OUT-OF-STATE DEFENDANT
       FOR DIVERSITY PURPOSES. ......................................... 14

VIII.  THE COMMISSIONER'S CONSENT TO THE REMOVAL OF THIS ACTION
       WAS NOT REQUIRED. ................................................. 14

IX.    CONCLUSION ............................................................. 14

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Cases</u>

3

4
*Aetna Casualty & Surety Co. v. Richmond*
76 Cal.App.3d 645, 652 (1977) .................................................... 5, 8

5
*Allen v. Humboldt County Bd. of Supervisors*
220 Cal.App.2d 877, 844 (1963) .................................................... 6

6

7
*American Title Ins. Co. v. Lacelaw Corp.*
861 F.2d 224 (9th Cir. 1988) .................................................... 7

8
*Associated Truck Parts, Inc. v. Superior Court*
228 Cal.App.3d 864, 867-870 (1991) .................................................... 12

9

10
*Beshears v. Asbill*
930 F.2d 1348, 1351 (8th Cir. 1991) .................................................... 12

11
*Brazina v. Paul Revere Life Ins. Co.*
271 F.Supp.2d 1163 (N.D. Cal. 2003) .................................................... 2-3, 14

12

13
*Daugherity v. Traylor Bros., Inc.*
970 F.2d 348, 353, n.8 (7th Cir. 1992) .................................................... 12

14

15
*Dillon v. Board of Pension Commissioners*
18 Cal.2d 427, 429 (1941) .................................................... 6

16
*Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*
515 F.2d 1195, 1200, n. 8 (5th Cir. 1975) .................................................... 12

17

18
*Emrich v. Touche Ross & Company*
846 F.2d 1190, 1193, n. 1 (9th Cir. 1988) .................................................... 14

19

20
*Feeley v. Southern Pacific Transportation Co.*
234 Cal.App.3d 949 (1991) .................................................... 9-10

21
*Hackethal v. National Casualty Co.*
189 Cal.App.3d 1102, 1108-11 (1987) .................................................... 5, 8

22

23
*Harby v. Board of Education*
2 Cal.App. 418 (1905) .................................................... 6

24
*Howard Jarvis Taxpayers Assn. v. La Habra*
25 Cal.4th 809, 815 (2001) .................................................... 6

25

26
*Keyse v. California Texas Oil Corp.*
590 F.2d 45, 47 (2nd Cir. 1978) .................................................... 12

27
*Larsson v. Cedars of Lebanon*
97 Cal.App.2d 704, 707 (1950) .................................................... 11

28

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE**
**COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**
**Case No. C07-2829-VRW**

*Leahey v. Department of Water & Power*
76 Cal.App.2d 281, 286 (1946) .......................................................... 6

*Leorna v. United States Dept. of State*
105 F.3d 548, 551 (9th Cir. 1997) ..................................................... 12

*Malcolm v. Farmers New World Life Ins. Co.*
4 Cal.App.4th 296, 304, n. 6 (1992) ................................................ 5, 8

*McBrearty v. Brawley*
59 Cal.App.4th 1441, 1446 (1997) ..................................................... 6

*McCabe v. General Foods Corp.*
811 F.2d 1336, 1339 (9th Cir. 1987) .................................................. 2

*McClinton v. Alabama By-Products Corp.*
743 F.2d 1483, 1486, n. 4 (11th Cir. 1984) ...................................... 12

*Mercado-Garcia v. Ponce Fed. Bank*
979 F.2d 890, 896 (1st Cir. 1992) ................................................... 12

*Monroe v. Trustees of Calif. State Colleges*
6 Cal.3d 399, 405 (1971) .................................................................. 6

*Morris v. Princess Cruises, Inc.*
 236 F.3d 1061, 1067 (9th Cir. 2001) ................................................. 2

*Plute v. Roadway Package System, Inc.*
141 F.Supp.2d 1005, 1007 (N.D. Cal. 2001) ..................................... 2

*Pugh v. State Farm Insurance Companies*
227 Cal.App.3d 816 (1991) ............................................................... 12

*Raymond v. Christian*
24 Cal.App.2d 92, 113 (1937) ............................................................ 6

*Ritchey v. Upjohn Drug Co.*
139 F.3d 1313, 1319 (9th Cir. 1998) .................................................. 2

*Rose v. Petaluma & Santa Rosa Ry. Co.*
64 Cal.App.213, 217 (1923) ............................................................. 11

*Sanchez v. Monumental Life Ins. Co.*
102 F.3d 398, 404 (9th Cir. 1996) ................................................... 13

*Sessions v. Chrysler Corp.*
517 F.2d 759, 761 (9th Cir. 1975) ..................................................... 2

*Sime v. Malouf*
 95 Cal.App.2d 82 (1949) ............................................................... 5, 8

*Stallcop v. Kaiser Foundation Hospitals*
820 F.2d 1044, 1050 (9th Cir.), *cert. denied*, 484 U.S. 986 (1987) ....... 12

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND
Case No. C07-2829-VRW**

**Page iii**

*Stoll v. Runyon*
165 F.3d 1238, 1242 (9th Cir. 1999) .......................................... 9-10

*Vance v. Whirlpool Corp.*
716 F.2d 1010, 1012-13 (4th Cir. 1983) .................................... 12


<u>Statutes</u>

28 U.S.C. Section 1332(c)(1) ........................................................ 14

California *Code of Civil Procedure* Section 338 .............. 3, 5-7, 10

California *Code of Civil Procedure* Section 338(a) ..................... 6

California *Code of Civil Procedure* Section 352 ..................... 8-10

California *Code of Civil Procedure* Section 357 ....................... 11

California *Code of Civil Procedure* Section 1094.5 .................... 3

California *Code of Civil Procedure* Section 1094.6 ................. 3, 5

California *Code of Civil Procedure* Section 1094.6(b) .............. 3-4

California *Insurance Code* Section 10290(b)(2) ......................... 4

California *Insurance Code* Section 10291.5 ............................. 3-4

California *Insurance Code* Section 10291.5(h) ............... 2-3, 6, 10

California *Insurance Code* Section 10291.5(k) ........................... 5

*Federal Rules of Civil Procedure*, Rule 12(b)(6) ....................... 2


<u>Secondary Materials</u>

3 Witkin, *California Procedure* (4th Ed.), Actions §624 .............. 6

## I.  INTRODUCTION

In his motion to remand, plaintiff Alan Sukin asserts that he has a viable cause of action against the Commissioner of the California Department of Insurance (the "Commissioner").  To be certain, State Farm does not dispute that California *Insurance Code* Section 10291.5 authorized plaintiff to challenge the Commissioner's approval of the policy form under which State Farm insured him.  Instead, State Farm maintains that plaintiff's claim against the Commissioner is untimely and barred as a matter of law.

As more fully explained herein, it makes no difference which statute of limitations ultimately applies to that claim.  Indeed, even if the Court were to conclude that the most generous period of limitation ran from the latest date on which plaintiff might claim to have been harmed, plaintiff's claim against the Commissioner still would be barred as untimely.

To suggest otherwise, plaintiff now asserts that the applicable statute of limitations was tolled for the period during which he allegedly suffered from a mental incapacity.  For a variety of reasons, that assertion is unfounded:  1) there is no evidence of plaintiff's alleged mental incapacity; 2) plaintiff cannot toll the statute of limitations because his cause of action accrued before he allegedly had a mental incapacity; 3) the period of limitations expired before plaintiff allegedly had a mental incapacity; and 4) the fact that plaintiff was represented by counsel during the period he allegedly had a mental incapacity precludes him from claiming the statute of limitations was tolled.  Notwithstanding the arguments in plaintiff's moving papers, then, plaintiff's claim against the Commissioner is time-barred and cannot be revived.

Under those circumstances, plaintiff's claim against the Commissioner is a sham, and his joinder of the Commissioner as a defendant in this case was fraudulent.  Because the Commissioner's citizenship therefore must be ignored, plaintiff's motion to remand must be denied.

## II.  THIS MOTION MUST BE DENIED UNLESS PLAINTIFF HAS A VIABLE CLAIM AGAINST THE COMMISSIONER.

For purposes of determining diversity, "[a] district court may disregard a non-diverse party named in the state court complaint and retain federal jurisdiction if the non-diverse party

1   is joined as a sham or if the joinder is fraudulent."  *Plute v. Roadway Package System, Inc.*,

2   141 F.Supp.2d 1005, 1007 (N.D. Cal. 2001).

3         The "[j]oinder of a non-diverse defendant is deemed fraudulent, and that defendant's

4   presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to

5   state a cause of action against a resident defendant, and the failure is obvious according to the

6   settled rules of the state'."  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.

7   2001), quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  Some

8   Ninth Circuit cases therefore analogize the fraudulent joinder analysis to that the Court

9   conducts when ruling on a motion to dismiss under Rule 12(b)(6) of the *Federal Rules of Civil*

10  *Procedure.*  See, e.g., *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319 (9th Cir. 1998) [joinder

11  is not fraudulent if a case can withstand a 12(b)(6) motion directed to the sufficiency of the

12  cause of action, however labeled]; *Sessions v. Chrysler Corp.*, 517 F.2d 759, 761 (9th Cir.

13  1975) ["Inasmuch as appellant's case against the individual defendants was sufficient to

14  withstand a dismissal under [FRCP] 12(b)(6), the joinder of claims against them was not

15  fraudulent so as to warrant dismissal on that score."].

16        As explained elsewhere in this opposition, plaintiff has no viable claim against the

17  Commissioner.  Since plaintiff's joinder of the Commissioner therefore was fraudulent, the

18  Commissioner's nominal presence as a defendant named in the complaint neither defeats

19  diversity nor otherwise requires that this action be remanded.

20
21                    **III.  PLAINTIFF'S RELIANCE ON THIS COURT'S
                      DECISION IN *BRAZINA* IS MISPLACED.**

22        In his opposition, plaintiff relies principally on this Court's decision in *Brazina v. Paul*

23  *Revere Life Ins. Co.*, 271 F.Supp.2d 1163 (N.D. Cal. 2003).  In that case, the Court rejected an

24  argument that California *Insurance Code* Section 10291.5(h) made the plaintiff's claim against

25  the Commissioner untimely because the statute uses permissive language to recognize that a

26  petition for judicial review of the Commissioner's actions "may be filed at any time before the

27  effective date of the action taken by the Commissioner" without affirmatively stating that a

28  petition filed after that time would be untimely.  *Id.*, at 1170-71.  In this case, though, State

Farm does not merely argue that plaintiff's claim against the Commissioner is untimely under California *Insurance Code* Section 10291.5(h). To the contrary, State Farm also maintains that plaintiff's claim against the Commissioner is untimely under California *Code of Civil Procedure* Section 1094.5 and/or California *Code of Civil Procedure* Section 338.

Because the decision in *Brazina* does not address those arguments, plaintiff's reliance on that decision is misplaced. Indeed, as more fully demonstrated below, the decision in *Brazina* actually *supports* State Farm's position and conclusively establishes that other statutes of limitation make plaintiff's purported claim against the Commissioner untimely. In other words, plaintiff's own authority requires that this motion be denied.

### IV.  AS A MATTER OF LAW, PLAINTIFF'S CLAIM AGAINST THE COMMISSIONER IS TIME-BARRED.

In part, the Court's opinion in *Brazina* acknowledges that an insured may challenge the Commissioner's approval of policy language by seeking judicial review under California *Insurance Code* Section 10291.5. *Id.*, at 1167. It also explains that:

> "'The proper method of obtaining judicial review of most public agency decisions is by instituting a proceeding for a writ of mandate.' [citations]. There are two types of mandamus review: ordinary and administrative. [citations]. Section 1094.5 of the California Civil Procedure Code . . . provides for an administrative writ of mandate. Administrative mandamus is available only if the challenged decision results from a 'proceeding in which, by law: 1) a hearing is required to be given, 2) evidence is required to be taken, and 3) discretion in the determination of facts is vested in the agency. [citation]. If any agency is not required to hold a hearing, the agency's actions may be challenged through an ordinary writ of mandamus. [citations]."

*Id.*, at 1168; citations omitted. According to plaintiff's own authority, then, his claim against the Commissioner is not viable unless it satisfies the procedural requirements for either administrative or ordinary mandamus.

### A.  California *C.C.P.* Section 1094.6 Required that Any Petition for Administrative Mandamus be Filed Not Later Than May 7, 1995.

As the Court noted in *Brazina*, Section 1094.5 of the California *Code of Civil Procedure* provides for an administrative writ of mandate. *Id.*, at 1168. In pertinent part, Section 1094.6(b) of the California *Code of Civil Procedure* provides – in undeniably *mandatory* terms

– that "[a]ny such petition shall be filed not later than the 90th day following the date on which the decision becomes final."  Cal. *C.C.P.*§1094.6(b).  Pursuant to the express terms of that statute, then, any claim for administrative mandamus that plaintiff is purporting to make against the Commissioner is untimely unless it was filed not later than the 90th day following the date on which the Commissioner's approval of the policy form became final.

State Farm already has submitted documentary evidence which establishes that the Commissioner approved of the subject policy form on January 17, 1995.  See, *Notice of Removal*, Ex. 3.  By statute, the effectiveness of that approval was automatically stayed for 20 days.  Cal. *Ins. Code* §10291.5(h).  Absent a court-ordered stay or petition for review that was filed during those 20 days, the Commissioner's approval of the subject policy form became effective on February 6, 1995.  California *Code of Civil Procedure* Section 1094.6(b) therefore required that any petition for administrative mandamus which challenged the Commissioner's approval of the subject policy form be filed no later than May 7, 1995 (ie., the 90th day after the date the Commissioner's approval became effective).

Plaintiff missed that deadline by *nearly twelve full years*.

To escape the consequences of that fact, plaintiff now asks that the Court excuse his non-compliance with California *Code of Civil Procedure* Section 1094.6(b) because he did not receive notice of the Commissioner's approval of the policy form under which State Farm insured him.  *Moving Papers*, 11:3-5.  As plaintiff separately notes, though, the Commissioner approved of that policy form more than five years *before* he became insured under it.  *Moving Papers*, 10:21-23.  The Commissioner therefore had no reason to give plaintiff notice that the policy form had been approved.  Indeed, since California *Insurance Code* Section 10290(b)(2) prohibits the issuance or delivery of a disability policy to "any person" without the Commissioner's approval, the Commissioner would never have reason to give any person insured by a disability policy notice that the policy form had been approved.  Plaintiff's analysis therefore would yield a nonsensical (and unworkable) rule that affords every person insured by

///

///

a disability policy an unlimited period of time within which to challenge the Commissioner's approval.[1]

At the same time, there can be no dispute that California law charged plaintiff with a duty to read his policy when it first was delivered to him. *Malcolm v. Farmers New World Life Ins. Co.*, 4 Cal.App.4th 296, 304, n. 6 (1992); See also, *Hackethal v. National Casualty Co.*, 189 Cal.App.3d 1102, 1108-11 (1987) [same]. Plaintiff's receipt of the policy therefore gave him constructive notice that the Commissioner had approved of its terms, and his acceptance of the policy without objection now precludes him from contending otherwise. *Aetna Casualty & Surety Co. v. Richmond*, 76 Cal.App.3d 645, 652 (1977). It therefore follows that, as of August 2000 [*Complaint*, ¶6], plaintiff had both notice of facts sufficient to put a prudent person on inquiry about the Commissioner's approval of the policy and the means for discovering those facts. *Sime v. Malouf*, 95 Cal.App.2d 82 (1949). In turn, plaintiff's failure to seek judicial review of the Commissioner's approval until more than six years after he received the policy establishes that his claim against the Commissioner is untimely. *Id.*

## B. California *C.C.P.* Section 338 Required that Any Petition for Ordinary Mandamus be Filed Not Later Than February 6, 1998.

In his moving papers, plaintiff asserts that California *Code of Civil Procedure* Section 1094.6 "pertains solely to judicial review of the acts of a 'local agency'." *Moving Papers*, 10:14-16. Plaintiff also asserts that California *Code of Civil Procedure* Section 1094.6 is "irrelevant" to his claims against the Commissioner because the California Department of Insurance "is not a 'local agency'." *Id.* However, plaintiff offers no legal authority whatsoever to support his assertion that the California Department of Insurance is not a local agency.

Even if that authority exists, the authorities on which plaintiff relies elsewhere in his moving papers clarify that any claim for judicial review of the Commissioner's approval of the subject policy still must satisfy the procedural requirements for ordinary mandamus. Indeed,

---

[1] Such a rule also would be irreconcilable with Cal. *Insurance Code* Section 10291.5(k), which states (in part) that any policy issued on a form approved by the commissioner "shall, as between the insurer and insured . . . be conclusively presumed to comply with, and conform to, this section."

1   because "there is no statutory requirement that the Commissioner conduct an evidentiary

2   hearing in order to approve an insurance policy," the Court in *Brazina* reasoned that claims like

3   those plaintiff purports to state against the Commissioner in this case should be treated as

4   ones seeking "ordinary writ of mandamus."

5           The statute of limitations that applies to a claim for ordinary writ of mandamus depends

6   on the right or obligation involved.  See, *Allen v. Humboldt County Bd. of Supervisors*, 220

7   Cal.App.2d 877, 844 (1963); See also, 3 Witkin, *California Procedure* (4th Ed.), Actions §624.

8   According to his moving papers, plaintiff's claim against the Commissioner seeks mandamus

9   to compel the performance of a statutory duty.  See, e.g., *Moving Papers*, 5:20-7:4.  It has long

10  been settled that such claims are governed by the 3-year limitation prescribed by California

11  *Code of Civil Procedure* Section 338(a).  See, e.g., *Howard Jarvis Taxpayers Assn. v. La*

12  *Habra*, 25 Cal.4[th] 809, 815 (2001).[2]  Plaintiff's own authorities therefore required that he file his

13  complaint against the Commissioner "[w]ithin three years."  Cal. *C.C.P.* §338.

14          Again, State Farm already has submitted documentary evidence which establishes that

15  the Commissioner approved of the subject policy form on January 17, 1995.  See, *Notice of*

16  *Removal*, Ex. 3.  Absent a court-ordered stay or petition for review that was filed during the 20

17  days that followed, the Commissioner's approval of the subject policy form became effective

18  on February 6, 1995.  Cal. *Ins. Code* §10291.5(h).  Plaintiff's claim against the Commissioner

19  therefore is barred because it was not filed before February 6, 1998.

20  **1.  Plaintiff Cannot Toll the Period of Limitations by Claiming Delayed Discovery.**

21          In part, plaintiff's moving papers assert that the 3-year period of limitations prescribed

22  by California *Code of Civil Procedure* Section 338 should not be deemed to have started when

23  the Commissioner approved of the subject policy form because, at that time, "he [wa]s not a

24  
    _____

25  [2] See also, *Harby v. Board of Education*, 2 Cal.App. 418 (1905) [mandamus to compel restoration of statutory

26  position]; *Raymond v. Christian*, 24 Cal.App.2d 92, 113 (1937); *Dillon v. Board of Pension Commissioners*, 18
    Cal.2d 427, 429 (1941) [mandamus to compel payment of pension]; *Leahey v. Department of Water & Power*, 76

27  Cal.App.2d 281, 286 (1946) [same]; *Monroe v. Trustees of Calif. State Colleges*, 6 Cal.3d 399, 405 (1971); *Peles
    v. La Bounty*, 90 Cal.App.3d 431, 435 (1979); and *McBrearty v. Brawley*, 59 Cal.App.4[th] 1441, 1446 (1997)

28  [mandamus to enforce city's obligation under Prop 62].

1   policyholder . . . not disabled and not entitled to benefits." *Moving Papers*, 11:22-25.  In

2   essence, then, plaintiff asserts that the period of limitations prescribed by California *Code of*

3   *Civil Procedure* Section 338 should (for some reason) be tolled until he personally discovered

4   that the Commissioner had approved of the subject policy form.

5       However, California *Code of Civil Procedure* Section 338 does not provide for the tolling

6   of any period of limitations because of a delay in the plaintiff's discovery of certain facts, and

7   plaintiff offers no other authority for doing so.  This Court therefore should summarily reject

8   plaintiff's request that the period of limitations applicable to his claim against the Commissioner

9   be tolled for delayed discovery.

### 2.  If the Commissioner Damaged Plaintiff, That Damage Occurred No Later Than the Date on Which Plaintiff Received the Policy.

12      In his moving papers, plaintiff also asserts that he has a tenable claim against the

13  Commissioner because his "causes of action arose only when [State Farm] denied" his claim

14  for benefits under the subject policy.  *Moving Papers*, 12:9-10.  However, the timeliness of

15  plaintiff's claim against the Commissioner does not depend on when plaintiff allegedly was

16  harmed by <u>*State Farm*</u>.  Rather, the timeliness of plaintiff's claim against the Commissioner

17  depends on when (if ever) plaintiff was harmed by <u>*the Commissioner*</u>.

18      Indeed, if the Commissioner's approval of the subject policy form harmed plaintiff,

19  plaintiff experienced that harm when he received in exchange for his premium payment an

20  insurance policy that the Commissioner should not have approved.  According to the

21  allegations in plaintiff's complaint, plaintiff received such a policy in August 2000.  *Complaint*,

22  ¶6 and Ex. A.  The judicial admissions in plaintiff's complaint therefore conclusively establish

23  that his claim against the Commissioner accrued no later than August 2000 – *ie.*, nearly seven

24  years before he filed the complaint in this action.  See, e.g., *American Title Ins. Co. v. Lacelaw*

25  *Corp.*, 861 F.2d 224 (9th Cir. 1988) ["Factual assertions in pleadings and pretrial orders, unless

26  amended, are considered judicial admissions *conclusively* binding on the party who made

27  them."].

28  ///

1    As explained above, it makes no difference that plaintiff may claim to not have
2    appreciated the (alleged) harm that the Commissioner caused until some later date.
3    Specifically, California law charged plaintiff with a duty to read his policy when it first was
4    delivered to him.  *Malcolm v. Farmers New World Life Ins. Co.*, 4 Cal.App.4[th] 296, 304, n. 6
5    (1992); See also, *Hackethal v. National Casualty Co.*, 189 Cal.App.3d 1102, 1108-11 (1987)
6    [same].  Plaintiff's receipt of the policy therefore gave him constructive notice that the
7    Commissioner had approved of its terms.  *Aetna Casualty & Surety Co. v. Richmond*, 76
8    Cal.App.3d 645, 652 (1977).  It therefore follows that, as of August 2000 [*Complaint*, ¶6],
9    plaintiff had both notice of facts sufficient to put a prudent person on inquiry about the
10   Commissioner's approval of the policy and the means for discovering those facts.  *Sime v.*
11   *Malouf*, 95 Cal.App.2d 82 (1949).  In turn, plaintiff's failure to seek judicial review of the
12   Commissioner's approval until more than six years after he received the policy establishes that
13   his claim against the Commissioner is untimely.  *Id.*

## V.  PLAINTIFF'S ALLEGED MENTAL INCAPACITY HAS NO EFFECT
## ON THE TIMELINESS OF HIS CLAIM AGAINST THE COMMISSIONER.

16    In a thinly-veiled attempt to revive his time-barred claim against the Commissioner, the
17   moving papers direct the Court to a portion of the complaint in which plaintiff made the
18   following allegation:

20       "During the adjustment of Plaintiff's disability insurance claim, from March
         15, 2003 through the present . . . Mr. SUKIN lacked the mental capacity to have
21       a full understanding of his rights, and to deal with the Defendants' disability
         insurance POLICY and Defendants' actions thereunder, and was not mentally
22       competent to understand the nature, purpose and effect of the POLICY, Plaintiff's
         obligations (if any), and Defendants' actions under the POLICY."

23   *Complaint*, ¶16; See also, *Moving Papers*, 13:14-17.  According to plaintiff, that allegation
24   alone is sufficient to toll the period of limitations under California *Code of Civil Procedure*
25   Section 352.  As explained herein, though, there are numerous reasons that plaintiff's alleged
26   mental incapacity has no effect whatsoever on the timeliness of his claim against the
27   Commissioner.  Plaintiff's arguments to the contrary therefore must be rejected.
28   ///

### A.  Plaintiff's Allegations About a Mental Incapacity are Insufficient, Unsupported and Demonstrably False.

In his moving papers, plaintiff offers just one authority to support his contention that the statute of limitations can be tolled because of his alleged mental incapacity.  *Moving Papers*, 13:14-15, citing *Feeley v. Southern Pacific Transportation Co.*, 234 Cal.App.3d 949 (1991).  However, even a cursory review of plaintiff's authority reveals that his allegations about a mental incapacity are insufficient to toll any statute of limitations that is applicable to his claims.

Specifically, the plaintiff in *Feeley* was injured on the defendant's premises, after which he was in a coma for 12 days.  He later recovered and filed a complaint one day after the applicable statute of limitations expired.  When doing so, he asserted that the period of limitations had been tolled because he had been "insane" within the meaning of California *Code of Civil Procedure* Section 352.  When evaluating that argument for tolling, the Court in *Feeley* explained that California *Code of Civil Procedure* Section 352 required proof that the plaintiff was "incapable of caring for his property or transacting business or understanding the nature or effects of his acts."  *Feeley, supra*, 234 Cal.App.3d at 951-952.  Because it could not make a "rational distinction between a person rendered completely unconscious by trauma, and a person who remains conscious but incapable," the Court in *Feeley* concluded that the plaintiff had met his burden under California *Code of Civil Procedure* Section 352.

Here, however, plaintiff makes no similar allegation.  At best, he alleges that he "lacked the mental capacity to have a full understanding of his rights" and "was not mentally competent to understand the nature, purpose and effect of" the subject policy.  *Complaint*, ¶16.  According to his own authority, though, plaintiff cannot toll the statute of limitations without proving something more than an impaired capacity to understand his rights – the Court in *Feeley* explained that plaintiff must plead (and prove) that he was "incapable of caring for his property or transacting business or understanding the nature or effects of his acts."  *Feeley, supra*, 234 Cal.App.3d at 951-952.  The bare allegations in plaintiff's complaint therefore are insufficient to toll the statute of limitations.  See e.g., *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th ///

1  Cir. 1999) [equitable tolling for mental incompetence is allowed in "extraordinary

2  circumstances"].

3          Plaintiff's allegations also are unsupported.  In addition, they are demonstrably false.

4  For example, a report that plaintiff's health care provider prepared on March 18, 2003 (*ie.*,

5  three days after plaintiff alleges himself to have become mentally incompetent) noted that:

6

7          "Mr. Sukin is actually doing somewhat better at work.  His behavior is
        gradually coming under control.  He is working extensively with Dr. Rome.
8          Overall, I am optimistic that Mr. Sukin will continue to show some significant
        improvement."

9  *Pohls Decl.*, Ex. 1.  In addition, the documentary evidence in State Farm's claim files confirm

10 that plaintiff personally communicated with State Farm about his policy, his condition, his

11 medical history and his claim for benefits on (among other dates) March 14, 2003, March 21,

12 2003, June 20, 2003, July 1, 2003 and August 5, 2003.  *Pohls Decl.*, Ex. 2.  In light of that

13 evidence, plaintiff cannot legitimately claim that he "lacked the mental capacity to have a full

14 understanding of his rights" and "was not mentally competent to understand the nature,

15 purpose and effect of" the subject policy.  Cf., *Complaint*, ¶16.

16         More importantly, that evidence establishes that plaintiff cannot possibly prove that he

17 was "incapable of caring for his property or transacting business or understanding the nature

18 or effects of his acts."  *Feeley, supra*, 234 Cal.App.3d at 951-952.  Accordingly, any assertion

19 that the statute of limitations was tolled as of March 15, 2003 because plaintiff was thereafter

20 "insane" within the meaning of California *Code of Civil Procedure* Section 352 must be

21 rejected.  See e.g., *Stoll, supra,* 165 F.3d at 1242.

22

23             **B.  The Statute of Limitations Expired Before**
              **Plaintiff Allegedly Had a Mental Incapacity.**

24         As demonstrated above, the Commissioner's approval of the policy form under which

25 State Farm insured plaintiff became effective on February 6, 1995.  Cal. *Ins. Code*

26 §10291.5(h).  By its express terms, California *Code of Civil Procedure* Section 338 therefore

27 required that plaintiff file his complaint against the Commissioner no later than February 6,

28 1998.

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND
Case No. C07-2829-VRW**                                         **Page 10**

1    Plaintiff's allegation that he has been "mentally incompetent" since March 15, 2003

2  therefore misses the mark.  *Complaint*, ¶16.  By then, the statute of limitations applicable to his

3  claim already had expired.  Any alleged period of mental incompetence that started five years

4  after plaintiff's claim became stale simply is irrelevant.

5

6  **C.  Plaintiff Cannot Toll the Statute of Limitations Because His**
   **Cause of Action Accrued Before He Allegedly Had a Mental Incapacity.**

7    Even if this Court were to conclude that plaintiff's claim against the Commissioner did

8  not accrue until he received the subject policy, plaintiff's alleged mental incapacity still could

9  not toll the applicable period of limitations.

10    Specifically, California *Code of Civil Procedure* Section 357 plainly and unambiguously

11  states that "[n]o person can avail himself of a disability, unless it existed when his right of

12  action accrued."  Cal. *C.C.P.* §357.  According to his complaint, though, plaintiff received the

13  policy in August 2000 – more than two and a half years before he allegedly was mentally

14  incompetent.  *Complaint*, ¶6 and Ex. A; Cf., *Complaint*, ¶16.  Since the judicial admissions in

15  plaintiff's complaint therefore conclusively establish that his alleged disability did not exist

16  when his claim against the Commissioner accrued, plaintiff cannot possibly toll the applicable

17  period of limitations.  Cal. *C.C.P.* §357; See also, *Rose v. Petaluma & Santa Rosa Ry. Co.*, 64

18  Cal.App.213, 217 (1923) [once the cause of action has accrued and the statute commences to

19  run, no subsequent disability will suspend it]; *Larsson v. Cedars of Lebanon*, 97 Cal.App.2d

20  704, 707 (1950) [same].

21

22  **D.  Plaintiff Cannot Toll the Statute of Limitations for His Alleged**
    **Mental Incapacity Because He Was Represented by an Attorney.**

23    On March 14, 2003, plaintiff told State Farm that he might consult with an attorney

24  regarding his claim for benefits under the subject policy.  *Pohls Decl.*, Ex.2.  He made a similar

25  statement on March 21, 2003.  *Pohls Decl.*, Ex. 2.  Sometime thereafter, plaintiff hired an

26  attorney who sent State Farm a letter on January 30, 2004 to confirm that he had been

27  "retained to represent the interests" of plaintiff in connection with his claim for benefits.  *Pohls*

28  *Decl.*, Ex. 3.

1    By that time, the period of limitations applicable to plaintiff's claim against the

2    Commissioner already had expired.  See, Section V.B, *supra*.  However, even if plaintiff

3    somehow could establish that he had a claim against the Commissioner which was not time-

4    barred when he allegedly became mentally incompetent, the undeniable fact that he retained

5    an attorney in January 2004 leaves no doubt that his claim against the Commissioner is now

6    time-barred.

7    Indeed, the Ninth Circuit has consistently held that a statute of limitations may not be

8    tolled when a party is represented by an attorney or has consulted with one to determine his or

9    her legal rights.  See, *Stallcop v. Kaiser Foundation Hospitals*, 820 F.2d 1044, 1050 (9th Cir.),

10   *cert. denied*, 484 U.S. 986 (1987); Accord, *Leorna v. United States Dept. of State*, 105 F.3d

11   548, 551 (9th Cir. 1997).[3]  California's appellate courts likewise adhere to the principle that a

12   party who is represented by an attorney cannot toll the period of limitations because he or she

13   is deemed to have constructive knowledge of the statute of limitations governing distinct

14   causes of action.  See, e,g, *Associated Truck Parts, Inc. v. Superior Court*, 228 Cal.App.3d

15   864, 867-870 (1991); *Pugh v. State Farm Insurance Companies*, 227 Cal.App.3d 816 (1991).

16   At best, then, plaintiff's unsupportable allegation might allow him to toll the applicable

17   period of limitations for the ten and a half months that passed between the onset of his alleged

18   mental incompetence (March 15, 2003) and the date he retained an attorney (January 30,

19   2004).  Once plaintiff retained that attorney, though, the period of limitations applicable to any

20   claim which was not already time-barred would have resumed.  Even giving plaintiff the

21   maximum benefit of the allegations in his complaint, it therefore follows that plaintiff's claim

22   against the Commissioner became stale and time-barred by June 2004 (*ie*., ten months after

23

24   _____

25   [3] Other circuits that have addressed this issue are in accord.  See, e.g., *Keyse v. California Texas Oil Corp.*, 590 F.2d 45, 47 (2nd Cir. 1978) ["even assuming that tolling is permissible . . . tolling would be improper if appellant was represented by counsel."]; *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, 515 F.2d 1195, 1200, n. 8

26   (5th Cir. 1975) [plaintiff who consulted an attorney before limitations period ran "had the 'means of knowledge' of his ADEA rights, for the very purpose of consulting an attorney is to ascertain what legal redress arises out of a

27   factual situation encompassing a supposed wrong."]; See also, *Mercado-Garcia v. Ponce Fed. Bank*, 979 F.2d 890, 896 (1st Cir. 1992); *Vance v. Whirlpool Corp.*, 716 F.2d 1010, 1012-13 (4th Cir. 1983); *Daugherity v. Traylor*

28   *Bros., Inc.*, 970 F.2d 348, 353, n.8 (7th Cir. 1992); *Beshears v. Asbill*, 930 F.2d 1348, 1351 (8th Cir. 1991); and *McClinton v. Alabama By-Products Corp.*, 743 F.2d 1483, 1486, n. 4 (11th Cir. 1984).

the third anniversary of the date on which plaintiff received a policy he alleges the Commissioner should not have approved).

### VI.  HAVING MADE A SETTLEMENT DEMAND FOR $3.5 MILLION, PLAINTIFF CANNOT LEGITIMATELY DISPUTE THAT THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

Plaintiff falsely proposes that, because *his complaint* does not allege damages in excess of $75,000, State Farm cannot demonstrate that diversity jurisdiction exists.  *Moving Papers, 13:23-14:3.*  In the process, though, plaintiff misstates the applicable law.  Specifically, the authorities on which plaintiff relies in his moving papers provide no support for the proposition that a complaint must allege damages in excess of the jurisdictional minimum in order for diversity jurisdiction to exist.  To the contrary, those authorities merely clarify that, if a complaint does not expressly allege damages in excess of the jurisdictional minimum, the removing party must demonstrate by a preponderance of the evidence that the jurisdictional minimum has been met.  See, e.g., *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

In this case, plaintiff purports to state claims against State Farm for breach of contract, breach of the implied covenant of good faith and fair dealing, intentional misrepresentation, and intentional infliction of emotional distress.  In connection with those claims, the complaint prays for unspecified general and special damages, financial losses (including attorneys' fees and investigation costs), and punitive damages.  *Complaint*, Section VII.  Although the complaint does not quantify those damages, plaintiff independently valued his alleged financial losses at approximately $700,000.  *Pohls Decl.*, Ex. 4.  In addition, plaintiff's original attorney demanded that State Farm pay $3 million to resolve his related claims, and plaintiff's attorneys of record later demanded that State Farm pay $3.5 million to resolve those claims.  *Pohls Decl.*, Ex. 5.  Under those circumstances, plaintiff cannot be heard to object that the amount in controversy fails to exceed the jurisdictional minimum.

///

///

///

1

## VII.  STATE FARM IS AN OUT-OF-STATE DEFENDANT FOR DIVERSITY PURPOSES.

Plaintiff also asserts that State Farm has failed to offer any admissible evidence to establish that it is a citizen of a different state.  *Moving Papers*, 14:6-10.  Of course, State Farm was not required to make such an evidentiary showing in its removal notice.  At the same time, there can be no genuine dispute that State Farm is a mutual company, organized and existing under the laws of the State of Illinois.  *Pohls Decl.*, Ex. 6.  Likewise, there can be no genuine dispute that State Farm has its principal place of business in the State of Illinois.  *Id.*

For the purposes of diversity, then, State Farm must be considered a citizen of the State of Illinois.  28 U.S.C. §1332(c)(1).  In turn, State Farm's citizenship does nothing to suggest this case must be remanded.

## VIII.  THE COMMISSIONER'S CONSENT TO THE REMOVAL OF THIS ACTION WAS NOT REQUIRED.

Plaintiff's final argument in support of this motion challenges that State Farm's notice of removal was procedurally defective because the Commissioner did not give his consent. *Moving Papers, 14:13-16.*  However, a well-established judicially created doctrine provides an exception to the rule of unanimity for any party who has been fraudulently joined.  *Emrich v. Touche Ross & Company,* 846 F.2d 1190, 1193, n.1 (9th Cir. 1988); See also, *Brazina, supra*, 271 F.Supp.2d at 1167.  Accordingly, State Farm's showing that plaintiff fraudulently joined the Commissioner as a party to this action also establishes that the Commissioner's consent was not required for this action to be removed.

## IX.  CONCLUSION

As demonstrated above, plaintiff's claim against the Commissioner is time-barred. Indeed, it makes no difference which statute of limitation is applied to that claim.  It also makes no difference whether that claim is deemed to have accrued when the Commissioner took the action to which plaintiff objects or when plaintiff received a policy that he claims the Commissioner should not have allowed State Farm to issue.  In either case, the applicable statute of limitation expired long before plaintiff filed his complaint.

1  Plaintiff's allegation that he was mentally incompetent is demonstrably false, and there
2  is neither factual nor legal support for his related suggestion that the period of limitation should
3  be tolled for any period of mental incompetence.  Plaintiff's other objections to State Farm's
4  removal of this action are equally specious.  State Farm therefore respectfully requests that the
5  Court deny this motion to remand.
6
7                                          POHLS & ASSOCIATES
8
9                                          _____
10                                         Robert R. Pohls
                                           Attorney for Defendant **State Farm**
11                                         **Mutual Automobile Insurance Company**
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND
Case No. C07-2829-VRW**                                          Page 15