1  Ray Bourhis, Esq. SBN 53196
   Lawrence Mann, Esq. SBN 83698
2  Bennett M. Cohen, Esq. SBN 90865
3  **BOURHIS & MANN**
   1050 Battery Street
4  San Francisco, CA 94111
   Tel: (415) 392-4660; Fax: (415) 421-0259
5
6  Attorneys for Plaintiff ALAN SUKIN

7

8

9             IN THE UNITED STATES DISTRICT COURT

10        FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12 ALAN SUKIN,                              ) Case No.:  C 072829 VRW **(E-FILING)**
                                            )
13         Plaintiff,                       ) PLAINTIFF ALAN SUKIN'S
                                            ) OPPOSITION TO MOTION TO DISMISS
14    v.                                    ) OF DEFENDANTS STATE FARM
                                            ) AUTOMOBILE INSURANCE
15                                          ) COMPANY AND STATE FARM
   STATE FARM AUTOMOBILE INSURANCE          ) INSURANCE COMPANIES
16 COMPANY, STATE FARM INSURANCE            )
   COMPANIES, THE COMMISSIONER OF THE       )
17 CALIFORNIA DEPARTMENT OF                 ) DATE:   September 13, 2007
   INSURANCE; and DOES 1 through 20, inclusive ) TIME:   2:00 P.M.
18                                          ) DEPT:   Courtroom 6, 17TH Floor
19         Defendants.                      )
                                            ) TRIAL DATE:  Not Yet Set
20                                          )
                                            )
21 _____ )

22

23

24

25

26

27

28
─────────────────────────────────────────────
Case No.:  C 072829 VRW (E-FILING)

PLAINTIFF ALAN SUKIN'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS STATE FARM
AUTOMOBILE INSURANCE COMPANY AND STATE FARM INSURANCE COMPANIES

## TABLE OF CONTENTS

I.    PROCEDURAL POSTURE AND NATURE OF CASE ................................. 1

II.   LEGAL ARGUMENT .................................................................................... 1

    A.    A RULE 12(B)(6) MOTION TESTS A PARTY'S ALLEGATOINS, NOT THE EVIDENCE ................................................................................ 1

    B.    DEFENDANT INSURER HAS FIALED TO ESTABLISH THAT THE STATUTE OF LIMITATIONS HAS RUN AS TO ANY OF PLAINTIFF'S CAUSES OF ACTION .................................................... 2

        1)    As Plaintiff Has Not Alleged That Defendant Insurer Made An "Unequivocal Denial" Of His Claim And Continued To Adjust His Claim, The Statute Of Limitations Was Not triggered And Therefore Has Not Run ................................................................... 2

        2)    As Each Failure By Defendant Insurer To Pay Monthly Benefits Gives Rise To A Separate Cause Of Action And Triggers A New Statute Of Limitations, Plaintiff's Causes Of Action Are Not Time Barred .............................................................. 3

        3)    Plaintiff Has Sufficiently Alleged, Under California Law, That All Statutes Of Limitation Were Tolled .......................................... 4

    C.    A "JUSTICIABLE CONTROVERSY" EXISTS AS PLAINTIFF HAS PLED THAT DEFENDANT INSURER FAILED TO PAY BENEFITS UNDER THE POLICY UNTIL AUGUST, 2005 .............. 5

    D.    INSURER DEFENDANT'S CONDUCT IN CAUSING PLAINTIFF'S EMOTIONAL DISTRESS, AS ALLEGED, IS NOT PRIVILEGED ........................................................................................... 5

    E.    DEFENDANT INSURER HAS FAILED TO ESTABLISH THAT THE CAUSES OF ACTION ASSERTED AGAINST THE COMMMISSIONER ARE TIME BARRED ......................................... 7

        1)    Causes Within The Northern District Unequivocally Hold That Identical Causes Of Action Brought Against The Commissioner Are Not Time Barred By The Provisions Of The California Insurance Code ............................................................. 7

        2)    California Code of Civil Procedure Section 1094.6, Which Defendant Insurer Contends Renders Plaintiff's Causes Of Action Time Barred, Applies Only To "Local Agencies" – And, Therefore, Not To The Commissioner .................................... 9

        3)    California Code Of Civil Procedure Section 338 Does Not Render Plaintiff's Causes Of Action Against The Commissioner Time Barred .............................................................. 10

            a. Courts In The Northern District Have Held That The Three Year Statute Of Limitation Provided By Code Of Civil Procedure Section 338 Does Not Render Identical Causes Of Action Against The Commissioner Time Barred ........................... 10

i

CASE NO.: C-07-2829 VRW (E-FILING)

**PLAINTIFF ALAN SUKIN'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS STATE FARM AUTOMOBILE INSURANCE COMPANY AND STATE FARM INSURANCE COPANIES**

# TABLE OF CONTENTS

**Page(s)**

b.  Damage Is An Essential Element OF Any Cause Of Action, The Three Year Statute Of Limitations Provided By Code Of Civil Procedure Section 338 Does Not Begin To Run Until The Insurer Actually Denies The Insured's Claim ................................. 12

c.  As This Court Only Adjudicates Actual Cases And Controversies, The Three Year Statute Of Limitations Provided By Code Of Civil Procedure Section 338 Does Not Begin To Run Until The Date The Claim Is Denied ....................................... 13

d.  California Insurance Code §10291.5 Should Be Liberally Construed To Effectuate Its Purposes And Intentions Or Avoiding Ambiguous And Misleading Policy Provisions As Well As Permitting Judicial Review.................................................. 15

F.     CONTRARY TO DEFENDANT INSURER'S CONTENTION THAT PLAINTIFF SEEKS TO CONTROL THE COMMISSIONER'S DISCRETIONARY AUTHORITY, PLAINTIFF'S PETITION FOR MANDAMUS SEEKS TO COMPEL THE EXERCISE OF THE COMMISSIONER'S DISCRETION AND DOES NOT SEEK TO COMPEL THE PERFORMANCE OF A SPECIFIC ACT ....................................................................... 16

III     CONCLUSION............................................................................ 16

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

Balisteri v. Pacifica Police Dept., 901 F.2d 696 (9th Cir. 1990) ..................................    1

Borsuk v. Massachussetts Mutual Insurance Company, 2003 U.S. Dist. LEXIS
        25259 (NN.D. Cal. 2003)..............................................    10,11

Brazina v. Paul Revere Life Ins. Co., 271 F.Supp.2d 1163 (N.D. Cal. 2003)............    7,8,10

Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336 (9th Cir. 1996)............................................    2

Conley v. Gibson, 355 U.S. 41, 45-46; 78 S.Ct. 99, 102..............................................    1

DeLaCruz v. Tormey, 582 F.2d 696 (9th Cir. 1990) ......................................................    1

Maiolino v. Unumprovident Corp., 2004 U.S. Dist. LEXIS 7556 ...............................    8,11

Nietzke v. Williams., 490 U.S. 319, 199 S. Ct. 1827 (1989)........................................    2

NL Industries , Inc. v. Kaplan, 792 F.2d 896 (9th Cir. 1986)......................................    2

Parks School of Business, Inc. v. Symington, 51 F.3d 1480 (9th Circ. 1995) ..............    2

Societe De Conditionnement En Aluminium, 655 F.2d 938 (9th Cir. 1980) ...............    13,14

Steel Company v. Citizens For A Better Environment, 523 U.S. 83 (1998)................    13

Sullivan v. Unum Life Ins. Co. of Amer., 2004 U.S. Dist. LEXIX 7010 (N.D.Cal.
        2004) ............................................................................    10

Whitmore v. Arkansas, 495 U.S. 149, 155 (1990)........................................................    13

**STATE CASES**

Alcott Rehab. Hosp. v. Superior Court,  (2001) 93 Cal.App.4[th] 94...............................    4

Allen v. Gardner,  (1954) 126 Cal.App.2d 335 ............................................................    12

Ballard v. Anderson  (1971) 4 Cal.3d 873 ....................................................................    16

Blumhorst v. Jewish Family Services of Los Angeles (2005) 126 Cal.App. 4th 993 ...    14

Common Cause of Cal. V. Bd. Of Supervisors, (1989)  49 Cal.3d 432 ......................    14

Davies v. Krasna, (1975)  14 Cal.3d 502........................................................................    12

Dillon v. Board of Pension Commissioners of the City of L.A.,

(1941) 18 Cal.2d 427 .......................................................................................    12

CASE NO.: C-07-2829 VRW (E-FILING)
**PLAINTIFF'S MOTION REMANDING THE ACTION BACK TO STATE COURT**

## TABLE OF AUTHORITIES

Page(s)

Erreca v. Western States Life Ins. Co., (1942) 19 Cal.2d 388 .......................................... 3

Econ. Empowerment Found v. Quackenbush, (1998) 65 Cal.App.4th 1397 .................. 8

Feeley v. Southern Pacific Transportation Co., (1991) 234 Cal.App.3d 949 ............... 4

Fletcher v. Western National Life Ins. Co., (1970) 10 Cal.App.3d 376 ...................... 5,6

Hollman v. Warren, (1948) 32 Cal.2d 351, 355 ......................................... 16

Knoff v. City & County of San Francisco, (1969) 1 Cal.App. 3d 184, 197) ................ 16

Neff v. New York Life, (1947) 30 Cal.2d 165, 170 ......................................... 2

Ragan v. City of Hawthorne, (1989) 212 Cal.App.3d 1361 ........................................ 12

Schmier v. Supreme Court, (2000) 78 Cal.App.4th 703 ......................................... 14

Sklar v. Franchise Tax Board, (1986) 185 Cal. App.3d 616, 622 ............................ 16

Torres v. City of Yorba Linda, (1993) 13 Cal.App.4th 1035 ................................... 14

Walker v. Pacific Indem. Co., 183 Cal. App.2d 513 ......................................... 12

Younan v. Equifax, Inc., et al., (1980) 111 Cal.App.3d 498 ................................. 6

## STATUTES

California Insurance Code
    §790.03(h)  ................................................................................... 1
    §10291.5  ............................................................................... 1,15
    §12921.5(b)(13) ............................................................... 8
    §10291.5(h) ...................................................................... 7
    §10291.5(i) ...................................................................... 15,16

Code of Civil Procedure
    §338     ......................................................................... 10,11,12
    §338(a)      .................................................................... 10,11
    §352     ............................................................................ 4
    §1094.6  ......................................................................... 9,10
    §1094.6(a) ..................................................................... 9
    §1094.6(b) ..................................................................... 9
    §54951  .......................................................................... 9

CASE NO.: C-07-2829 VRW (E-FILING)
PLAINTIFF'S MOTION REMANDING THE ACTION BACK TO STATE COURT

1

2

**OTHER**

Fair Claims Settlement Practices Regulations,
   10 Cal. Admin Code §2695.1     ……………………………………….……...      1

Rest.2d Torts,
   §46, com.g.     ……………………………………………………….……...      6
   §773.     ……………………………………….……………………….……...      6

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Plaintiff Alan Sukin ("Plaintiff") respectfully opposes the motion to dismiss filed by State

2  Farm Mutual Automobile Insurance Company and State Farm Insurance Companies (referred to

3  collectively as "Defendant Insurer").

## I.    PROCEDURAL POSTURE AND NATURE OF CASE

5    This case was filed in Superior Court in and for the County of San Francisco on April 20,

6  2007. The Defendant Insurer was served with the Complaint on April 16, 2007. The Commissioner

7  was served on May 1, 2007.  Defendant Insurer removed the action on May 31, 2007.  (See

8  Declaration of Bennett M. Cohen in support of motion to remand, Paragraph 2).

9    In his complaint -- a complaint which raises no federal question -- Plaintiff alleges that

10  Defendant Insurer wrongfully failed to pay disability benefits owing to him under his policy when

11  he became disabled from his occupation as a Network Architect/Project Manager. COMPLAINT ¶¶

12  6, 17.   Plaintiff further alleges that he has been injured by the Commissioner's failure: (1) to

13  enforce the mandatory minimum requirements of the California Insurance Code ("Insurance

14  Code"); (2) to execute his required duties with respect to Insurance Code §§790.03(h) and 10291.5;

15  and (3) to execute his required duties with respect to the Fair Claims Settlement Practices

16  Regulations (10 Cal. Admin Code §2695.1 *et seq.*).  COMPLAINT ¶¶ 60-75.

## II.    LEGAL ARGUMENT

### A.  A RULE 12(B)(6) MOTION TESTS A PARTY'S ALLEGATIONS, NOT THE EVIDENCE

20    A Rule 12(b)(6) motion tests the *legal sufficiency* of the claims stated in the complaint.

21  *Conley v. Gibson*, 355 U.S. 41, 45-46; 78 S.Ct. 99, 102; *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th

22  Cir. 1978).  The Court must determine whether, assuming all of the facts alleged to be true, the

23  plaintiff would be entitled to some form of legal remedy.  Unless the answer is unequivocally "no,"

24  the motion must be denied. *Id.* Thus, a Rule 12(b)(6) dismissal is proper only where there is either

25  a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

26  theory. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

27

28

Case No.: C 072829 VRW (E-FILING)

PLAINTIFF ALAN SUKIN'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS STATE FARM
AUTOMOBILE INSURANCE COMPANY AND STATE FARM INSURANCE COMPANIES

1    In ruling on a 12(b)(6) motion to dismiss, the court must construe the allegations of the

2    complaint in the light that is most favorable to the plaintiff. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d

3    336, 337-338 (9th Cir. 1996); *Parks School of Business, Inc. v. Symington,* 51 F.3d 1480, 1484 (9th

4    Cir. 1995).   The court must accept as true all material allegations in the complaint as well as

5    *reasonable inferences* to be drawn from them. *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

6    Cir. 1986).   No matter how improbable the facts alleged are, they must be accepted as true for

7    purposes of the motion. *Neitzke v. Williams* 490 U.S. 319, 199 S.Ct. 1827, 1833 (1989).

8    **B.  DEFENDANT INSURER HAS FAILED TO ESTABLISH THAT THE**
**STATUTE OF LIMITATIONS HAS RUN AS TO ANY OF PLAINTIFF'S**
9    **CAUSES OF ACTION**

10       **1.     As Plaintiff  Has Not Alleged That Defendant Insurer Made An**
11       **"Unequivocal Denial" Of His Claim And Continued To Adjust His**
            **Claim, The Statute Of Limitations Was Not Triggered And Therefore**
12       **Has Not Run.**

13

14    A denial of benefits by an insurer must be "unequivocal" in order to trigger the Statute of

15    Limitations.  Neff v. New York Life (1947) 30 Cal.2d 165, 170.     In this case, Plaintiff has not

16    alleged an unequivocal denial but instead has alleged that the notwithstanding its representation to

17    Plaintiff that he would not receive disability benefits as long as he was receiving benefits under his

18    mortgage disability insurance policy, Defendant Insurer continued to adjust his claim and, in fact,

19    eventually paid his claim.  (See paragraph 16 of Plaintiff's Complaint.)  Because of Defendant

20    Insurer's ongoing adjustment of Plaintiff's claim and its ultimate payment of Plaintiff's claim, there

21    was never an unconditional or unequivocal denial and, therefore, no commencement of the running

22    of the statute of limitations.

23    Plaintiff can and did elect to treat Defendant Insurer's refusal to pay as an anticipatory

24    repudiations of contract and file suit.  Accordingly, the statute of limitations was never triggered

25    and all of Plaintiff's causes of action are timely.  Moreover, when Defendant Insurer's continued

26    adjustment of Plaintiff's claim is coupled with Plaintiff's lack of mental capacity (as set forth below

27                                                     2

28    Case No.:  C 072829 VRW (E-FILING)

PLAINTIFF ALAN SUKIN'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS STATE FARM
AUTOMOBILE INSURANCE COMPANY AND STATE FARM INSURANCE COMPANIES

1  in Section 3), Defendant Insurer is estopped to assert an unconditional or unequivocal denial.

2  **2)  As Each Failure By Defendant Insurer To Pay Monthly Benefits Gives Rise To A Separate Cause Of Action And Triggers A New Statute Of Limitations, Plaintiff's Causes Of Action Are Not Time Barred**

4      In *Erreca v. Western States Life Ins. Co.,* (1942) 19 Cal. 2d 388, wherein the California Supreme Court articulated the definition of "total disability," the Court upheld the trial court's verdict that the plaintiff was totally disabled but ruled that the insurer still had the right to require him to submit to periodic medical examinations to confirm the continuation of his disability. In rejecting the plaintiff's argument that the insurer's denial of liability deprived it of the right to compel him to undergo a medical examination, the Court stated:

> A contrary conclusion is compelled by the very nature of disability insurance. **Such a policy constitutes a continuing contract for periodic installment payments depending upon the insured's continued disability,** *and he has no cause of action, nor the insurer any liability, except for benefits which have accrued*. Because the insurer's liability for future benefits is contingent upon the existence of total disability at that time, its refusal, for any reason, to pay benefits does not entitle the insured to treat the entire contract as repudiated and ask for future benefits upon a theory of anticipatory breach. (Emphasis Added.) Id. at 401-402.

16     In the instant case, accordingly, each unequivocal refusal by Defendant Insurer to pay monthly benefits to Plaintiff as required by his policy as governed by California law gives rise to a separate cause of action and thereby triggers a new statute of limitations.

19     As alleged in the Complaint, Defendant Insurer failed to pay monthly disability benefits to Plaintiff beginning on or about March 18, 2003 and did not pay benefits until August 25, 2005. As the Court's file should reflect, Plaintiff filed his Complaint on April 20, 2007. Even were the Court to find that Plaintiff filed his Complaint more than four years after Defendant Insurer's non-payment of benefits the first two months of benefits, under *Erreca*, each non-payment of a monthly benefit thereafter gives rise to a new cause of action. Accordingly, assuming hypothetically that the statute of limitations were not tolled by Plaintiff's incapacity, the statute of limitations would still not have run as to all months for which benefits were not paid. Accordingly, as Plaintiff filed this

3

Case No.:  C 072829 VRW (E-FILING)

PLAINTIFF ALAN SUKIN'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS STATE FARM AUTOMOBILE INSURANCE COMPANY AND STATE FARM INSURANCE COMPANIES

1   action within two years of Defendant Insurer's continued non-payment of benefits, all of Plaintiff's

2   causes of action are still viable.

### 3.    Plaintiff Has Sufficiently Alleged, Under California Law, That All Statutes Of Limitation Were Tolled

Under California Code of Civil Procedure Section 352, the statute of limitations for filing an action is tolled so long as a plaintiff is "incapable of caring for his [or her] property or transacting business or understanding the nature or effects of his [or her] acts." *Alcott Rehab. Hosp. v. Superior Court*, (2001) 93 Cal. App. 4th 94,101, *Feeley v. S. Pac. Transp. Co.*, (1991) 234 Cal. App. 3d 949, 956.

In *Feeley v. S. Pac. Transp. Co.*, (1991) 234 Cal. App. 3d 949, the plaintiff was rendered unconscious for 12 days following an assault on the defendant's premises. In holding that the case was timely filed notwithstanding that it was filed one year and one day following the injury, the court ruled that the plaintiff's unconscious state extended the statute of limitations for the time he was unconscious and, therefore, incapable of caring for his property, transacting business and understanding the nature and effects of his acts.

In the instant case, Plaintiff's allegation of incapacity meets the criteria for the tolling of the statute of limitations. As Plaintiff has pled in the Complaint:

> "16.    During the adjustment of Plaintiff's disability insurance claim, from March 15, 2003 through the present, Mr. SUKIN has been in severe, mind numbing pain, and has been required to take narcotic and other pain medications, including through a surgically inserted pain medications pump, to control the pain. During this time, Mr. SUKIN suffered severe psychological distress, as his lack of disability benefits caused him to sell first one family home, then sell a second, replacement family home, remove his children from school and move from the San Francisco Bay Area. **As a direct result of Mr. SUKIN's severe pain, extensive pain medications, the above misrepresentations and psychological distress, Mr. SUKIN lacked the mental capacity to have a full understanding of his rights, and to deal with the Defendants' disability insurance POLICY and Defendants' actions thereunder, and was not mentally competent to understand the nature, purpose and effect of the POLICY, Plaintiff's obligations (if any), and Defendants' actions under the POLICY. As a direct and proximate result of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE**

4

Case No.: C 072829 VRW (E-FILING)

PLAINTIFF ALAN SUKIN'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS STATE FARM AUTOMOBILE INSURANCE COMPANY AND STATE FARM INSURANCE COMPANIES

**FARM INSURANCE COMPANIES' continuing to adjust Plaintiff's claim, Plaintiff's aforesaid lack of mental capacity, and the above misrepresentations, Plaintiff deferred filing suit.**" (Emphasis Added.)

Plaintiff respectfully submits that he has pled a lack of mental capacity sufficiently to toll the statute. Accordingly, Defendant Insurer fails to meet its burden to establish that the statute of limitations ran prior to the filing of Plaintiff's complaint.

In the event the Court were to determine, however, that Plaintiff's pleading is in any way deficient, Plaintiff respectfully requests leave to amend.

**C. A "JUSTICIABLE CONTROVERSY" EXISTS AS PLAINTIFF HAS PLED THAT DEFENDANT INSURER FAILED TO PAY BENEFITS UNDER THE POLICY UNTIL AUGUST, 2005**

Defendant Insurer argues that there is no "justifiable controversy" in this case because it paid benefits to Plaintiff after an approximately 30 month period of not paying benefits.

Defendant Insurer provides no authorities, however, to support its position that it is entitled to escape liability for a 30 month period of non-payment of benefits and a course of tortious conduct because it eventually did pay benefits – actions by Defendant Insurer which, Plaintiff has alleged, caused him substantial damage. Accordingly, the contention by Defendant Insurer that there is no controversy is patently without merit.

**D. INSURER DEFENDANT'S CONDUCT IN CAUSING PLAINTIFF'S EMOTIONAL DISTRESS, AS ALLEGED, IS NOT PRIVILEGED**

In *Fletcher v. Western National Life Ins. Co.*, (1970) 10 Cal. App. 3d 376, wherein the court held that an insured could properly allege a cause of action for intentional infliction of emotional distress where the insurance company, without good cause, accused him of misrepresentation and demanded the return of benefits paid, the court held that the insurer's conduct was "outrageous" and, therefore, not privileged. As the *Fletcher* Court stated:

> Undoubtedly an insurance company is privileged, in pursuing its own economic interests, to assert in a permissible way its legal rights and to communicate its position in good faith to its insured even though it is substantially certain that in so doing emotional distress will be caused...

5

Case No.: C 072829 VRW (E-FILING)

PLAINTIFF ALAN SUKIN'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS STATE FARM AUTOMOBILE INSURANCE COMPANY AND STATE FARM INSURANCE COMPANIES

> **Nevertheless, the exercise of the privilege to assert one's legal rights must be done in a permissible way and with a good faith belief in the existence of the rights asserted.** ( Rest.2d Torts, § 46, com. *g.*, supra; cf. Rest. Torts, § 773, *supra*, com. *a.*) *CA(5)*(5) **It is well established that one who, in exercising the privilege of asserting his own economic interests, acts in an outrageous manner may be held liable for intentional infliction of emotional distress.** (Citations Omitted.) (Emphasis Added.) *Fletcher v. Western National Life Ins. Co.*, supra at 396

In the instant case, Plaintiff has alleged a wide range of outrageous conduct -- including specific conduct which a California appellate court has already determined <u>not</u> to be privileged and, further, to support a cause of action for intentional infliction of emotional distress.

In *Younan v. Equifax Inc., et al*, (1980) 111 Cal. App. 3d 498, the plaintiff, insured under a disability policy, filed an action alleging conspiracy to defraud against his insurer, an independent adjustor engaged by the insurer and a psychologist engaged by the insurer (through the adjustor) to provide a medical/psychological report relative to the insured; the insured alleged that the defendants all conspired together to create a false report relative to his psychological condition and thereby defraud him of disability benefits. In overruling the independent adjuster's demurrer to causes of action including fraud and intentional infliction of emotional distress, the court squarely rejected the independent adjuster's argument that these facts -- the materially indistinguishable from the alleged herein -- did not constitute "outrageous" conduct. As the court stated:

> **It cannot be said that where the complaint alleges facts which show that noninsurer defendants worked with an insurer defendant to deliberately falsify medical records so as to provide a basis upon which to deny an insured's claim, such conduct does not amount to outrageous conduct**; nor can it be claimed that such conduct is privileged. *Id.* at 515. (Emphasis Added.)

Paragraphs 23 of Plaintiff's Complaint alleges that Defendant Insurer "designed a scheme and conspired to produce a biased internal "medical review" that would provide a pretext for the non-

6

Case No.: C 072829 VRW (E-FILING)

PLAINTIFF ALAN SUKIN'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS STATE FARM AUTOMOBILE INSURANCE COMPANY AND STATE FARM INSURANCE COMPANIES

1  payment of Plaintiff's disability benefits" and incorporates this allegation in the cause of action for

2  Intention Infliction of Emotional Distress (paragraphs 44-58).  Accordingly, Plaintiff has alleged

3  facts materially indistinguishable from those which the *Younan* Court held were "outrageous" and

4  not privileged and which sufficiently pled the cause of action for intentional infliction of emotional

5  distress.

6

7  **E.   DEFENDANT INSURER HAS FAILED TO ESTABLISH THAT THE**
   **CAUSES OF ACTION ASSERTED AGAINST THE COMMISSIONER ARE**
8  **TIME BARRED**

9
        **1.   Cases Within The Northern District Unequivocally Hold That Identical**
10           **Causes of Action Brought Against The Commissioner Are Not Time**
             **Barred By The Provisions Of The California Insurance Code**
11

12     California Insurance Code Section 10291.5(h), on which Defendant Insurer relies in arguing

13  that the statute of limitations has passed, provides in pertinent part:

14       Except as provided in subdivision (k), any action taken by the commissioner under this
         section is subject to review by the courts of this state and proceedings on review shall
15       be in accordance with the Code of Civil Procedure.

16
         Notwithstanding any other provision of law to the contrary, petition for any such review
17       **may** be filed at any time before the effective date of the action taken by the
         commissioner... (Emphasis Added.)
18

19     This case is identical in all material aspects to *Brazina v. Paul Revere Life Ins. Co, et al*, 271

20  F.Supp.2d 1163 (N.D. Cal. 2003), an insurance bad faith case arising under California law in which

21  the Commissioner of the California Department of Insurance was named as a defendant and the

22  same causes of action for injunctive relief were asserted.  In *Brazina,* after considering most of the

23  same arguments now advanced by Defendant Insurer, the District Court *expressly* held that

24  California Insurance Code Section 10291.5 relied on by Insurer Defendant was not a mandatory

25  statute of limitations and does not require that an insured to challenge a policy provision before its

26  effective date.

27                                                    7

28

PLAINTIFF ALAN SUKIN'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS STATE FARM
AUTOMOBILE INSURANCE COMPANY AND STATE FARM INSURANCE COMPANIES

1    In relying on the language of this code section as well as on *Econ. Empowerment Found. v.*

2    *Quackenbush,* (1998) 65 Cal. App. 4th 1397, wherein the California court found identical language

3    in a different insurance code section to be permissive and not mandatory, the *Brazina* Court stated:

4        … [S]ection 10291.5 provides that a petition *may* be filed before the effective date. In
    fact, it seems likely that a California court would interpret the language to allow this

5        action to proceed. A recent appellate decision determined that almost identical statutory
    language in another section of the Insurance Code simply provides an alternative means

6        of review… Noting that California courts are ordinarily unable to review an action that

7        is not final, the court found that the "permissive" language of the provision created "an
    opportunity for review" of such actions. 65 Cal. App. 4th at 1402. The provision did

8        not, however, bar plaintiffs from petitioning for a writ of mandamus thereafter.

9        (Emphasis in original.) *Brazina v. Paul Revere Life Ins. Co, et al,* at 1170-1171.

10         Accordingly, under the language of this California Insurance Code section itself as well as

11   California case law, the Insurance Code does not impose a requirement that the Commissioner's

12   approval be challenged by a writ of mandate before it is formally approved <u>or, in fact, within any</u>

13   <u>particular period of time.</u>

14         In *Maiolino v. Unumprovident Corp.*, 2004 U.S. Dist. LEXIS 7556, wherein the court

15   considered the identical issue of whether Insurance Code Section 10291.5 was a mandatory statute

16   of limitations, the court followed *Brazina v. Paul Revere Life Ins. Co, et al, supra,* in holding that

17   the time periods set forth in the insurance code are "permissive" and not mandatory. As the

18   Maiolino Court stated:

19       This Court agrees with Judge Patel's decision regarding the timing required for

20       seeking mandamus relief against the Commissioner, and agrees that the permissive
    language of **the California Insurance Code does not include a specific deadline**.

21       To hold otherwise would undermine the provision of the California Insurance Code
    which permits the Commissioner to revoke approval when a policy "fails to

22       conform" with state law. Cal. Ins. Code §§ 10291.5(b)(13). **Requests for revocation,**

23       **to be implemented by mandamus, might well be brought long after the twenty-**
    **day approval window has closed.** (Emphasis Added.) *Maiolino v. Unumprovident*

24       *Corp., supra* at pages 13-14.

25   ///

26   ///

27

28

Case No.:  C 072829 VRW (E-FILING)

PLAINTIFF ALAN SUKIN'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS STATE FARM
AUTOMOBILE INSURANCE COMPANY AND STATE FARM INSURANCE COMPANIES

### 2. California Code Of Civil Procedure Section 1094.6, Which Defendant Insurer Contends Renders Plaintiff's Causes Of Action Time Barred, Applies Only To "Local Agencies" -- And, Therefore, Not To The Commissioner

CCP Section 1094.6, claimed by Defendant Insurer to impose a 90 day statute of limitations for suing the Commissioner, is completely inapplicable. This provision of the Code of Civil Procedure, by its own terms, applies <u>solely</u> to the judicial review of the acts of a "**local agency**."

As CCP Section 1094.6(a) provides:

> **(a)** Judicial review of any decision of a **local agency**, other than school district, as the term local agency is defined **in Section 54951 of the Government Code**, or of any commission, board, officer or agent thereof, may be had pursuant to Section 1094.5 of this code only if the petition for writ of mandate pursuant to such section is filed within the time limits specified in this section. (Emphasis Added.)

Under CCP Section § 54951, a "local agency" is defined as follows:

> **§ 54951. "Local agency"**
>
> As used in this chapter, "local agency" means a county, city, whether general law or chartered, city and county, town, school district, municipal corporation, district, political subdivision, or any board, commission or agency thereof, or other local public agency.

Under CCP Section § 54951, therefore, it is clear that California Department of Insurance clearly is <u>not</u> a "local agency" for purposes of CCP Section 1094.6(a) Accordingly, this entire Code section is irrelevant to this case.

Even if CCP Section 1094.6 did apply to the Commissioner -- which it clearly does not, Defendant Insurer has failed to meet is burden to establish that the prerequisites for the running of the statute of limitations.

In this regard, Section 1094.6(b) provides in pertinent part as follows:

> b) Any such petition shall be filed not later than the 90th day following the date on which the decision becomes final... **If there is a provision for a written decision or written findings, the decision is final for purposes of this section upon the date it is mailed by first-class mail, postage prepaid, including a copy of the affidavit or**

9

Case No.:  C 072829 VRW (E-FILING)

PLAINTIFF ALAN SUKIN'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS STATE FARM AUTOMOBILE INSURANCE COMPANY AND STATE FARM INSURANCE COMPANIES

1    **certificate of mailing, to the party seeking the writ.** (Emphasis Added.)

2    Defendant Insurer does not allege in its Notice of Removal or in its motion to dismiss -- nor

3    can it possibly prove -- that Plaintiff was even sent and ever received the Commissioner's "written

4    decision" approving the pertinent policy language. As Plaintiff states in his Declaration in support

5    of the motion to remand, he never received any notice or copy of any written decision from the

6    Commissioner regarding the approval of policy language for disability policies or for anything else.

7    Accordingly, as Plaintiff was never mailed the Commissioner's approval of the pertinent policy

8    provisions, CCP Section 1094.6 does not bar Plaintiff's causes of action against the Commissioner.

9    ### 3.  California Code Of Civil Procedure Section 338 Does Not Render Plaintiff's Causes of Action Against The Commissioner Time Barred

10

11    As Plaintiff recognizes that this Court denied remand in *Borsuk v. Massachusetts Mutual*

12    *Insurance Company*, 2003 U.S. Dist. Lexis 25259, *25 (N.D. Cal. 2003), on the ground that the

13    statute of limitations ran under CCP Section 338, Plaintiff respectfully wishes to invite the Court's

14    attention to two District Court opinions which held that these same causes of action were not time

15    barred under CCP Section 338. Plaintiff also wishes to present to the Court several important

16    arguments which apparently were not made to this Court in *Borsuk v. Massachusetts Mutual*

17    *Insurance Company, supra.*

18    #### a.  Courts In The Northern District Have Held That The Three Year Statute Of Limitation Provided By Code Of Civil Procedure Section 338 Does Not Render Identical Causes Of Action Against The Commissioner Time Barred

19

20

21    In *Sullivan v. Unum Life Ins. Co. of Amer.*, 2004 U.S. Dist. LEXIS 7010, (N.D. Cal. 2004), the

22    Honorable Martin Jenkins heard and rejected essentially the same argument advanced by Defendant

23    Insurer herein that California Code of Civil Procedure Section 338(a) renders Plaintiff's causes of

24    action against the Commissioner time-barred. Judge Jenkins first stated:

25    > ***Brazina*** **clearly establishes that a cause of action for writ of mandamus may lie**
26    > **against the Commissioner.** ***Brazina*,** **271 F. Supp. 2d at 1171 ...**

27

28

PLAINTIFF ALAN SUKIN'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS STATE FARM
AUTOMOBILE INSURANCE COMPANY AND STATE FARM INSURANCE COMPANIES

1  Referring then to the defendant's argument that the plaintiff's causes of action against the

2  Commissioner were time-barred under Section 338(a), Judge Jenkins stated:

3       It seems unfair to hold categorically that Plaintiff had notice of the way defendants
        would administer the policy before Unum denied him benefits. **This denial occurred**
4       **on or about August 2002.** Complaint at P31. Therefore, **Unum have not shown that**
        **Plaintiff's claims against the Commissioner and the DOI are clearly time-barred**
5       **for the purposes of establishing removal jurisdiction.** *Id.* at page 11. (Emphasis
        Added.)
6

7       In *Maiolino v. Unumprovident Corp., supra*, notwithstanding the Court's citation to and

8  recognition of *Borsuk v. Massachusetts Mutual Insurance Company, supra*, the Court held that it

9  was unconvinced that CCP Section 338 barred Plaintiff's causes of action. As the Court stated:

10      None of the authority cited by the parties, nor any authority that the Court has been
        able to locate, establishes the event which would trigger the statute of limitations
11      with respect to seeking mandamus relief against the Commissioner. Plaintiff
        contends that the date of the denial of benefits should trigger the statute, while
12      UnumProvident would have the Court use the date of the Commissioner's approval
        of the policy or the date when plaintiff purchased the policy. Arguments can be
13      made for either approach, and the California courts do not appear to have decided
        the question.
14

15      Plaintiff's claim against the Commissioner appears tenuous, 2 but the dearth of
        California authority on the topic, combined with the general presumption against
16      removal jurisdiction, bars this Court from presiding over plaintiff's case.
        **Consequently, the Court finds that plaintiff's lawsuit is not barred by well-**
17      **settled rules of existing state law** and hereby GRANTS plaintiff's motion to
        remand. *Maiolino v. Unumprovident Corp., supra* at pages 15-16.
18

19      As shown above, Plaintiff respectfully submits that well reasoned authority exists within the

20 Northern District holding that CCP Section 338 does not render Plaintiff's causes of action time

21

22 barred.

23      Plaintiff, additionally, submits the following arguments -- arguments which apparently were not

24 made to this Court in *Borsuk v. Massachusetts Mutual Insurance Company, supra* -- as to why the

25 three year statute of limitation provided by CCP Section 338 does not begin to run when Plaintiff

26 purchased the policy but only begins to run at the time of the insurer's denial (assuming the

27

28

Case No.:  C 072829 VRW (E-FILING)

PLAINTIFF ALAN SUKIN'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS STATE FARM
AUTOMOBILE INSURANCE COMPANY AND STATE FARM INSURANCE COMPANIES

1    insured's causes of action are not tolled by his incapacity).

2          **b.**  **Damage Is An Essential Element Of Any Cause Of Action, The Three Year Statute Of Limitations Provided By Code Of Civil Procedure Section 338 Does Not Begin To Run Until The Insurer Actually Denies The Insured's Claim**

3

4

5

6        Damage is an essential element of a cause of action and a cause of action does not accrue until the aggrieved party suffers damage. *Davies v. Krasna* (1975) 14 Cal. 3d 502, 516, *Walker v. Pacific*

7    *Indem. Co.,* 183 Cal. App. 2d 513, 517. The mere possibility or even probability of damage does

8    not trigger the statute of limitations; rather, it is the *fact* of damage that triggers the statute of

9    limitations. *Id., Allen v. Gardner* (1954) 126 Cal. App. 2d 335. 340.

10        In *Ragan v. City of Hawthorne* (1989) 212 Cal. App.3d 1361, the plaintiff petitioned for a writ

11    of mandate in connection with a city's denial of pension benefits to one of its former employees.

12    The court held that the three-year statute under §338 began to run *at the time the benefits were*

13    *denied* and upheld the action. *Id.* at 1363. Similarly, in *Dillon v. Board of Pension Commisioners*

14    *of the City of L.A.* (1941) 18 Cal. 2d 427, 430, the court held that a widow's cause of action for

15    pension benefits did not accrue until her husband's death.

16        Defendant Insurer's argument that a person must challenge any and all ambiguous or

17    misleading policy provisions in his disability policy within the first three years of the

18    Commissioner's approval -- even where he is not a policyholder or is not disabled and not entitled

19    to benefits -- would lead to chaos and would violate public policy. First, it would require the courts

20    to issue advisory opinions where, in fact, no damage to any insured could yet be demonstrated and,

21    therefore, there was no case or controversy. Second, Defendant Insurer's position would require an

22    insured, usually a layperson with no training in insurance law or contract interpretation, to

23    scrutinize each and every policy provision ever approved by the Commissioner – obscure or not --

24    for ambiguities. Ambiguities in any policy, however, may not be evident at the time of approval or

25    even at the time of purchase and may not become evident until the insurer has denied benefits based

26    on an incorrect interpretation of a seemingly complex policy provision.

27

28

Case No.: C 072829 VRW (E-FILING)

PLAINTIFF ALAN SUKIN'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS STATE FARM
AUTOMOBILE INSURANCE COMPANY AND STATE FARM INSURANCE COMPANIES

1   By Defendant Insurer's logic, every insured should contest his policy prospectively—before

2   any injury-in-fact exists and, in fact, before he even purchases a policy, or is considering purchasing

3   a policy.

4   In this case, Plaintiff's causes of action arose only if and when Defendant Insurer unequivocally

5   denied benefits for "total disability" and he was no longer legally incapacitated; as such, Plaintiff

6   had no cause of action, no knowledge of any cause of action and no wrong or damage to redress

7   until benefits were actually denied and he had sufficient capacity to appreciate the denial. Under

8   the above-cited authorities and the public policy considerations discussed, Plaintiff's cause of action

9   for a writ, similarly, did not arise until his claim was unequivocally denied and the period of tolling

10   due to mental incapacity expired.

c.  **As This Court Only Adjudicates Actual Cases And Controversies, The Three Year Statute of Limitations Provided By Code Of Civil Procedure Section 338 Does Not Begin To Run Until The Date The Claim Is Denied**

Federal courts are empowered only to hear actual cases or controversies, not to render advisory opinions. See *Societe De Conditionnement En Aluminium, v. Hunter Engineering Co., Inc.*, 655 F.2d 938, 944-945 (9th Cir. 1980); See also *Steel Company v. Citizens For A Better Environment* (1998) 523 U.S. 83; The doctrine of standing is closely related to the requirement that a matter present a "case" or "controversy. *Id.* at 100-101. *Whitmore v. Arkansas* (1990) 495 U.S. 149, 155. As the U.S. Supreme Court stated:

> The "irreducible constitutional minimum of standing" contains three requirements. (Citation omitted.) First and foremost, there must be alleged (and ultimately proven) an "injury in fact" -- a harm suffered by the plaintiff that is "concrete" and "actual or imminent, not 'conjectural' or 'hypothetical.'" Citations omitted.) Second, there must be causation -- a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant. (Citations omitted.) And third, there must be redressability – a likelihood that the requested relief will redress the alleged injury. (Citations omitted.) This triad of injury in fact, causation, and redressability n5 comprises the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence. *Steel Company v. Citizens for a Better Environment, supra,* at 102-103.

Case No.: C 072829 VRW (E-FILING)

PLAINTIFF ALAN SUKIN'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS STATE FARM AUTOMOBILE INSURANCE COMPANY AND STATE FARM INSURANCE COMPANIES

As to an action for declaratory relief in federal court, the "case-and-controversy" requirement is satisfied where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant" relief. *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, supra at 273. See also *Societe De Conditionnement En Aluminium v. Hunter Engineering Co., Inc.*, supra.

In state court as in federal court, a plaintiff must satisfy the "standing" requirement according to which the plaintiff must have suffered an injury or be about to suffer an injury to be entitled to sue. *Schmier v. Supreme Court*, (2000) 78 Cal. App. 4th 703, 708. *Blumhorst v. Jewish Family Services of Los Angeles* (2005) 126 Cal. App. 4th 993

In *Blumhorst v. Jewish Family Services of Los Angeles*, supra, wherein a man sued a shelter for battered women claiming sex discrimination, the court held that the plaintiff lacked standing where he failed to allege that he was a victim of domestic violence. As the court stated:

> The issue of whether a party has standing focuses on the plaintiff, not the issues he or she seeks to have determined." (*Torres v. City of Yorba Linda* (1993) 13 **Cal.App.**4th 1035, 1040 [17 Cal. Rptr. 2d 400].) **"A person who invokes the judicial process lacks standing if he, or those whom he properly represents, 'does not have a real interest in the ultimate adjudication because [he] has neither suffered nor is about to suffer any injury of sufficient magnitude reasonably to assure that all of the relevant facts and issues will be adequately presented**. (Emphasis Added.) *Blumhorst v. Jewish Family Services of Los Angeles*, supra at 1002.

*Common Cause of Cal. v. Bd. of Supervisors*, (1989) 49 Cal. 3d 432, wherein the court held that a taxpayer had standing to seek a writ of mandate to challenge the county's failure to deputize its workers as voting registrars, articulated a significant exception to this general rule governing standing in that it affirmed a citizen's right to challenge a public official's performance or non-performance of his official duty without that citizen demonstrating that he has been personally harmed. It is not at all clear, however, that *Common Cause of Cal. v. Bd. of Supervisors*, supra, would entitle a person who is <u>not</u> insured under a disability policy in California to challenge the Commissioner's approval of permissible policy provisions. In this case, unlike *Common Cause of Cal. V. Bd. Of Supervisors*, supra, wherein the voting controversy affected the public as a whole,

14

Case No.: C 072829 VRW (E-FILING)

PLAINTIFF ALAN SUKIN'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS STATE FARM AUTOMOBILE INSURANCE COMPANY AND STATE FARM INSURANCE COMPANIES

1  the only persons potentially affected by the impermissible policy provisions are those who are

2  actual policyholders.

3      In all of the cases cited herein where a writ of mandate was sought, the party seeking the

4  writ of mandate was insured under the particular type of policy containing the provision at issue. No

5  case can be found wherein it has been held that a person who is <u>not</u> a policyholder has standing to

6  challenge the Commissioner's approval or non-approval of particular policy provisions.

7      As set forth above, Defendant Insurer's arguments that Plaintiff should have sought a writ of

8  mandate as to the Commissioner's conduct even before he purchased the policy and before he even

9  knew he suffered any loss due to the Commissioner's approval of an ambiguous or impermissible

10  policy provision are undermined by the well settled rules regarding standing and the requirement of

11  a case or controversy which the courts are empowered to adjudicate.

12      **d.  <u>California Insurance Code § 10291.5 Should Be Liberally Construed To Effectuate Its Purposes And Intentions Or Avoiding Ambiguous And Misleading Policy Provisions As Well As Permitting Judicial Review</u>**

13

14

15  California Insurance Code § 10291.5 states in pertinent part:

16  **(a)** The purpose of this section is to achieve both of the following:
    **(1)** Prevent, in respect to disability insurance, fraud, unfair trade practices, and insurance economically unsound to the insured.

17

18  **(2)** Assure that the language of all insurance policies can be readily understood and interpreted.

19  **(b)** The commissioner shall not approve any disability policy for insurance or delivery in this state in any of the following circumstances:

20  **(1)** If the commissioner finds that it contains any provision, or has any label, description of its contents, title, heading, backing, or other indication of its provisions which is unintelligible, uncertain, ambiguous, or abstruse, or likely to mislead a person to whom the policy is offered, delivered or issued.

21

22

23  Section 10291.5(h) expressly authorizes judicial review of the Commissioner's actions.

24

25  California Insurance Code § 10291.5(i) the provides:

26  **(i)** This section shall be **liberally construed to effectuate the purpose and intentions herein stated**; (Emphasis Added.)

27

28

15

Case No.:  C 072829 VRW (E-FILING)

PLAINTIFF ALAN SUKIN'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS STATE FARM
AUTOMOBILE INSURANCE COMPANY AND STATE FARM INSURANCE COMPANIES

1    Section 10291.5(i), accordingly, provides that the courts should construe this section as to

2    effectuate the goal of insuring that policy language is not ambiguous or misleading. Therefore,

3    Defendant Insurer's arguments that the statute of limitations should be as restrictive as possible are

4    contrary to the policy enunciated in the California Insurance Code itself.

5    **F. CONTRARY TO DEFENDANT INSURER'S CONTENTION THAT
     PLAINTIFF SEEKS TO CONTROL THE COMMISSIONER'S
6    DISCRETIONARY AUTHORITY, PLAINTIFF'S PETITION FOR
     MANDAMUS SEEKS TO COMPEL THE EXERCISE OF THE
7    COMMISSIONER'S DISCRETION AND DOES NOT SEEK TO COMPEL
8    THE PERFORMANCE OF A SPECIFIC ACT**

9    While it is true that mandamus may not be available to compel the exercise of discretion

10   possessed by the Commissioner in a particular manner or to reach a particular result, mandamus

11   "does lie to command the exercise of discretion -- to compel some action on the subject involved."

12   *Sklar v. Franchise Tax Board* (1986) 185 Cal.App.3d 616, 622, (citing and quoting *Ballard v.*

13   *Anderson* (1971) 4 Cal.3d 873, 885) (emphasis added); *Hollman v. Warren* (1948) 32 Cal.2d 351,

14   355: accord *Knoff v. City & County of San Francisco* (1969) 1 Cal.App.3d 184,197). No case cited

15   by Defendant Insurer negates this holding.

16   How the Commissioner exercises his discretion is for the Commissioner to decide. The

17   distinction which Defendant Insurer obscures is that between using mandamus to compel the

18   exercise of discretion *in a particular* manner -- which Plaintiff does not seek and agrees is not

19   available -- and simply compelling the exercise of discretion -- which Plaintiff legitimately seeks.

20                              **III. CONCLUSION.**

21   For the reasons shown, Plaintiff respectfully requests that this Court deny Defendant

22   Insurer's motion to dismiss.

23   ///

24   ///

25   ///

26   ///

27                                        16

28

PLAINTIFF ALAN SUKIN'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS STATE FARM
AUTOMOBILE INSURANCE COMPANY AND STATE FARM INSURANCE COMPANIES

1    In the alternative, Plaintiff requests that if this Court finds that the pleadings are in some

2  manner insufficient, he be granted leave to amend.

3

4  Dated:  August 23, 2007                          BOURHIS & MANN

5

6                                             By:

7                                                  Ray Bourhis, Esq.

8                                                  Lawrence Mann, Esq.
                                                   Bennett M. Cohen, Esq.
                                                   Attorneys for Plaintiff ALAN SUKIN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                       17

28

PLAINTIFF ALAN SUKIN'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS STATE FARM
AUTOMOBILE INSURANCE COMPANY AND STATE FARM INSURANCE COMPANIES

1

2
**PROOF OF SERVICE**

*Alan Sukin v. State Farm Mutual Automobile Insurance Company, et al.*

3
*U.S. District Court, Northern District of California, Case No. C07-2829 VRW*

4
I am a resident of the State of California, over the age of eighteen years and not a party to this

5
action. My business address is 1050 Battery Street, San Francisco, California 94111. On August 23, 2007, I will serve the following documents:

6
PLAINTIFF ALAN SUKIN'S OPPOSITION TO MOTION TO DISMISS OF

7
DEFENDANTS STATE FARM AUTOMOBILE INSURANCE COMPANY AND STATE FARM INSURANCE COMPANIES

8

9
in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by placing a true

10
copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following

11
our ordinary business practices. I am readily familiar with this business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the

12
same day that a sealed envelope is placed for collection and mailing, it is deposited in the

13
ordinary course of business with the United States Postal Service with postage fully prepaid. I am employed in the county where the mailing described below occurred, and am readily familiar

14
with the business practice for collection and processing of correspondence for mailing with the

15
United States Postal Service. I placed a true copy of the specified document(s) in a sealed envelope(s) with postage thereon fully prepaid. The envelope(s) will be deposited with the

16
United States Postal Service on this day in the ordinary course of business in San Francisco, California.

17

| **FOR DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY:** | **COMMISSIONER FOR THE CALIFORNIA DEPARTMENT OF INSURANCE** |
|---|---|
| Robert R. Pohls, Esq., SBN 131021 | Julian Standen, Esq. |
| POHLS & ASSOCIATES | Deputy Attorney General |
| 12657 Alcosta Blvd., Ste. 150 | 455 Golden Gate Avenue,, Ste. 1100 |
| San Ramon, CA 94583 | San Francisco, CA 94102 |
| Trel: (9825) 973-0300 | phone: (415) 703-5535 |
| Ffax: (925) 973-0330 | email: julian.standen@doj.ca.gov |
| rpohls@califehealth.com | |

24
**(X) (FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at

25
whose direction the service was made. Executed at San Francisco, California, on August 23, 2007.

26
Mary M. Martin

27
18

28
Case No.: C 072829 VRW (E-FILING)

PLAINTIFF ALAN SUKIN'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS STATE FARM AUTOMOBILE INSURANCE COMPANY AND STATE FARM INSURANCE COMPANIES