Robert R. Pohls (California Bar #131021)
**POHLS & ASSOCIATES**
12657 Alcosta Boulevard, Suite 150
San Ramon, California  94583
Telephone:  (925) 973-0300
Facsimile:  (925) 973-0330

Attorney for Defendant **State Farm Mutual Automobile Insurance Company**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN SUKIN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM INSURANCE COMPANIES, THE COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE and DOES 1-50, inclusive,<br><br>　　　　Defendants. | Case No. C07-2829-VRW<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>DATE:　　　　September 13, 2007<br>TIME:　　　　2:00 p.m.<br>COURTROOM: 2 (Hon. Vaughn R. Walker, Jr.) |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. Page ii

I.     INTRODUCTION. ........................................................................................................... 1

II.    PLAINTIFF'S OWN AUTHORITY ESTABLISHES THAT HIS CLAIMS AGAINST STATE FARM ACCRUED ON MARCH 18, 2003. ........................................ 1

III.   PLAINTIFF HAS MADE NO ALLEGATION THAT STATE FARM IS ESTOPPED TO ASSERT THE STATUTE OF LIMITATIONS. ........................................ 3

IV.    THE FACT THAT THE POLICY PROVIDES FOR MONTHLY BENEFITS DOES NOTHING TO EXTEND OR TOLL THE APPLICABLE PERIODS OF LIMITATION. .... 3

V.     THE STATUTE OF LIMITATIONS FOR EACH OF PLAINTIFF'S CLAIMS AGAINST STATE FARM HAS EXPIRED. ....................................................................... 5

       A.    Plaintiff's Breach of Contract Claim Was Untimely After March 18, 2007. ........ 5

       B.    Plaintiff's Intentional Misrepresentation Claim Was Untimely After March 18, 2006. .................................................................................................. 5

       C.    Plaintiff's Bad Faith Claim Was Untimely After March 18, 2005. ........................ 6

       D.    Plaintiff's Emotional Distress Claim Was Untimely After March 18, 2005. ........ 6

VI.    PLAINTIFF CANNOT USE HIS ALLEGED MENTAL INCAPACITY TO TOLL THE APPLICABLE STATUTES OF LIMITATION. ....................................................... 7

       A.    Plaintiff's Allegations About a Mental Incapacity are Insufficient, Unsupported and Demonstrably False. ............................................................ 7

       B.    Plaintiff Cannot Toll the Statutes of Limitation Because His Causes of Action Accrued Before He Allegedly Had a Mental Incapacity. ........................ 9

       C.    Plaintiff Cannot Toll the Statute of Limitations for His Alleged Mental Incapacity Because He Was Represented by an Attorney. ............................. 10

VII.   PLAINTIFF'S BARE ALLEGATION OF A "CONSPIRACY" DOES NOT CHARGE STATE FARM WITH EXTREME AND OUTRAGEOUS CONDUCT. ......................... 11

VIII.  CONCLUSION. .............................................................................................................. 13

## TABLE OF AUTHORITIES

<u>Cases</u>

*Associated Truck Parts, Inc. v. Superior Court*
228 Cal.App.3d 864, 867-870 (1991) ............ 11

*Badell v. Celtic Life Insurance Co.*
159 F.Supp.2d 1186, 1191 (N.D.Cal. 2001) ............ 3, 6

*Bank of America v. McLaughlin*
152 Cal. App. 2d Supp. 911, 915 (1957) ............ 4

*Beshears v. Asbill*
930 F.2d 1348, 1351 (8th Cir. 1991) ............ 10

*Cohen v. Metropolitan Life Insurance Co.*
32 Cal.App.2d 337, 347 (1939) ............ 2-3

*Conway v. Bughouse*
105 Cal.App.3d 194, 200 (1980) ............ 4

*Daugherity v. Traylor Bros., Inc.*
970 F.2d 348, 353, n.8 (7th Cir. 1992) ............ 10

*Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*
515 F.2d 1195, 1200, n. 8 (5th Cir. 1975) ............ 10

*Erreca v. Western States Life Insurance Co.*
19 Cal.2d 388, 401-402 (1942) ............ 3

*Feeley v. Southern Pacific Transportation Co.*
234 Cal.App.3d 949, 951-952 (1991) ............ 7-9

*Fleishbein v. Western Auto Supply Agency*
19 Cal.App.2d 424, 427 (1937) ............ 2-3

*Fletcher v. Western National Life Insurance Co.*
10 Cal.App.3d 376, 396 (1970) ............ 11

*Fraizer v. Metropolitan Life Insurance Company*
169 Cal.App.3d 90, 100 (1985) ............ 6

*General Bedding Corporation v. Echevarria*
947 F.2d 1395, 1397 (9th Cir. 1991) ............ 5

*Heighley v. J.C. Penny Life Insurance Co.*
257 F.Supp.2d 1241, 1257 (C.D. Cal. 2003) ............ 6

*Howard Jarvis Taxpayers Assn. v. City of La Habra*
25 Cal.4th 809, 815 (2001) ............ 4

*Jablon v. Dean Witter & Co.*
614 F.2d 677, 682 (9th Cir. 1980) ............ 5

*Keyse v. California Texas Oil Corp.*
590 F.2d 45, 47 (2nd Cir. 1978) .......... 10

*Kline v. Turner*
87 Cal.App.4th 1369, 1374 (2001) .......... 5

*Larsson v. Cedars of Lebanon*
97 Cal.App.2d 704, 707 (1950) .......... 10

*Leorna v. United States Dept. of State*
105 F.3d 548, 551 (9th Cir. 1997) .......... 10

*Love v. Fire Insurance Exchange Co.*
221 Cal.App.3d 1136, 1143-1144 (1990) .......... 7

*Martinez-Ferrer v. Richardson-Merrell*
105 Cal.App.3d 316, 323 (1980) .......... 4

*McClinton v. Alabama By-Products Corp.*
743 F.2d 1483, 1486, n. 4 (11th Cir. 1984) .......... 10

*McDowell v. Union Mutual Life Insurance Co.*
404 F.Supp. 136, 145-147 (C.D. Cal. 1975) .......... 6

*Mercado-Garcia v. Ponce Fed. Bank*
979 F.2d 890, 896 (1st Cir. 1992) .......... 10

*Neff v. New York Life Ins. Co.*
30 Cal.2d 165 (1947) .......... 2-3

*Pugh v. State Farm Insurance Companies*
227 Cal.App.3d 816 (1991) .......... 11

*Reichert v. General Insurance Co.*
68 Cal.2d 822, 832 (1968) .......... 4

*Rose v. Petaluma & Santa Rosa Ry. Co.*
64 Cal.App.213, 217 (1923) .......... 9-10

*Stallcop v. Kaiser Foundation Hospitals*
820 F.2d 1044, 1050 (9th Cir.), cert. denied, 484 U.S. 986 (1987) .......... 10

*Stoll v. Runyon*
165 F.3d 1238, 1242 (9th Cir. 1999) .......... 8-9

*Tillson v. Peters*
41 Cal.App.2d 671, 674 (1940) .......... 4

*Vance v. Whirlpool Corp.*
716 F.2d 1010, 1012-13 (4th Cir. 1983) .......... 10

*Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program*
222 F.3d 643, 648 (9th Cir. 2000) .......... 5

*White v. Moriarty*
15 Cal.App.4th 1290, 1299 (1993) .......................................................... 4

*Younan v. Equifax Inc.*
111 Cal.App.3d 498, 503-504, 508 (1980) ........................................ 11-12

## Statutes

*California Code of Civil Procedure* Section 335.1 .......................................... 6

*California Code of Civil Procedure* Section 337 ........................................... 5-6

*California Code of Civil Procedure* Section 338 ............................................. 5

*California Code of Civil Procedure* Section 339(1) .......................................... 6

*California Code of Civil Procedure* Section 352 ........................................... 7-9

*California Code of Civil Procedure* Section 357 ............................................. 9

*Federal Rules of Civil Procedure*, Rule 11 .................................................... 4

## I. INTRODUCTION.

Although plaintiff devoted more than half his opposition to a discussion of his claims against the California Commissioner of Insurance (the "Commissioner"), this motion challenges only the sufficiency of his claims against defendant State Farm Mutual Automobile Insurance Company ("State Farm").[1]

As already explained in State Farm's moving papers and further explained herein, each of those claims is time-barred. Indeed, plaintiff's claims against State Farm all relate to an adverse claim decision that was communicated to him by letter dated March 18, 2003 [*Complaint*, ¶¶13 and 34], and plaintiff did not file his complaint until *more than four years* after he received that letter. By then, the periods of limitation which apply to plaintiff's claims against State Farm *all* had expired.

To suggest otherwise, plaintiff offers only a strained interpretation of California law that has no application to the facts he has alleged – much less the facts he ultimately might prove. Indeed, the judicial admissions in plaintiff's complaint *conclusively* establish the date on which his claims against State Farm accrued, and the applicable authorities provide that the period of limitations for each of those claims expired before plaintiff filed his complaint herein.

Plaintiff's final argument – that the applicable statutes of limitation somehow were tolled by his alleged mental incapacity – similarly lacks any factual or legal support. For the reasons set forth herein, then, State Farm respectfully requests that the Court dismiss plaintiff's purported claims against it in their entirety and without leave to amend.

## II. PLAINTIFF'S OWN AUTHORITY ESTABLISHES THAT HIS CLAIMS AGAINST STATE FARM ACCRUED ON MARCH 18, 2003.

In his opposition, plaintiff represents to the Court that an insurer's denial of benefits must be "unequivocal" in order to trigger the statute of limitations. *Plaintiff's Opposition*, 2:14-15. However, the lone authority plaintiff cites on that issue provides no support for that

---

[1] State Farm has fully briefed its position with respect to the timeliness of plaintiff's claims against the Commissioner in its opposition to plaintiff's motion to remand. Because those claims are irrelevant to this motion, State Farm will not further discuss them in this reply memorandum.

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
Case No. C07-2829-VRW** **Page 1**

proposition. In fact, plaintiff's authority actually supports State Farm's showing that his claims against State Farm necessarily accrued more than four years before he filed his complaint.

Specifically, the insurer in *Neff v. New York Life Ins. Co.*, 30 Cal.2d 165 (1947) had allegedly sent the insured a letter which advised that "he was not entitled to any benefits" under the subject insurance policy. *Id.*, at 167-168. In light of that allegation, the Court in *Neff* had no reason to consider (much less comment on) the question of whether a denial must be "unequivocal" to trigger the statute of limitations. To the contrary, the Court in *Neff* expressly found the insurer to have "plainly advised the insured . . . that the insured had no disability rights under the policy." *Id.*, at 174; see also, *Id.*, at 170 [". . . it is apparent that defendant's above-quoted letter was an unconditional denial of liability to the insured and gave rise to an immediate cause of action in favor of the insured."]. It then unambiguously explained that the plaintiff's claims would be time-barred unless the complaint alleged "facts which would estop defendant from asserting such defense." *Id.*, at 174, citing *Fleishbein v. Western Auto Supply Agency*, 19 Cal.App.2d 424, 427 (1937) and *Cohen v. Metropolitan Life Insurance Co.*, 32 Cal.App.2d 337, 347 (1939).

In this case, plaintiff has <u>twice</u> alleged in his complaint that State Farm sent him a letter on March 18, 2003 which advised him that he "could not receive benefits under the POLICY" that is the subject of this case. *Complaint*, ¶¶13 and 34. According to plaintiff's own authority, that letter "plainly advised" him that he "had no disability rights under the policy." *Id.*, at 174.[2] Because more than four years passed between the date State Farm sent that letter and the date plaintiff filed his complaint, plaintiff's own authority therefore establishes that his claims against State Farm are time-barred unless the complaint alleged "facts which would estop [State Farm] from asserting such defense." *Id.*

///

---

[2] In part, the March 18, 2003 letter further advised plaintiff that, because the subject policy excluded the condition to which he attributed his disability, State Farm was "unable to provide payment" for any injuries associated with the event which caused that condition. *Pohls Decl.*, Ex. 1. According to plaintiff's own authority, such an "unconditional denial of liability was sufficient to put [him] on notice that legal action would be required to cause defendant's recognition of [his] disability claim." *Neff, supra*, 30 Cal.2d at 174.

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
Case No. C07-2829-VRW** **Page 2**

### III. PLAINTIFF HAS MADE NO ALLEGATION THAT STATE FARM IS ESTOPPED TO ASSERT THE STATUTE OF LIMITATIONS.

In his opposition, plaintiff suggests that State Farm's "continued adjustment" of his claim for benefits under the subject policy somehow estops it from asserting the statute of limitations as a bar to his claims. *Plaintiff's Opposition*, 2:25-3:1; See also, *Plaintiff's Opposition*, 2:19-22 ["ongoing adjustment"]. However, plaintiff offers <u>absolutely no authority</u> to support the notion that an insurer's "continued adjustment" of a claim for benefits can be used to estop it from asserting the statute of limitations defense. Accord, *Badell v. Celtic Life Insurance Co.*, 159 F.Supp.2d 1186, 1191 (N.D.Cal. 2001) ["Plaintiff does not cite any case that holds that a bad faith claim based upon a previous denial is tolled by the insurer's later re-affirmance of that denial."].

Perhaps more importantly, plaintiff's complaint does not allege that State Farm should be estopped from asserting the statute of limitations defense for that – or any other – reason. According to plaintiff's own authority, then, the fact that "[t]he statute of limitations here appears as 'a defense … upon the very face of' plaintiff's … complaint and he has failed to plead facts which would estop defendant from asserting such defense" requires that plaintiff's claims against State Farm all be dismissed as untimely. *Neff*, *supra*, 30 Cal.2d at 174, citing *Fleishbein v. Western Auto Supply Agency*, 19 Cal.App.2d 424, 427 (1937) and *Cohen v. Metropolitan Life Insurance Co.*, 32 Cal.App.2d 337, 347 (1939).

### IV. THE FACT THAT THE POLICY PROVIDES FOR MONTHLY BENEFITS DOES NOTHING TO EXTEND OR TOLL THE APPLICABLE PERIODS OF LIMITATION.

In his opposition, plaintiff cites the decision in *Erreca v. Western States Life Insurance Co.*, 19 Cal.2d 388 (1942) to support the notion that "each non-payment of a monthly benefit thereafter gives rise to a new cause of action." *Plaintiff's Opposition*, 3:23-24. To be certain, the decision in *Erreca* provides <u>some</u> support for treating a disability insurance policy which provides for monthly benefits as "a continuing contract for periodic installment payments depending upon the insured's continued disability." *Erreca, supra*, 19 Cal.2d at 401-402.

///

However, it does *not* support the notion that an insured receives "a new cause of action" for each month after the insurer's adverse claim decision.

Plaintiff has offered no other authority. In accordance with *Rule 11*, State Farm nevertheless acknowledges that California law permits a party to an installment contract to state a separate claim for each installment which is unpaid. See, e.g., *Bank of America v. McLaughlin,* 152 Cal. App. 2d Supp. 911, 915 (1957).[3] In this case, though, plaintiff has expressly alleged that State Farm already has paid him all of the benefits for which the subject policy provides. *Complaint*, ¶¶15 and 18. The judicial admissions in plaintiff's complaint therefore conclusively establish that he has no tenable claim for unpaid "installments."

More importantly, *there is no authority* to support the notion that a party to an installment contract may suspend the period of limitations applicable to *non-contract claims* for so long as an installment payment remains unpaid. To the contrary, a cause of action accrues (and the statute of limitations begins to run) when a controversy is ripe -- that is, when all of the elements of a cause of action have occurred and a suit may be maintained. *Howard Jarvis Taxpayers Assn. v. City of La Habra*, 25 Cal.4th 809, 815 (2001). The fact that the subject policy provides for monthly benefits therefore does nothing to extend or toll the periods of limitation which apply to plaintiff's claims for bad faith, intentional misrepresentation, or intentional infliction of emotional distress. Accord, *Martinez-Ferrer v. Richardson-Merrell*, 105 Cal.App.3d 316, 323 (1980) [since cause of action accrues when an injury is suffered, the statute of limitations is unaffected by additional injuries suffered later]; *Reichert v. General Insurance Co.*, 68 Cal.2d 822, 832 (1968) [consequential damages do not give rise to a new cause of action].

///

///

---

[3] See also, *White v. Moriarty*, 15 Cal.App.4th 1290, 1299 (1993) [promissory note]; *Conway v. Bughouse*, 105 Cal.App.3d 194, 200 (1980) [buy-sell agreement with monthly payments]; *Tillson v. Peters*, 41 Cal.App.2d 671, 674 (1940) [rent].

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**
**Case No. C07-2829-VRW**                                                                 **Page 4**

## V.  THE STATUTE OF LIMITATIONS FOR EACH OF
## PLAINTIFF'S CLAIMS AGAINST STATE FARM HAS EXPIRED.

Plaintiff does not dispute that, unless they were tolled, the statute of limitations for each of his claims against State Farm has expired.  To assist the Court, State Farm will nevertheless briefly explain why that is the case for each claim set forth in plaintiff's complaint.

### A.  Plaintiff's Breach of Contract Claim Was Untimely After March 18, 2007.

*California Code of Civil Procedure* Section 337 requires that all actions upon contracts founded upon an instrument in writing be filed within four years from the date of breach.  *Cal. Code Civ. Proc.* §337; See also, *Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program*, 222 F.3d 643, 648 (9th Cir. 2000).  In this case, plaintiff has alleged that State Farm breached the contract when it denied his claim for disability benefits on March 18, 2003.  *Complaint*, ¶¶13 and 34.  The express allegations in plaintiff's complaint therefore establish that his breach of contract claim was untimely after March 18, 2007.[4]

### B.  Plaintiff's Intentional Misrepresentation Claim Was Untimely After March 18, 2006.

*California Code of Civil Procedure* bars any claim for fraud that is filed more than three years after the date on which the plaintiff discovered the alleged misrepresentation.  *Cal. Code of Civ. Proc.* §338(d).  That period of limitations begins to run as soon as the plaintiff has actual or constructive knowledge of the facts that constitute the alleged fraud.  *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); See also, *General Bedding Corporation v. Echevarria*, 947 F.2d 1395, 1397 (9th Cir. 1991); *Kline v. Turner*, 87 Cal.App.4th 1369, 1374 (2001) ["The courts interpret discovery in this context to mean not when the plaintiff became aware of the specific wrong alleged, but when the plaintiff suspected or should have suspected that an injury was caused by wrongdoing.  The statute of limitations begins to run when the plaintiff has information which would put a reasonable person on inquiry."].

///

---

[4] It makes no difference that plaintiff may claim to have a series of claims for each subsequent monthly benefit that was unpaid.  Indeed, plaintiff has expressly alleged that State Farm already has paid him all of the benefits for which the subject policy provides.  *Complaint*, ¶¶15 and 18.  Even if it were timely, then, plaintiff's breach of contract claim therefore involves no justiciable controversy.

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**
**Case No. C07-2829-VRW** **Page 5**

Plaintiff's third claim for relief (for intentional misrepresentation) is based upon an allegation that State Farm made a misrepresentation in the letter it sent to him on March 18, 2003. *Complaint*, ¶¶13 and 33-34. The express allegations in plaintiff's complaint establish that he discovered State Farm's alleged misrepresentation not later than March 18, 2003. *See, e.g., Complaint*, ¶¶13 and 34. The express allegations in plaintiff's complaint therefore establish that his breach of contract claim has been untimely since March 18, 2006.

### C. Plaintiff's Bad Faith Claim Was Untimely After March 18, 2005.

California courts have recognized that actions based on the implied covenant of good faith and fair dealing constitute a hybrid-type claim that sounds in both contract and tort. *Fraizer v. Metropolitan Life Insurance Company*, 169 Cal.App.3d 90, 100 (1985); *see also McDowell v. Union Mutual Life Insurance Co.*, 404 F.Supp. 136, 145-147 (C.D. Cal. 1975). To the extent plaintiff seeks contract damages in connection with that claim, the four-year period of limitations prescribed by *California Code of Civil Procedure* Section 337 applies. *Fraizer, supra*, 169 Cal.App.3d at 102. However, to the extent plaintiff seeks tort damages in connection with that claim, the two-year period of limitation prescribed by *California Code of Civil Procedure* Section 339(1) applies. *Id.*; See also, *Badell v. Celtic Life Insurance Co.*, 159 F.Supp.2d 1186, 1191 (N.D.Cal. 2001); *Heighley v. J.C. Penny Life Insurance Co.*, 257 F.Supp.2d 1241, 1257 (C.D. Cal. 2003).

Because plaintiff has alleged that State Farm breached the contract when it denied his claim for disability benefits on March 18, 2003 [*Complaint*, ¶¶13 and 34], there is no need for the Court to consider whether he may recover contract damages in connection with his bad faith claim. However, because plaintiff alleges that State Farm denied his benefit claim on March 18, 2003 [*Complaint*, ¶¶13 and 34], it is equally clear that any claim for tort damages plaintiff might pursue in connection with State Farm's alleged breach of the implied covenant has been time-barred since March 18, 2005.

### D. Plaintiff's Emotional Distress Claim Was Untimely After March 18, 2005.

California *Code of Civil Procedure* bars any claim for emotional distress that is filed more than two years after the date in which the injury occurs. *Cal. Code of Civ. Proc.* §335.1.

Again, plaintiff alleges emotional distress damages in his complaint in connection with State Farm's denial of his claim for benefits on March 18, 2003.[5]  *See, e.g., Complaint,* ¶¶13 and 34. Because this lawsuit was filed more than two years after that date, plaintiff's claim for intentional infliction of emotional distress is barred by the statute of limitations.  *Love v. Fire Insurance Exchange Co.,* 221 Cal.App.3d 1136, 1143-1144 (1990).

### VI.  PLAINTIFF CANNOT USE HIS ALLEGED MENTAL INCAPACITY TO TOLL THE APPLICABLE STATUTES OF LIMITATION.

In a final attempt to suspend the statutes of limitation which apply to his claims against State Farm, plaintiff has directed the Court to a portion of the complaint in which plaintiff made the following allegation:

> "During the adjustment of Plaintiff's disability insurance claim, from March 15, 2003 through the present . . . Mr. SUKIN lacked the mental capacity to have a full understanding of his rights, and to deal with the Defendants' disability insurance POLICY and Defendants' actions thereunder, and was not mentally competent to understand the nature, purpose and effect of the POLICY, Plaintiff's obligations (if any), and Defendants' actions under the POLICY."

*Complaint*, ¶16; See also, *Plaintiff's Opposition*, 4:5-5:7.  According to plaintiff, that allegation alone is sufficient to toll the period of limitations under *California Code of Civil Procedure* Section 352.  As explained herein, though, there are numerous reasons that plaintiff's alleged mental incapacity has no effect whatsoever on the timeliness of his claims against State Farm.  Plaintiff's arguments to the contrary therefore must be rejected.

### A.  Plaintiff's Allegations About a Mental Incapacity are Insufficient, Unsupported and Demonstrably False.

In his opposition, plaintiff offers just one authority to support his contention that the statute of limitations can be tolled because of his alleged mental incapacity.  *Plaintiff's Opposition*, 4:10-15, citing *Feeley v. Southern Pacific Transportation Co.*, 234 Cal.App.3d 949 (1991).  However, even a cursory review of plaintiff's authority reveals that his allegations

---

[5] Plaintiff's fourth claim for relief (for intentional infliction of emotional distress) is more precisely based upon an allegation that State Farm denied his claim for benefits on March 18, 2003 with knowledge that he was then in a "precarious condition."  *Complaint*, ¶¶13, 44 and 46.

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
Case No. C07-2829-VRW**                                                                                                   **Page 7**

about a mental incapacity are insufficient to toll any statute of limitations that is applicable to his claims.

Specifically, the plaintiff in *Feeley* was injured on the defendant's premises, after which he was in a coma for 12 days. He later recovered and filed a complaint one day after the applicable statute of limitations expired. When doing so, he asserted that the period of limitations had been tolled because he had been "insane" within the meaning of *California Code of Civil Procedure* Section 352. When evaluating that argument for tolling, the Court in *Feeley* explained that *California Code of Civil Procedure* Section 352 required proof that the plaintiff was "incapable of caring for his property or transacting business or understanding the nature or effects of his acts." *Feeley, supra*, 234 Cal.App.3d at 951-952. Because it could not make a "rational distinction between a person rendered completely unconscious by trauma, and a person who remains conscious but incapable," the Court in *Feeley* concluded that the plaintiff had met his burden under *California Code of Civil Procedure* Section 352.

Here, however, plaintiff makes no similar allegation. At best, he alleges that he "lacked the mental capacity to have a full understanding of his rights" and "was not mentally competent to understand the nature, purpose and effect of" the subject policy. *Complaint*, ¶16.

According to his own authority, though, plaintiff cannot toll the statute of limitations without proving something more than an impaired capacity to understand his rights – the Court in *Feeley* explained that plaintiff must plead (and prove) that he was "incapable of caring for his property or transacting business or understanding the nature or effects of his acts." *Feeley, supra*, 234 Cal.App.3d at 951-952. The bare allegations in plaintiff's complaint therefore are insufficient to toll the statute of limitations. See e.g., *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) [equitable tolling for mental incompetence is allowed in "extraordinary circumstances"].

Plaintiff's allegations also are unsupported. In addition, they are demonstrably false. For example, a report that plaintiff's health care provider prepared on March 18, 2003 (*ie.*, three days after plaintiff alleges himself to have become mentally incompetent) noted that:

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
Case No. C07-2829-VRW** **Page 8**

> "Mr. Sukin is actually doing somewhat better at work. His behavior is gradually coming under control. He is working extensively with Dr. Rome. Overall, I am optimistic that Mr. Sukin will continue to show some significant improvement."

*Pohls Decl. in Opp. to Plaintiff's Remand Motion*, Ex. 1. In addition, the documentary evidence in State Farm's claim files confirm that plaintiff personally communicated with State Farm about his policy, his condition, his medical history and his claim for benefits on (among other dates) March 14, 2003, March 21, 2003, June 20, 2003, July 1, 2003 and August 5, 2003. *Pohls Decl. in Opp. to Plaintiff's Remand Motion*, Ex. 2. In light of that evidence, plaintiff cannot legitimately claim that he "lacked the mental capacity to have a full understanding of his rights" and "was not mentally competent to understand the nature, purpose and effect of" the subject policy. Cf., *Complaint*, ¶16.

More importantly, that evidence establishes that plaintiff cannot possibly prove that he was "incapable of caring for his property or transacting business or understanding the nature or effects of his acts." *Feeley, supra*, 234 Cal.App.3d at 951-952. Accordingly, any assertion that the statute of limitations was tolled as of March 15, 2003 because plaintiff was thereafter "insane" within the meaning of *California Code of Civil Procedure* Section 352 must be rejected. See e.g., *Stoll, supra,* 165 F.3d at 1242.

### B. Plaintiff Cannot Toll the Statutes of Limitation Because His Causes of Action Accrued Before He Allegedly Had a Mental Incapacity.

*California Code of Civil Procedure* Section 357 plainly and unambiguously states that "[n]o person can avail himself of a disability, unless it existed when his right of action accrued." *Cal. C.C.P.* §357. In his complaint, however, plaintiff attributes his alleged mental incapacity to (among other things) the alleged misrepresentations which he alleges State Farm to have made on March 18, 2003. *Complaint*, ¶16 ["As a direct result of … the above misrepresentations … Mr. SUKIN lacked the mental capacity …."]. Since the judicial admissions in plaintiff's complaint therefore conclusively establish that his alleged disability did not exist when his claims against State Farm accrued, plaintiff cannot possibly toll the applicable period of limitations. *Cal. C.C.P.* §357; See also, *Rose v. Petaluma & Santa Rosa*

*Ry. Co.*, 64 Cal.App.213, 217 (1923) [once the cause of action has accrued and the statute commences to run, no subsequent disability will suspend it]; *Larsson v. Cedars of Lebanon*, 97 Cal.App.2d 704, 707 (1950) [same].

### C. Plaintiff Cannot Toll the Statute of Limitations for His Alleged Mental Incapacity Because He Was Represented by an Attorney.

On March 14, 2003, plaintiff told State Farm that he might consult with an attorney regarding his claim for benefits under the subject policy. *Pohls Decl. in Opp. to Plaintiff's Remand Motion*, Ex.2. He made a similar statement on March 21, 2003. *Pohls Decl. in Opp. to Plaintiff's Remand Motion*, Ex. 2. Sometime thereafter, plaintiff hired an attorney who sent State Farm a letter on January 30, 2004 to confirm that he had been "retained to represent the interests" of plaintiff in connection with his claim for benefits. *Pohls Decl. in Opp. to Plaintiff's Remand Motion*, Ex. 3.

The undeniable fact that he retained an attorney in January 2004 leaves no doubt that his claims against State Farm now are time-barred. Indeed, the Ninth Circuit has consistently held that a statute of limitations may not be tolled when a party is represented by an attorney or has consulted with one to determine his or her legal rights. See, *Stallcop v. Kaiser Foundation Hospitals*, 820 F.2d 1044, 1050 (9th Cir.), cert. denied, 484 U.S. 986 (1987); Accord, *Leorna v. United States Dept. of State*, 105 F.3d 548, 551 (9th Cir. 1997).[6] California's appellate courts likewise adhere to the principle that a party who is represented by an attorney cannot toll the period of limitations because he or she is deemed to have constructive knowledge of the statute of limitations governing distinct causes of action. See,

---

[6] Other circuits that have addressed this issue are in accord. See, e.g., *Keyse v. California Texas Oil Corp.*, 590 F.2d 45, 47 (2nd Cir. 1978) ["even assuming that tolling is permissible . . . tolling would be improper if appellant was represented by counsel."]; *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, 515 F.2d 1195, 1200, n. 8 (5th Cir. 1975) [plaintiff who consulted an attorney before limitations period ran "had the 'means of knowledge' of his ADEA rights, for the very purpose of consulting an attorney is to ascertain what legal redress arises out of a factual situation encompassing a supposed wrong."]; See also, *Mercado-Garcia v. Ponce Fed. Bank*, 979 F.2d 890, 896 (1st Cir. 1992); *Vance v. Whirlpool Corp.*, 716 F.2d 1010, 1012-13 (4th Cir. 1983); *Daugherity v. Traylor Bros., Inc.*, 970 F.2d 348, 353, n.8 (7th Cir. 1992); *Beshears v. Asbill*, 930 F.2d 1348, 1351 (8th Cir. 1991); and *McClinton v. Alabama By-Products Corp.*, 743 F.2d 1483, 1486, n. 4 (11th Cir. 1984).

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
Case No. C07-2829-VRW**                                                                                             **Page 10**

e.g, *Associated Truck Parts, Inc. v. Superior Court*, 228 Cal.App.3d 864, 867-870 (1991); *Pugh v. State Farm Insurance Companies*, 227 Cal.App.3d 816 (1991).

At best, then, plaintiff's unsupportable allegation might allow him to toll the applicable statutes of limitation for the ten and a half months that passed between the onset of his alleged mental incapacity (March 15, 2003) and the date he retained an attorney (January 30, 2004). Once plaintiff retained that attorney, though, the period of limitations applicable to any claim which was not already time-barred would have resumed. Even giving plaintiff the maximum benefit of the allegations in his complaint, it therefore follows that plaintiff's claims against State Farm are stale and time-barred. See, Section V, *supra*.

### VII. PLAINTIFF'S BARE ALLEGATION OF A "CONSPIRACY" DOES NOT CHARGE STATE FARM WITH EXTREME AND OUTRAGEOUS CONDUCT.

In its moving papers, State Farm explained that:

". . . an insurance company is privileged, in pursuing its own economic interests, to assert in a permissible way its legal rights and to communicate its position in good faith to its insured even though it is substantially certain that in so doing emotional distress will be caused."

*Moving Papers*, Section V, citing *Fletcher v. Western National Life Insurance Co.*, 10 Cal.App.3d 376, 396 (1970). In his opposition, plaintiff makes no effort to dispute that point. See, *Plaintiff's Opposition*, 5:20-27. Instead, he asserts that the allegations set forth in his complaint charge State Farm with "conduct which a California appellate court has already determined not to be privileged." *Plaintiff's Opposition*, 6:8.

To support that claim, plaintiff cites to the decision in *Younan v. Equifax Inc.*, 111 Cal.App.3d 498 (1980), a case in which an insured sued his insurer, an independent adjuster and a psychologist for (among other things) conspiring to provide a false report in connection with the insured's benefit claim. Because the Court in *Younan* found the defendants' conduct to have been outrageous, plaintiff asserts that his allegations are sufficient to support his claim for intentional infliction of emotional distress because they charge State Farm with

///

///

forming a conspiracy for similar purposes. See, e.g., *Complaint*, ¶50.[7] For at least two reasons, though, those bare allegations cannot be enough to overcome this motion.

First, the allegations set forth in paragraph 50 of plaintiff's complaint do not charge State Farm with having formed a conspiracy with any specific person or legal entity. Instead, they charge only that State Farm formed a conspiracy with itself[8] and the fictitiously-named defendants identified only as "Does 1-40." *Complaint*, ¶50. At a minimum, then, those allegations (and all claims based upon them) should fail for uncertainty.

Second – and more importantly – plaintiff's own authority clarifies that a bare allegation that State Farm formed a conspiracy cannot be enough. As the Court in *Younan* more fully explained:

> "To be actionable (conspiracy) the alleged combination must result in the commission of a civil wrong, either by the perpetration of an unlawful act or some injurious act by unlawful means, resulting in damage. [fn. omitted] (Agnew v. Parks (1959) 172 Cal.App.2d 756 [343 P.2d 118].) As stated in Wise v. Southern Pacific Co. (1963) 223 Cal.App.2d 50, 64 [35 Cal.Rptr. 652], "… *a conspiracy, in and of itself, however, atrocious, does not give rise to a cause of action unless a civil wrong has been committed resulting in damage.*" The major significance of the conspiracy lies in the fact that it renders each participant in the wrongful act responsible as a joint tortfeasor for all damages ensuing from the wrong, irrespective of whether or not he was a direct actor and regardless of the degree of his activity. (Mox, Inc. v. Woods (1927) 202 Cal. 657 [262 P. 302]."

*Younan, supra*, 111 Cal.App.3d at 508; emphasis added. It therefore is not enough for plaintiff to have alleged that State Farm formed a conspiracy with some unidentified person or entity. Instead, he must in some way allege that the conspiracy was carried out in a manner which constituted a civil wrong that caused him damage. Cf., *Younan, supra*, 111 Cal.App.3d at 503-504 [alleging that a conspiracy for the psychologist to prepare a false report and that the report actually prepared "omitted certain of the results" of psychological testing].

---

[7] In his opposition, plaintiff directs the Court to the allegations set forth in paragraph 23 of his complaint. However, the allegations in that paragraph of the complaint charge State Farm with having conspired with "STATE FARM INSURANCE COMPANIES" – a trade name that State Farm sometimes uses but which does not otherwise relate to another legal entity. In other words, the allegations to which plaintiff refers charge only that State Farm conspired with itself. For that reason, this reply memorandum will more closely examine the similar allegations set forth in paragraph 50 of the complaint.

[8] See footnote 7, *supra*.

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**
**Case No. C07-2829-VRW** **Page 12**

Significantly, plaintiff's complaint makes no allegation that State Farm carried out the alleged conspiracy to obtain "a pretext for delaying Plaintiff's disability benefits." Cf., *Complaint*, ¶50. It also makes no allegation that State Farm's actions in connection with the alleged conspiracy have constituted a civil wrong that caused plaintiff to suffer damages. The bare allegations in plaintiff's complaint therefore are insufficient to overcome State Farm's claim of privilege and, in accordance with plaintiff's own authorities, are insufficient to charge State Farm with any form of "outrageous" conduct.

## VIII. CONCLUSION.

In plaintiff's words, this motion "tests the *legal sufficiency* of the claims stated in the complaint." *Plaintiff's Opposition*, 1:20; emphasis in original. For that reason, plaintiff cannot ask that the Court ignore the allegations set forth in his complaint when ruling on this motion. To the contrary, he was obligated to demonstrate that those allegations are legally sufficient.

Plaintiff also cannot ask that the Court ignore the applicable statutes of limitation, nor can he ask that it ignore the controlling authorities which establish that his claims against State Farm all are untimely. For the several reasons set forth herein, then, State Farm respectfully requests that the Court grant this motion to dismiss in its entirety and without leave to amend. In light of his express allegations, plaintiff simply has no tenable claim against State Farm.

Respectfully submitted,

**POHLS & ASSOCIATES**

_____
Robert R. Pohls
Attorney for Defendant **State Farm Mutual Automobile Insurance Company**

## PROOF OF SERVICE

*Alan Sukin v. State Farm Mutual Automobile Insurance Company, et al.*
*U.S. District Court, Northern District of California, Case No. C07-2829-VRW*

I, Robert R. Pohls, declare that I am over the age of eighteen years, and not a party to this action or proceeding. My business address is 12657 Alcosta Boulevard, Suite 150, San Ramon, CA 94583. On August 30, 2007, I caused the following document(s) to be served:

### REPLY MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

☉ in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Ray Bourhis, Esq.
Lawrence Mann, Esq.
**Bourhis & Mann**
1050 Battery Street
San Francisco, California 94111

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 30, 2007, at San Ramon, California.

_____
Robert R. Pohls