1  Ray Bourhis, Esq. SBN 53196
   Lawrence Mann, Esq. SBN 83698
2  **BOURHIS & MANN**
3  1050 Battery Street
   San Francisco, CA 94111
4  Tel: (415) 392-4660; Fax: (415) 421-0259

5  Attorneys for Plaintiff ALAN SUKIN

6
7              **IN THE UNITED STATES DISTRICT COURT**

               **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
8
9

10 ALAN SUKIN,                                 ) Case No.:  C 072829 VRW (**E-FILING**)
                                               )
11         Plaintiff,                          ) PLAINTIFF ALAN SUKIN'S REPLY
                                               ) BRIEF IN SUPPORT OF HIS MOTION
12     v.                                      ) TO REMAND BACK TO STATE COURT
                                               ) AND REQUEST FOR COSTS AND FEES
13 STATE FARM MUTUAL AUTOMOBILE                ) (28 U.S.C. § 1447(c))
   INSURANCE COMPANY AND STATE FARM            )
14 INSURANCE, THE COMMISSIONER OF THE          )
15 CALIFORNIA DEPARTMENT OF                    ) [Filed concurrently with Plaintiff's
   INSURANCE; and DOES 1 through 20, inclusive ) Objections To "Evidence" Offered By
16                                             ) Defendants State Farm Mutual Automobile
                                               ) Insurance Company and State Farm
17         Defendants.                         ) Insurance Company In Opposition To
                                               ) Plaintiff's Motion To Remand]
18                                             )
19                                             ) DATE:   Thursday, September 13, 2007
                                               ) TIME:   2:00 P.M.
20                                             ) DEPT:   Courtroom 6, 17TH Floor
                                               )
21                                             ) TRIAL DATE:  Not Yet Set

22
23
24
25
26
27
28

                                    1

## TABLE OF CONTENTS

Page(s)

I.    INTRODUCTION ........................................................................... 1

II.   LEGAL ARGUMENT ..................................................................... 1

    A.  DEFENDANT INSURER'S OPPOSITION PAPERS COMPLETELY DISREGARD THE LEGAL STANDARD OF REVIEW FOR A MOTION TO REMAND AS WELL AS DEFENDANT INSURER'S HEAVY BURDEN OF PROOF TO SHOW THAT REMOVAL WAS PROPER ........................................ 1

        1)  Defendant Insurer Improperly Seeks To "Pre-Try" Disputed *Issues Of Fact* As To Whether Plaintiff Was *Actually* Mentally Incapacitated At The Time His Cause Of Actions Accrued ........... 3

          a.  As Defendant Insurer's Internal Files Are Inadmissible And Not Properly Before The Court, Defendant Insurer Cannot Contest The Tolling Of The Statute Of Limitations On *Any* Evidentiary Basis ......................................................................... 5

          b.  Defendant Insurer Has Failed To Establish That The General Tolling Statute, California Code Of Civil Procedure Section 352, Does Not Apply To Actions For Mandamus Against The Commissioner Of The California Department Of Insurance ...................................................................................... 6

          c.  As Plaintiff Has Expressly Alleged The Onset Of His Mental Incapacity Prior To The Accrual Of His Causes Of Action, Defendant Insurer Cannot Establish That Any Of Plaintiff's Causes Of Action Are Time Barred ............................... 6

          d.  Even Assuming, *Arguendo*, That Plaintiff Did Retain An Attorney During The Adjustment Process, The Case Law Does Not Provide That the Tolling Of The Statute Of Limitations Ends Where The Plaintiff Remains Mentally Incapacitated ........... 7

          e.  Even Assuming, *Arguendo*, That Plaintiff Did Retain An Attorney During The Adjustment Process And Thereby Ended The Tolling Period, Plaintiff's Cause Of Action For Breach Of Contract Would Still Be Tolled A Sufficient Period To Render The Cause Of Action Timely ........................................................ 8

          f.  All of Plaintiff's Causes Of Action Are Timely As Each Non-Payment By Defendant Insurer Of Monthly Disability Benefits Gives Rise To A Separate Cause Of Action And Triggers A New Statute Of Limitations ........................................... 9

    B.  DEFENDANT INSURER'S ARGUMENT THAT PLAINTIFF'S CAUSES OF ACTIO AGAINST THE COMMISSIONER ARE TIME BARRED IS ERRONEOUS ...................................................... 10

# TABLE OF CONTENTS

Page(s)

1) California Code Of Civil Procedure Section 1094.6, Which Defendant Insurer Contends Renders Plaintiff's Causes Of Action Time Barred, Applies Only To "Local Agencies" -- And, Therefore, Not To The Commissioner ................................... 11

2) California Code Of Civil Procedure Section 338 Does Not Render Plaintiff's Causes of Action Against The Commissioner Time Barred .............................................. 12

3) Courts In The Northern District Have Held That The Three Year Statute Of Limitation Provided By Code Of Civil Procedure Section 338 Does Not Render Identical Causes Of Action Against The Commissioner Time Barred ........................... 12

4) Defendant Insurer Fails To Establish Its Citizenship With Admissible Evidence; Accordingly, Remand Is Proper On This Basis Alone ..................................................................... 14

III.    CONCLUSION ................................................................. 14

ii

## TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

B., Inc. v. Miller Brewing Company, 663 F.2d 545 (5th Cir.1981) ........................... 2

Borsuk v. Massachusetts Mutual Insurance Company, 2003 U.S. Dist. LEXIS
     25259, *25 (N.D. Cal. 2003)............................................................... 12,13

Brazina v. Paul Revere Life Ins. Co, et al, 271 F.Supp.2d 1163 (N.D. Cal. 2003) ...... 11,12

Dodson v. Spiliada Maritime Corp., 951 F.2d 42, 43 (5th Cir.1992).......................... 3

Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) ............................ 2,3

Maiolino v. Unumprovident Corp., 2004 U.S. DIST. LEXIS 7556 ........................... 13

McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) ...................... 2

Miller v. Grgurich, 763 F.2d 372, 373 (9th Cir. 1985) .......................................... 2,4

Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067-1068 (9th Cir. 2001)...............2,3,4,8,14

National Audubon Soc. v. Department of Water & Power, 496 F. Supp. 499 (E.D.
     Cal. 1980)......................................................................................... 2,4

Powers v. Chesapeake and Ohio RR, (1898) 169 U.S. 92, 101, 18 S. Ct. 264, 267,
     42 L. Ed. 673) .................................................................................. 2,4

Salveson v. Western States Bankcard Ass'n, 731 F.2d 1423, 1426 (9th Cir. 1984)..... 2

Sullivan v. Unum Life Ins. Co. of Amer., 2004 U.S. Dist. LEXIS 7010, (N.D. Cal.
     2004) ............................................................................................... 12

**STATE CASES**

Alcott Rehab. Hosp. v. Superior Court, (2001) 93 Cal. App. 4th 94,101 .................... 6

Associated Truck Parts v. Superior Court, (1991) 228 Cal. App. 3d 864 ................... 7

Erreca v. Western States Life Ins. Co., (1942) 19 Cal. 2d 388................................... 9,10

Feeley v. S. Pac. Transp. Co., (1991) 234 Cal. App. 3d 949, 956 .............................. 6

Pugh v. State Farm Ins. Cos., 227 Cal. App. 3d 816 ............................................. 8

///

///

///

iii

## TABLE OF AUTHORITIES

Page(s)

### STATUTES

Code of Civil Procedure

§56(e) .................................................................................................. 1, 4, 14

§257   ................................................................................................... 6

§338   ................................................................................................... 12,13,14

§352   ................................................................................................... 6,7

§1094.6................................................................................................. 11,12

Uni ed States Code

§54951 .................................................................................................. 11

### OTHER

Moore's Federal Practice (1986) ¶ O.161[2]

# I. **INTRODUCTION**

Plaintiff Alan Sukin ("Plaintiff") respectfully replies to the opposition of Defendants State Farm Mutual Automobile Insurance Company and State Farm Insurance Company ("Defendant Insurer") to Plaintiff's motion to remand.

One of the central flaws that pervades Defendant Insurer's opposition papers is the argument that an insured is injured at the moment he purchases his disability insurance policy if it contains a policy provision which is not consistent with the California Insurance Code. However, as long as the insured has never suffered any financial harm by reason of a denial of benefits based on an impermissible provision – and, in fact, does not even have a notion as to how the insurer will administer the policy provision – he has not yet suffered any injury of any kind.

As set forth below, at least one decision from the Northern District has expressly recognized that a cause of action cannot accrue against the Commissioner of the California Department of Insurance ("Commissioner") until the denial of the claim because until that time, the insured does not have any knowledge of how his insurer will administer the subject policy provision.

A second central flaw of Defendant Insurer's opposition is that it seeks to rebut Plaintiff's contention that the statutes of limitation are tolled by offering purported evidence which does not appear in Plaintiff's Complaint or in the state court file or even in its Notice of Removal and is therefore inadmissible. All such purported evidence, moreover, is inadmissible because it fails to meet <u>any</u> of the requisites for admissibility under Federal Rule of Civil Procedure 56(e) for a summary judgment procedure. Accordingly, all such evidence is inadmissible and not properly before the Court.

# II. **LEGAL ARGUMENT**

## A. **DEFENDANT INSURER'S OPPOSITION PAPERS COMPLETELY DISREGARD THE LEGAL STANDARD OF REVIEW FOR A MOTION TO REMAND AS WELL AS DEFENDANT INSURER'S HEAVY BURDEN OF PROOF TO SHOW THAT REMOVAL WAS PROPER**

As set forth in Plaintiff's moving papers, the issue of whether an in-state defendant is

1

fraudulently joined *must be capable of summary determination* in order for a motion to remand to be properly denied. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983) In ruling on a motion to remand, the district court "must not 'pre-try'" substantive factual issues to answer the threshold question of whether the joinder of an in-state defendant is fraudulent. *Id.* at 204.

> As a procedural matter, **a district court "need not and should not conduct a full scale evidentiary hearing on questions of fact** affecting the ultimate issues of substantive liability in a case in order to make a preliminary determination as to the existence of subject matter jurisdiction. **The question of whether the plaintiff has set forth a valid claim against the in-state defendant(s) should be capable of summary determination.**" *Green v. Amerada Hess Corp. supra* at 204, citing *B., Inc. v. Miller Brewing Company*, 663 F.2d 545 (5th Cir.1981).

Whether diversity exists should generally be determined from the face of the complaint. *Miller v. Grgurich,* 763 F.2d 372, 373 (9th Cir. 1985) (disapproved on other grounds), *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1426 (9th Cir. 1984) (disapproved on other grounds). Moreover, in ruling on whether a defendant may amend its Petition For Removal to allege new facts, the district court is limited to examining the Petition itself and the state court file. *National Audubon Soc. v. Department of Water & Power*, 496 F. Supp. 499 (E.D. Cal. 1980), citing *Powers v. Chesapeake and Ohio RR* (1898) 169 U.S. 92, 101, 18 S. Ct. 264, 267, 42 L. Ed. 673. While some courts have endorsed the consideration of "summary judgment-type evidence such as affidavits and deposition testimony" in deciding a motion to remand, *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067-1068 (9th Cir. 2001), "summary judgment-type evidence" must fully satisfy the Federal Rules Of Civil Procedure 56(e) to be admissible.

The denial of a motion to remand is proper only if the plaintiff's alleged failure to state a cause of action against the resident defendant is "obvious" under the settled law of the state. *Morris v. Princess Cruises, Inc.*, supra at 1067, *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9[th]Cir. 1987) (citing *Moore's Federal Practice* (1986) ¶ 0.161[2]). (Emphasis Added.) As the 9th

2

1   Circuit Court of Appeals stated in *Morris v. Princess Cruises, Inc.*, supra:

2   
3   > Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, "if the plaintiff fails to state a cause of action against a resident defendant, **and the failure is obvious according to the settled rules of the state.**" (Emphasis Added.) *Id.* at 1067.

4   
5   
6       The defendant's burden is to prove that there is *"absolutely no possibility"* that the plaintiff

7   can establish a cause of action against the resident defendant.  As the court stated in *Green v.*

8   *Amerada Hess Corp.*, supra:

9   
10  > "The burden of proving a fraudulent joinder is a heavy one.  The removing party must prove that there is **absolutely no possibility** that the Plaintiff will be able to establish a cause of action against the in-state Defendant in state court, or that there has been outright fraud in the Plaintiff's pleadings of jurisdictional facts." *Id.* at 205.

11  
12      In making this determination, **"all disputed questions of fact and all ambiguities in the**

13  **controlling state law must be decided in favor of the non-removing party."** *Dodson v. Spiliada*

14  
15  *Maritime Corp.*, 951 F.2d 42, 43 (5th Cir.1992) (holding that even a "tenuous proposition" under

16  state law is sufficient since its "modicum of sturdiness" passed possibility of recovery test).

17      As set forth below, in opposing Plaintiff's motion to remand, Defendant Insurer relies almost

18  exclusively on "evidence" which is not properly considered in adjudicating a motion to remand.  As

19  such, Defendant Insurer has fallen far short of meeting its heavy legal burden.

20  
21  **1.  Defendant Insurer Improperly Seeks To "Pre-Try" Disputed *Issues Of Fact* As To Whether Plaintiff Was *Actually* Mentally Incapacitated At The Time His Cause Of Actions Accrued**

22  
23      As set forth above, in opposing a motion to remand, Defendant Insurer cannot compel the

24  Court to weigh and adjudicate disputed factual issues because ""all disputed questions of fact" <u>must</u>

25  be resolved in Plaintiff's favor. *Dodson v. Spiliada Maritime Corp.*, supra at 43.

26  
27      Defendant Insurer asks this Court to examine and evaluate complex and substantive *evidence*

28  contained in internal files of Defendant Insurer in ruling on Plaintiff's motion.  None of this

3

---

**Case No. C 072829 VRW (E-FILING)**
PLAINTIFF ALAN SUKIN'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO REMAND BACK TO
STATE COURT AND REQUEST FOR COSTS AND FEES (28 U.S.C. § 1447(c))

1    purported evidence, however, meets the stringent requirements that it be "summary judgment-type

2    evidence." *Morris v. Princess Cruises, Inc., supra* at 1067; even if the evidence did meet these

3    requirements for admissibility, it would only create disputed *evidentiary* issues which, under the

4    above-cited authorities, must be resolved in Plaintiff's favor.

5

6        Federal Rule of Civil Procedure 56(e) sets exacting requirements for the admissibility of

7    evidence in a summary judgment proceeding:

8        (e) Form of Affidavits; Further Testimony; Defense Required. Supporting and
9        opposing affidavits **shall be made on personal knowledge, shall set forth such
         facts as would be admissible in evidence, and shall show affirmatively that the
10       affiant is competent to testify to the matters stated therein. Sworn or certified
         copies of all papers or parts thereof referred to in an affidavit shall be attached
11       thereto** or served therewith. (Emphasis Added.)

12       Under Federal Rule of Civil Procedure 56(e) and the above-cited case law, <u>all</u> of the

13   aforesaid exhibits (and any and all documents contained therein) which are attached to the

14   Declaration of Robert R. Pohls are <u>not</u> properly considered by a district court in ruling on a motion

15   to remand.  The reasons are numerous:

16

17       First, the documents which purport to comprise Defendant Insurer's own internal files are

18   being used to dispute "facts" which Plaintiff alleges in his Complaint; as such, these facts constitute

19   "disputed facts" which, under the above-cited authorities, must be resolved in Plaintiff's favor in

20   ruling on a motion to remand.

21

22       Second, none of the evidence attached as Exhibits is admissible as it was not attached to

23   Plaintiff's Complaint and Defendant Insurer has failed to establish that any of these documents were

24   part of the state court file. See *Miller v. Grgurich, supra* and *National Audubon Soc. v. Department

25   of Water & Power*, supra citing *Powers v. Chesapeake and Ohio RR*, *supra*.  Even if they were part

26   of the state court file, they would be required to meet the standard for admissibility set forth in Rule

27   56(e) above.

28

4

Third, the aforesaid "evidence" offered by Defendant Insurer is classic hearsay and there is no showing that Mr. Pohls is qualified either by reason of personal knowledge or anything else to lay a proper foundation for any of the exceptions to the hearsay rule which might apply to those documents. Moreover, the documents contain *double-hearsay* as some of these documents were not prepared by Defendant Insurer but rather, according to Defendant Insurer, were prepared by third parties and then transmitted to Defendant Insurer who thereafter made them part of its own internal files. The evidence provided does not satisfy any of the criteria for admissibility for a summary judgment motion and, accordingly, is not properly considered now.

Fourth, the documents cited by Defendant Insurer contain opinion evidence for which, additionally, there is no foundation. Based on the above, Plaintiff objects to the admission and consideration of <u>any and all</u> documents attached to the Declaration of Mr. Pohls. (Please also see PLAINTIFF'S OBJECTIONS TO "EVIDENCE" OFFERED BY DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM INSURANCE COMPANY IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND.)

      a.   <u>As Defendant Insurer's Internal Files Are Inadmissible And Not Properly Before The Court, Defendant Insurer Cannot Contest The Tolling Of The Statute Of Limitations On *Any* Evidentiary Basis</u>

Under the above-cited authorities, the letter to which Defendant Insurer refers in its opposition papers which was purportedly written by Plaintiff's doctor and contained in Defendant Insurer's internal files is not properly before the Court. Similarly, the purported entries in Defendant Insurer's internal files regarding alleged statements made by Plaintiff about obtaining an attorney and/or contacts claimed to have been made by Plaintiff's attorneys are also inadmissible and not properly before the Court.

b. Defendant Insurer Has Failed To Establish That The General Tolling Statute, California Code Of Civil Procedure Section 352, Does Not Apply To Actions For Mandamus Against The Commissioner Of The California Department Of Insurance

CCP Section 352(a) provides as follows:

**a) If a person entitled to bring an action**, mentioned in Chapter 3 (commencing with Section 335) is, at the time the cause of action accrued either under the age of majority or insane, the time of the disability is not part of the time limited for the commencement of the action.

Under California Code of Civil Procedure Section 352, "insanity" exists where a plaintiff is "incapable of caring for his [or her] property or transacting business or understanding the nature or effects of his [or her] acts." *Alcott Rehab. Hosp. v. Superior Court*, (2001) 93 Cal. App. 4th 94,101, *Feeley v. S. Pac. Transp. Co.*, (1991) 234 Cal. App. 3d 949, 956.

CCP Section 352(b), by its terms, excludes from the tolling provision actions brought against public entities under the California Tort Claims Act for which a claim is required prior to bringing suit; an action for mandamus, as set forth in great detail in Plaintiff's Motion To Remand, however, arises under the Insurance Code and not under the California Tort Claims Act. Accordingly, there is no basis whatsoever for Defendant Insurer to assert that the tolling provisions of CCP Section 352 do not apply to Plaintiff's cause of actions against the Commissioner.

Defendant Insurer's argument that CCP Section 352 can only toll Plaintiff's causes of action against it and not any co-defendants is made without the support of any case or statutory authorities; Defendant Insurer has cited none and Plaintiff can find none.

c. As Plaintiff Has Expressly Alleged The Onset Of His Mental Incapacity Prior To The Accrual Of His Causes Of Action, Defendant Insurer Cannot Establish That Any Of Plaintiff's Causes Of Action Are Time Barred

Under CCP 257, the disability which tolls the statute of limitations must exist at the time the cause of action accrues. As demonstrated by a review of Plaintiff's Complaint, contrary to

6

1    Defendant Insurer's erroneous assertions in its opposition papers, Plaintiff has expressly alleged that

2    the onset of his disability occurred before his causes of action accrued.

3        Plaintiff's Complaint alleges that on **March 18, 2003**, Defendant Insurer informed Plaintiff

4

5    that he would not receive disability benefits as long as he was receiving benefits under a separate

6    mortgage disability policy. (Complaint, paragraph 16.)  Plaintiff further alleges that as of **March**

7    **15, 2003 -- three days earlier**, he was suffering from a mental incapacity. (Complaint, paragraph

8    13.)  The Complaint further alleges that the failure to pay such benefits until August 26, 2005

9
10   constituted a breach of contract. (Complaint, paragraph 18.)  Accordingly, contrary to Defendant

11   Insurer's assertion, Plaintiff has actually alleged that he was suffering from the mental incapacity

12   **three days prior to** the breach of contract -- when the cause of action arose.

13       As the Complaint expressly alleges that Plaintiff was suffering from the mental incapacity

14   three days prior to the accrual of his causes of action, Defendant Insurer's assertion that Plaintiff has

15   failed to allege that he was incapacitated when his causes of action accrued is patently without

16   merit.

17
18          d.   Even Assuming, *Arguendo*, That Plaintiff Did Retain An Attorney During The
                 Adjustment Process, The Case Law Does Not Provide That the Tolling Of The
19               Statute Of Limitations Ends Where The Plaintiff Remains Mentally
                 Incapacitated
20

21       Solely to address the legal issue raised by Defendant Insurer and not to concede that any of

22   the "evidence" offered by Defendant Insurer is properly before the Court, Plaintiff briefly addresses
23
24   whether Defendant Insurer has presented "settled" California case law to support its argument that

25   CCP Section 352 is not tolled once Plaintiff retains an attorney.

26       *Associated Truck Parts v. Superior Court*, (1991) 228 Cal. App. 3d 864, cited by Defendant

27   Insurer for the proposition that CCP 352 is not tolled if and when Plaintiff retains an attorney, is not

28

---

7

applicable here; the case, more correctly, pertained to whether an insurer had an obligation under the Insurance Code to notify the insured of pertinent time limits where the insured had retained counsel and not whether a cause of action was tolled by reason of mental incapacity. Similarly, *Pugh v. State Farm Ins. Cos.*, 227 Cal. App. 3d 816, cited by Defendant Insurer for the same proposition, involved the issue of whether an insurer had the same obligation to give notice of the statute of limitations once the insured had retained an attorney; that case did not involve any issue of a plaintiff mentally incapacitated and if and when an attorney's involvement ended the tolling of the statute of limitations.

As the legal standard for denying a motion to remand is that there must be a showing that it is "obvious" that a plaintiff has no cause of action against a resident defendant under "settled" law of the state, *Morris v. Princess Cruises, Inc.*, supra at 1067, *and Defendant Insurer has not cited not one California state cases on point on the issue of whether an attorney's involvement ends the tolling of the statute of limitations,* Defendant Insurer has clearly failed to meet its burden. Accordingly, under the rules governing the adjudication of a motion to remand, in the absence of "settled law" on this issue, Defendant's purported proof and legal argument based thereon cannot properly defeat Plaintiff's motion to remand.

        e. <u>Even Assuming, *Arguendo*, That Plaintiff Did Retain An Attorney During The Adjustment Process And Thereby Ended The Tolling Period, Plaintiff's Cause Of Action For Breach Of Contract Would Still Be Tolled A Sufficient Period To Render The Cause Of Action Timely</u>

Even assuming, hypothetically, that evidence is properly before the Court that Plaintiff retained an attorney in January, 2004, Plaintiff's cause of action for breach of contract would still be timely.

As explained below in greater detail, assuming that Plaintiff retained an attorney 8 months after the cause of action accrued, Plaintiff would then have <u>4 years and 8 months</u> within which to

8

1    file the action.  As Plaintiff filed his action 4 years and 33 days following the accrual of the cause of

2    action, the breach of contract cause of action is clearly still timely.

3         The pertinent events and dates, more particularly, are as follows:

4    a.    Plaintiff's mental incapacity, as stated, is alleged in his Complaint to have

5          commenced on March 15, 2003 and persisted continuously thereafter.

6    

7    b.    The breach of contract is alleged to have occurred on March 18, 2003 -- 3 days after

8          Plaintiff became mentally incapacitated.

9    c.    The Complaint was filed on April 20, 2007, <u>4 years and 33 days</u> after the cause of

10         action for breach of contract accrued on March 18, 2003.

11   

12   d.    Assume, hypothetically, that Plaintiff retained an attorney in January, 2004 -- 8

13         months after the cause of action is alleged to have accrued and thereby ended the

14         tolling period at <u>8 months,</u>

15        If the statute of limitations were tolled for *33 days* prior to the filing of the Complaint,

16   Plaintiff's cause of action for breach of contract was filed timely.  Here, however, even assuming

17   Plaintiff retained an attorney in January, 2004, *the statute of limitations would still have been tolled*

18   

19   *for more than 8 full months*.  As a result, under California law, Plaintiff would be entitled to <u>4 years</u>

20   <u>and 8 months</u> within which to file an action against Defendant Insurer for breach of contract.

21   Accordingly, as Plaintiff filed the Complaint 4 years and 33 days after the accrual of the cause of

22   action for breach of contract, the action is clearly timely.

23   

24        f.    <u>All of Plaintiff's Causes Of Action Are Timely As Each Non-Payment By</u>
25              <u>Defendant Insurer Of Monthly Disability Benefits Gives Rise To A Separate</u>
26              <u>Cause Of Action And Triggers A New Statute Of Limitations</u>

26        In *Erreca v. Western States Life Ins. Co.,* (1942) 19 Cal. 2d 388, wherein the California

27   Supreme Court articulated the definition of "total disability," the Court upheld the trial court's

28   

9

1   verdict finding the plaintiff to be totally disabled but ruled that the insurer still had the right to

2   require him to submit to periodic medical examinations to confirm the continuation of his disability.

3   In rejecting the plaintiff's argument that the insurer's denial of liability deprived it of the right to

4   compel him to undergo a medical examination, the Court stated:

5

6       A contrary conclusion is compelled by the very nature of disability insurance. Such
        a policy constitutes a continuing contract for periodic installment payments
7       depending upon the insured's continued disability, *and he has no cause of action, nor
        the insurer any liability, except for benefits which have accrued.* Because the
8       insurer's liability for future benefits is contingent upon the existence of total
        disability at that time, its refusal, for any reason, to pay benefits does not entitle the
9       insured to treat the entire contract as repudiated and ask for future benefits upon a
10      theory of anticipatory breach. (Emphasis Added.) Id. at 401-402.

11      In the instant case, accordingly, each failure by Defendant Insurer to pay monthly benefits to

12  Plaintiff as required by his policy as governed by California law gives rise to a separate cause of

13  action and thereby triggers a new statute of limitations as to all defendants.

14

15      As alleged in the Complaint, Defendant Insurer denied monthly disability benefits to

16  Plaintiff beginning on or about March 18, 2003 and did not pay benefits until August 25, 2005. As

17  stated, Plaintiff filed his Complaint on April 20, 2007.  Even were the Court to determine that

18  Plaintiff filed his Complaint more than four years after Defendant Insurer's denied the first two

19  months of benefits, under *Erreca*, each denial of a monthly benefit thereafter gives rise to a new

20  cause of action.  Accordingly, assuming hypothetically that the statute of limitations were not tolled

21  by Plaintiff's incapacity, the statute of limitations would nevertheless still <u>not</u> have run as to all

22  months for which benefits were denied.  Accordingly, as Plaintiff filed this action within two years

23  of Defendant Insurer's  continued denial of benefits, all of Plaintiff's causes of action -- even as to

24  the Commissioner -- are still viable.

25

26  **B.    Defendant Insurer's Argument That Plaintiff's Causes Of Action Against
            The Commissioner Are Time Barred Is Erroneous**

27

28

1. **California Code Of Civil Procedure Section 1094.6, Which Defendant Insurer Contends Renders Plaintiff's Causes Of Action Time Barred, Applies Only To "Local Agencies" --  And, Therefore, Not To The Commissioner**

In its opposition papers, Defendant Insurer claims that Plaintiff has failed to show that CCP Section 1094.6 is inapplicable and actually claims that the California Department of Insurance is a "local agency" -- and, thereby falls within the reach of this statute.  A reading of CCP Section 1094.6, however, quickly reveals that it only applies to a "local agency" -- which the California Department of Insurance is clearly not.

As CCP Section 1094.6(a) provides:

> (a)    Judicial review of any decision of a **local agency**, other than school district, as the term local agency is defined **in Section 54951 of the Government Code**, or of any commission, board, officer or agent thereof, may be had pursuant to Section 1094.5 of this code only if the petition for writ of mandate pursuant to such section is filed within the time limits specified in this section. (Emphasis Added.)

CCP Section 1094.6(a), therefore, expressly refers to Government Code Section § 54951 as providing the definition of "local agency."  Under  § 54951, a local agency is defined as follows:

> **§ 54951.  "Local agency"**
>
> As used in this chapter, "local agency" means a county, city, whether general law or chartered, city and county, town, school district, municipal corporation, district, political subdivision, **or any board, commission or agency thereof**, or other local public agency.

Under CCP Section § 54951, as shown above, a "local agency" is "a county, city, whether general law or chartered, city and county, town, school district, municipal corporation, district, political subdivision" and only "**any board, commission or agency thereof.**"  A local agency is clearly <u>not</u> the State of California or any of its agencies.  Accordingly, this entire Code section and any time limits imposed thereunder are irrelevant to this case.

In its opposition papers, Defendant Insurer further contends that *Brazina v. Paul Revere Life Ins. Co, et al,* 271 F.Supp.2d 1163 (N.D. Cal. 2003), supports its argument that CCP Section 1094.6 applies to this case.  However, a reading of the facts of that case quickly proves the opposite.

11

1    In *Brazina v. Paul Revere Life Ins. Co., supra*, the plaintiff became insured under the

2    disability policy at issue in 1988. The plaintiff's claim for benefits did not arise until after 1997

3    when he was injured -- and he did not file his complaint against his disability insurer until 2002. In

4    granting the plaintiff's motion for remand, the *Brazina* Court did refer to CCP Section 1094.6;

5    however, if CCP Section 1094.6 actually imposed a 90 day time limit for an action for mandamus,

6    the *Brazina* Court could never have granted remand a full 14 years after the plaintiff became insured

7    under the policy and more than 14 years after the Commissioner approved the pertinent policy

8    language. Accordingly, if *Brazina* stands for anything in connection with CCP Section 1094.6, it is

9    that this code section does <u>not</u> require actions for mandamus to be brought within 90 days from the

10    date of the Commissioner's approval of the pertinent policy language.

### 2.    California Code Of Civil Procedure Section 338 Does Not Render Plaintiff's Causes of Action Against The Commissioner Time Barred

13    As Plaintiff recognizes that this Court denied remand in *Borsuk v. Massachusetts Mutual*

14    *Insurance Company*, 2003 U.S. Dist. Lexis 25259, *25 (N.D. Cal. 2003), on the ground that the

15    statute of limitations ran under CCP Section 338, Plaintiff respectfully wishes to invite the Court's

16    attention to two District Court opinions which held that these same causes of action were not time

17    barred under CCP Section 338. Plaintiff also wishes to stress that it has made arguments in its

18    original moving papers which apparently were not made to this Court in *Borsuk v. Massachusetts*

19    *Mutual Insurance Company, supra.*

### 3.    Courts In The Northern District Have Held That  The Three Year Statute Of Limitation Provided By Code Of Civil Procedure Section 338 Does Not Render Identical Causes Of Action Against The Commissioner Time Barred

23    In *Sullivan v. Unum Life Ins. Co. of Amer.*, 2004 U.S. Dist. LEXIS 7010, (N.D. Cal. 2004), the

24    Honorable Martin Jenkins heard and rejected essentially the same argument advanced by Defendant

25    Insurer herein that California Code of Civil Procedure Section 338(a) renders Plaintiff's causes of

26    action against the Commissioner time-barred.  After holding that a cause of action for a writ of

27    mandamus is viable against the Commissioner, Judge Jenkins expressly held that an action for

28

12

Case No. C 072829 VRW (E-FILING)
PLAINTIFF ALAN SUKIN'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO REMAND BACK TO
STATE COURT AND REQUEST FOR COSTS AND FEES (28 U.S.C. § 1447(c))

1    mandamus against the Commissioner would accrue <u>when the insurer denied the insured's claim</u> by

2    reason of the language approved by the Commissioner. As Judge Jenkins stated:

3         **It seems unfair to hold categorically that Plaintiff had notice of the way defendants**
          **would administer the policy before Unum denied him benefits.** This denial occurred
4         on or about August 2002. Complaint at P31. Therefore, **Unum have not shown that**
          **Plaintiff's claims against the Commissioner and the DOI are clearly time-barred**
5         **for the purposes of establishing removal jurisdiction.** *Id.* at page 11. (Emphasis
          Added.)
6

7         In *Maiolino v. Unumprovident Corp.*, 2004 U.S. DIST. LEXIS 7556, wherein the Northern

8    District Court also considered whether CCP Section 338 barred Plaintiff's cause of action, the Court

9    acknowledged *Borsuk v. Massachusetts Mutual Insurance Company*, *supra*, but nevertheless held

10   that it was unconvinced  that CCP Section 338 barred Plaintiff's causes of action.  As the Court

11   stated:

12        None of the authority cited by the parties, nor any authority that the Court has been
13        able to locate, establishes the event which would trigger the statute of limitations
          with respect to seeking mandamus relief against the Commissioner. Plaintiff
14        contends that the date of the denial of benefits should trigger the statute, while
          UnumProvident  would have the Court use the date of the Commissioner's approval
15        of the policy or the date when plaintiff purchased the policy. Arguments can be
          made for either approach, and the California courts do not appear to have decided
16        the question.

17
          Plaintiff's claim against the Commissioner appears tenuous, **2** but the dearth of
18        California authority on the topic, combined with the general presumption against
19        removal jurisdiction, bars this Court from presiding over plaintiff's case.
          **Consequently, the Court finds that plaintiff's lawsuit is not barred by well-**
20        **settled rules of existing state law** and hereby GRANTS plaintiff's motion to
          remand. *Maiolino v. Unumprovident Corp.*, *supra* at pages 15-16.
21

22        Any rule that requires an insured to sue the Commissioner to seek revocation of any and all

23   improper provisions in his insurance policy when he has yet to suffer a denial of benefits or suffer

24   <u>any</u> other harm by reason of the Commissioner's approval disregards the well settled rules that: (1)

25   a party must have been damaged in order to have standing to sue and (2) courts are only empowered

26   to hear *actual cases and controversies*.   (Please see Plaintiff's original moving papers.)

27        As shown above, Plaintiff respectfully submits that well reasoned authority exists within the

28

---
13

1  Northern District holding that CCP Section 338 does not render Plaintiff's causes of action time

2  barred.

3  **4.  Defendant Insurer Fails To Establish Its Citizenship With Admissible**
   **Evidence; Accordingly, Remand Is Proper On This Basis Alone**

4

5  As set forth in Plaintiff's Objections To "Evidence" Offered By Defendant Insurer,

6  Plaintiff objects to all such "evidence," including the purported evidence offered by Defense

7  Counsel to establish the citizenship of Defendant Insurer.

8

9  As set forth in Plaintiff's Objections, "evidence" submitted by Defense Counsel based on

10  "information and belief" and evidence alleged to have been revealed from an "online" search is not

11  admissible under Federal Rule Of Civil Procedure 56(e). Moreover, a document attached as part of

12  Exhibit 6 to the Declaration of Robert R. Pohls, Esq., regarding the corporate citizenship of

13  Defendant Insurer states on its face that it is <u>not</u> a "certified" document of the corporation.

14  Accordingly, it is *per se* inadmissible.

15

16  As stated above, in those instances where a district court accept evidence in opposition to a

17  motion to remand, such evidence <u>must</u> be "summary judgment-type evidence" *Morris v. Princess*

18  *Cruises, Inc.*, supra at 1067.  In this case, <u>all</u> of the purported evidence concerning Defendant

19  Insurer's citizenship fails to meet the requirements for admissibility under Federal Rule of Civil

20  Procedure 56(e). More particularly, none of these documents are authenticated and, further, without

21  the proper evidentiary foundation remain inadmissible hearsay.

22

23  As Defendant Insurer's citizenship has not been established with competent and admissible

24  evidence, Defendant Insurer has failed to demonstrate diversity of citizenship.  Remand,

25  accordingly, is proper on this basis alone.

26

27  **III. CONCLUSION**

28  Based on the foregoing, Plaintiff respectfully requests the Court grant his motion to remand.

14

---

**Case No. C 072829 VRW (E-FILING)**
PLAINTIFF ALAN SUKIN'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO REMAND BACK TO
STATE COURT AND REQUEST FOR COSTS AND FEES (28 U.S.C. § 1447(c))

1    Dated:  August 30, 2007                          **BOURHIS & MANN**

2

3                                              By: _____

4                                                  Ray Bourhis, Esq.
                                                   Lawrence Mann, Esq.
5                                              Attorneys for Plaintiff Alan Sukin

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Case No. C 072829 VRW (E-FILING)**
PLAINTIFF ALAN SUKIN'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO REMAND BACK TO
STATE COURT AND REQUEST FOR COSTS AND FEES (28 U.S.C. § 1447(c))

## PROOF OF SERVICE

### *Alan Sukin v. State Farm Mutual Automobile Insurance Company, et al.*

### *U.S. District Court, Northern District of California, Case No. C07-2829 VRW*

I am a resident of the State of California, over the age of eighteen years and not a party to this action. My business address is 1050 Battery Street, San Francisco, California 94111. On August 30, 2007, I will serve the following documents:

**PLAINTIFF ALAN SUKIN'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR REMAND BACK TO STATE COURT AND REQUEST FOR COSTS AND FEES (28 U.S.C. § 1447(c))**

in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid. I am employed in the county where the mailing described below occurred, and am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I placed a true copy of the specified document(s) in a sealed envelope(s) with postage thereon fully prepaid. The envelope(s) will be deposited with the United States Postal Service on this day in the ordinary course of business in San Francisco, California.

| | |
|---|---|
| **FOR DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY:**<br>Robert R. Pohls, Esq., SBN 131021<br>POHLS & ASSOCIATES<br>12657 Alcosta Blvd., Ste. 150<br>San Ramon, CA 94583<br>Trel: (9825) 973-0300<br>Ffax: (925) 973-0330<br>rpohls@califehealth.com | **COMMISSIONER FOR THE CALIFORNIA DEPARTMENT OF INSURANCE**<br>Julian Standen, Esq.<br>Deputy Attorney General<br>455 Golden Gate Avenue,, Ste. 1100<br>San Francisco, CA 94102<br>phone: (415) 703-5535<br>email: julian.standen@doj.ca.gov |

**(X) (FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at San Francisco, California, on August 30, 2007.

*Camille Perrine*
Camille Perrine

Case No. C 072829 VRW (E-FILING)
PLAINTIFF ALAN SUKIN'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO REMAND BACK TO STATE COURT AND REQUEST FOR COSTS AND FEES (28 U.S.C. § 1447(c))