Ray Bourhis, Esq. SBN 53196
Lawrence Mann, Esq. SBN 83698
**BOURHIS & MANN**
1050 Battery Street
San Francisco, CA 94111
Tel: (415) 392-4660; Fax: (415) 421-0259

Attorneys for Plaintiff ALAN SUKIN

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN SUKIN,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM INSURANCE, THE COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE; and DOES 1 through 20, inclusive<br><br>  Defendants. | Case No.: C 072829 VRW **(E-FILING)**<br><br>PLAINTIFF ALAN SUKIN'S OBJECTIONS TO "EVIDENCE" OFFERED BY DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM INSURANCE COMPANIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND<br><br>[Filed concurrently with Plaintiff's Reply Brief To Defendant's Opposition To Plaintiff's Motion To Remand]<br><br>DATE:  Thursday, September 13, 2007<br>TIME:  2:00 P.M.<br>DEPT:  Courtroom 6, 17TH Floor<br><br>TRIAL DATE: Not Yet Set |

Plaintiff hereby objects to the following "evidence" offered by Defendants State Farm Mutual Automobile Insurance Company and State Farm Insurance Company (hereafter "Defendant Insurer") in opposition to Plaintiff's Motion To Remand for the reasons thereafter stated:

1) **All exhibits attached to the Declaration of Robert R. Pohls, Esq. in support of Defendant Insurer's opposition papers.**

Under Federal Rule of Civil Procedure 56(e) and the above-cited case law, <u>all</u> of the aforesaid exhibits and any and all documents contained therein attached to the Declaration of Robert R. Pohls are <u>not</u> properly considered by a district court in ruling on a motion to remand.

First, the documents which purport to comprise Defendant Insurer's own internal files are being offered to dispute "facts" which Plaintiff alleges in his Complaint; as such, this evidence only creates "disputed facts" which, under the above-cited authorities, must be resolved in Plaintiff's favor in ruling on a motion to remand. *Dodson v. Spilada Maritime Corp.* 951 F.2d 42, 43 (5th Cir. 1992)

Second, none of the evidence attached as Exhibits is admissible as it was not attached to Plaintiff's Complaint and Defendant Insurer has failed to establish that any of these documents were part of the state court file. See *Miller v. Grgurich,* 763 F.2d 372, 373 (9th Cir. 1985) (disapproved on other grounds), and *National Audubon Soc. v. Department of Water & Power*, 496 F. Supp. 499 (E.D. Cal. 1980), citing *Powers v. Chesapeake and Ohio RR* (1898) 169 U.S. 92, 101, 18 S. Ct. 264, 267, 42 L. Ed. 673. Even were the Court to permit the admission of "summary judgment-type evidence," in accordance with *Morris v. Princess Cruises, Inc.* 236 F.3d 1061, 1067-1068, all such evidence fails to meet the stringent standard for admissibility set forth in Federal Rule of Civil Procedure Rule 56(e) above.

Third, the aforesaid "evidence" offered by Defendant Insurer is classic hearsay and there is

1

no showing that Mr. Pohls is qualified by reason of personal knowledge or anything else to lay a proper foundation for any of the exceptions to the hearsay rule which might apply. Such documentary evidence, moreover, is *not authenticated* with anyone who has been established to have personal knowledge of said documents. Furthermore, documents such as the purported letter from Plaintiff's physician contain *double-hearsay*; this document, like others in these internal files of Defendant Insurer, according to Defendant Insurer were prepared by third parties and then transmitted to Defendant Insurer who thereafter made them part of its own internal files. This purported evidence does not satisfy any of the criteria for admissibility for a summary judgment motion under Rule 56(e) and, accordingly, is not properly before the Court.

Fourth, the documents cited by Defendant Insurer contain opinion evidence for which, additionally, there is no foundation.

**2.     The "evidence" set forth in the Declaration of Robert R. Pohls, Esq. and Mr. Pohls' statements in his Declaration, paragraph 7, relative to the citizenship of Defendant Insurer.**

As stated above, in those instances where a district court chooses to accept evidence in opposition to a motion to remand, such evidence must be "summary judgment-type evidence" *Morris v. Princess Cruises, Inc.*, supra at 1067. In this case, all of the purported evidence concerning Defendant Insurer's citizenship fails to meet the requirements for admissibility under Federal Rule of Civil Procedure 56(e).

Plaintiff, more particularly, objects to the presentation of all such evidence "on information and belief" – and as an attorney's summary of what an "online search" has revealed to Mr. Pohls. No such evidence is admissible in this form under either Federal Rule Of Civil Procedure 56(e) or the Federal Rules Of Evidence.

1  Plaintiff further objects to any and all such "evidence" as lacking foundation as there is no showing Mr. Pohls has personal knowledge of these alleged facts and is therefore competent to testify as to such alleged facts; Mr. Pohls' Declaration as to Defendant Insurer's citizenship, additionally, is hearsay as it only repeats alleged out of court statements Mr. Pohls says that he found on the Internet.

The documents concerning the corporate status of Defendant Insurer which are attached by Mr. Pohls, by their own express terms, are <u>not</u> certified copies of official company documents; accordingly, such documents are also inadmissible on that basis alone.

Dated: August 30, 2007

BOURHIS & MANN

By: _____
Ray Bourhis, Esq.
Lawrence Mann, Esq.
Attorneys for Plaintiff Alan Sukin

## PROOF OF SERVICE
*Alan Sukin v. State Farm Mutual Automobile Insurance Company, et al.*
*U.S. District Court, Northern District of California, Case No. C07-2829 VRW*

I am a resident of the State of California, over the age of eighteen years and not a party to this action. My business address is 1050 Battery Street, San Francisco, California 94111. On August 30, 2007, I will serve the following documents:

**PLAINTIFF ALAN SUKIN'S OBJECTIONS TO "EVIDENCE" OFFERED BY DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM INSURANCE COMPANIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid. I am employed in the county where the mailing described below occurred, and am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I placed a true copy of the specified document(s) in a sealed envelope(s) with postage thereon fully prepaid. The envelope(s) will be deposited with the United States Postal Service on this day in the ordinary course of business in San Francisco, California.

| **FOR DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY:** | **COMMISSIONER FOR THE CALIFORNIA DEPARTMENT OF INSURANCE** |
|---|---|
| Robert R. Pohls, Esq., SBN 131021<br>POHLS & ASSOCIATES<br>12657 Alcosta Blvd., Ste. 150<br>San Ramon, CA 94583<br>Trel: (9825) 973-0300<br>Ffax: (925) 973-0330<br>rpohls@califehealth.com | Julian Standen, Esq.<br>Deputy Attorney General<br>455 Golden Gate Avenue,, Ste. 1100<br>San Francisco, CA 94102<br>phone: (415) 703-5535<br>email: julian.standen@doj.ca.gov |

(X) (**FEDERAL**) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at San Francisco, California, on August 30, 2007.

*/s/ Camille Perrine*
Camille Perrine

---
4
Case No. C 072829 VRW (E-FILING)
PLAINTIFF ALAN SUKIN'S OBJECTIONS TO "EVIDENCE" OFFERED BY DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM INSURANCE COMPANIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND